SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
SHAWN A. MANGANO, LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
(702) 683-4788 – telephone
(702) 922-3851 – facsimile

J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
*Assistant General Counsel at Righthaven LLC*
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900

*Attorneys for Plaintiff Righthaven LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS A. DIBIASE, an individual,<br><br>Defendant. | Case No.: 2:10-cv-01343-RLH-PAL<br><br>**COUNTER-DEFENDANT RIGHTHAVEN LLC'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, STRIKE COUNTERCLAIM PURSUANT TO FED. R. CIV. P. 12(b)(6) AND FED. R. CIV. P. 12(f)** |
| AND RELATED COUNTERCLAIM | |

    Counter-defendant Righthaven LLC ("Righthaven") hereby moves to dismiss that portion of Thomas A. DiBiase's ("DiBiase") responsive pleading which is entitled a counterclaim (the "Counterclaim") (Doc. # 19 at 5-9) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)").  Alternatively, Righthaven moves to strike the Counterclaim pursuant to Rule 12(f) of the Federal Rules of Civil Procedure ("Rule 12(f)").

1

Righthaven's submission is based on the below Memorandum of Points and Authorities, the pleadings and papers on file in this action, any oral argument allowed by this Court, and on any other matter of which this Court takes notice.

Dated this 1st day of December, 2010.

SHAWN A. MANGANO, LTD.

By: /s/ Shawn A. Mangano
SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada  89129-7701
Tel: (702) 683-4788
Fax: (702) 922-3851

J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
*Assistant General Counsel at Righthaven LLC*
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900

*Attorneys for Plaintiff Righthaven LLC*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

Righthaven asks the Court to dismiss, pursuant to Rule 12(b)(6), or strike, pursuant to Rule 12(f), DiBiase's Counterclaim (Doc. # 19 at 5-9), which seeks a declaratory relief finding of non-infringement. (*Id.* at 8.) Righthaven has moved for this relief because the Counterclaim alleges no new material facts and introduces no new claims for relief from those already before the Court in the parties' pleadings.

As the Court is aware, Righthaven has filed a copyright infringement claim against DiBiase. (Doc. # 1.) If Righthaven fails to prevail on its copyright infringement claim, DiBiase will obtain a judgment of non-infringement in his favor. DiBiase has denied Righthaven's claim in his answer. (Doc. # 19.) In fact, DiBiase specifically denied that he had committed copyright infringement in answering the Complaint. (Doc. # 19 at 2 ¶ 10, "Mr. DiBiase denies that he has

2

committed copyright infringement.") DiBiase has also asserted twelve affirmative defenses in response to Righthaven's copyright infringement allegations. (Doc. # 19 at 4-5.) Based on these facts, and in view of the authorities cited herein, DiBiase's Counterclaim, which is predicated on the Declaratory Judgment Act (*Id.* at 5), is a superfluous and unnecessary filing that should be dismissed or stricken. Righthaven respectfully requests the Court to take such action pursuant to Rule 12(b)(6) or Rule 12(f).

## II.     FACTS

Righthaven filed this copyright infringement action on August 9, 2010. (Doc. # 1.) Righthaven asserts that it is the owner of the copyrighted literary work entitled: "Man who killed wife sought ultimate sentence" (the "Work"). (Doc. # 1-1 at 3-5; Compl. Ex. 2.) The Work was granted registration by the United States Copyright Office on July 27, 2010. (Doc. # 1-1 at 12-13; Compl. Ex. 4.)

Righthaven contends that DiBiase is the owner of the Internet domain, and maintains control of the content posted at same, found at <nobodycases.com> (the "Website"). (Doc. # 1 at 2; Compl. at 2.) Righthaven further asserts that on or about June 11, 2010, DiBiase displayed an unauthorized 100% reproduction of the Work on the Website. (Doc. # 1 at 2, Doc. 1-1 at 6-8; Compl. at 2, Ex. 3.) Based on the alleged infringement of the Work, Righthaven seeks, among other things, entry of a permanent injunction and an award of statutory damages against DiBiase. (*Id.* at 5-6.) Righthaven has demanded a jury trial in this case. (*Id.* at 6.)

On October 29, 2010, DiBiase answered the Complaint. (Doc. # 19.) DiBiase's answer specifically denied that he had committed copyright infringement. (*Id.* at 2 ¶ 10, "Mr. DiBiase denies that he has committed copyright infringement."). DiBiase's answer also asserted numerous affirmative defenses, including failure to state a claim upon which relief can be granted and innocent intent. (*Id.* at 4-5.)

DiBiase's responsive pleading additionally asserted the Counterclaim, which Righthaven asks the Court to dismiss or strike. (*Id.* at 5-9.) The relief sought in the Counterclaim is exclusively in the form of a declaratory judgment of non-infringement of the Work asserted in

3

Righthaven's Complaint. (Doc. # 19 at 5-6, 8-9.) No other copyright protected works are at-issue in the Counterclaim. (*Id.* at 5-9.) DiBiase substantively predicates this relief on the Declaratory Judgment Act. (*Id.* at 5.) As argued below, the Court should dismiss or strike the Counterclaim because it is unnecessary and duplicative of the issues already presented in the Complaint, DiBiase's answer and the affirmative defenses asserted.

### III.   APPLICABLE STANDARDS

*A.   Federal Rule of Civil Procedure 12(b)(6) Standards.*

Rule 12(b)(6) authorizes a party to bring a motion to dismiss on the basis that asserted allegations fail to state a claim upon which relief can be granted. FED.R.CIV.P. 12(b)(6). Federal pleadings merely require a short and plain statement of the claim and the factual grounds upon which it rests so as to provide the defending party with fair notice of the allegations made against it. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007); *Conley v. Gibson,* 355 U.S. 41, 47 (1957). In deciding a Rule 12(b)(6) motion, the court must accept all material allegations in the complaint – as well as any reasonable inferences to be drawn from them – as true. *Doe v. United States,* 419 F.3d 1058, 1062 (9th Cir. 2005); *Ecology v. United States Dep't of Air Force,* 411 F.3d 1092, 1096 (9th Cir. 2005). A declaratory relief counterclaim which merely mirrors the allegations already placed at-issue by the pleading may be dismissed pursuant to Rule 12(b)(6). *See Englewood Lending Inc. v. G&G Coachella Invs., LLC,* 651 F.Supp.2d 1141, 1144 (C.D. Cal. 2009). Righthaven asserts the Court should dismiss the Counterclaim pursuant to Rule 12(b)(6) as argued below.

*B.   Federal Rule of Civil Procedure 12(f) Standards.*

A party may move to strike a redundant pleading pursuant to Rule 12(f). FED.R.CIV.P. 12(f). For purposes of deciding a Rule 12(f) motion, "redundant" has been defined as including allegations or claims that are needlessly repetitive. *See Gilbert v. Eli Lilly Co., Inc.,* 56 F.R.D. 116, 120 n.4 (D. P.R. 1972). As with a motion to dismiss under Rule 12(b)(6), the court must view the pleading under attack in the light most favorable to the pleader when deciding a motion

to strike under Rule 12(f).  Discretion to strike the challenged pleading lies entirely within the court's sound discretion and the moving party need not demonstrate prejudice to be afforded the relief requested under Rule 12(f).  *See Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1528 (9th Cir. 1993) (*rev'd on other grounds in Fogerty v. Fantasy, Inc,* 510 U.S. 517, 534-35 (1994)); *California v. United States,* 512 F.Supp. 36, 38 (N.D. Cal. 1981).  A declaratory relief counterclaim which simply replicates the issues already defined by the pleadings may be stricken under Rule 12(f).  *See, e.g., Tenneco Inc. v. Saxony Bar & Tube, Inc.,* 776 F.2d 1375, 1379 (7th Cir. 1985).  Righthaven asserts the Court should dismiss the Counterclaim pursuant to Rule 12(f) as argued below as an alternative to its request for dismissal under Rule 12(b)(6).

### IV.    ARGUMENT

#### A. *The Court is Empowered to Dismiss or Strike a Declaratory Relief Counterclaim Which Merely Mirrors the Allegations of the Pleadings Before It.*

Federal procedural law governs DiBiase's Counterclaim as it seeks declaratory relief.  *See Golden Eagle Ins. Co. v. Travelers Companies,* 103 F.3d 750, 753 (9th Cir. 1996); *Englewood Lending Inc.,* 651 F.Supp.2d at 1144; *DeFeo v. Procter & Gamble Co.,* 831 F.Supp. 776, 779 (N.D. Cal. 1993)("The propriety of granting declaratory relief in federal court is a procedural matter.").  Adjudication of rights under the Declaratory Judgment Act is completely discretionary.  *See* 28 U.S.C. § 2201 ("any court of the United States . . . may declare the rights . . . of any interested party whether or not further relief is or could be sought"); *Chesebrough-Pond's, Inc. v. Faberge, Inc.,* 666 F.2d 393, 396 (9th Cir. 1982)("Declaratory relief is available at the discretion of the district court."); *Solenoid Devices, Inc. v. Ledex, Inc.,* 375 F.2d 444, 445 (10th Cir. 1967)("In the federal declaratory judgment cases, the word "may" [in 28 U.S.C.§ 2201] has never been held to uniformly mean 'shall.'"); *Englewood Lending Inc.,* 651 F.Supp.2d at 1145.

The Court "has discretion to dismiss . . ." pursuant to Rule 12(b)(6) a declaratory relief counterclaim which mirrors the complaint or which raises the same factual and legal issues as those placed at-issue through asserted affirmative defenses or denials of allegations.  *See*

*Englewood Lending Inc.,* 651 F.Supp.2d at 1145.  Alternatively, courts have repeatedly stricken counterclaims pursuant to Rule 12(f) which raise the same facts and legal issues as those asserted via affirmative defenses, or which constitute a mirror image of the original complaint. *See, e.g., Tenneco Inc.,* 776 F.2d at 1379; *Lincoln National Corp. v. Steadfast Insurance Co.,* 2006 WL 1660591 (N.D. Ind. June 9, 2006) ("Indeed, repetitious and unnecessary pleadings, such as a counterclaim that merely restates an affirmative defense, or which seeks the opposite effect of the complaint, should be stricken regardless of whether prejudice has been shown."); *Ortho-Tain, Inc. v. Rocky Mountain Orthodontics, Inc.,* 2006 WL 3782916 (N.D. Ill. Dec. 20, 2006); *see also Stickrath v. Globalstar, Inc.,* 2008 WL 2050990, at *3 (N.D. Cal. May 13, 2008).  As Judge Easterbrook explained in *Tenneco Inc.*:

> The label "counterclaim" has no magic.  What is really an answer or defense to a suit does not become an independent piece of litigation because of its label.  Fed.R.Civ.P. 8(c); *Hartford v. Romeo,* 407 F.2d 1302, 1303 (3d Cir. 1969); *Office & Professional Employees Union v. Allied Industrial Workers Union,* 397 F.Supp. 688, 691 (E.D. Wisc. 1975), *aff'd*, 535 F.2d 1257 (7th Cir. 1976); *Old Colony Insurance Co. v. Lampert,* 129 F.Supp. 545 (D.N.J.), *aff'd*, 227 F.2d 520 (3d Cir. 1955). . . . When the original complaint puts in play all of the factual and legal theories, it makes no difference whether another party calls its pleadings counterclaims, affirmative defenses, or anything else.  The original complaint brought the dispute into court, and the parties to that complaint are parties to each aspect of the imbroglio.

*Tenneco Inc.,* 776 F.2d at 1379.

Dismissal of a declaratory relief claim which seeks relief that is merely duplicative of the issues already pending before the court promotes, among other things, efficient judicial administration. *See, e.g., Stickrath,* 2008 WL 2050990, at *3.  As the United States District Court for the Northern District of California explained in *Stickrath*:

> [I]f a district court, in the sound exercise of its judgment, determines after a complaint is filed that a declaratory judgment will serve no useful purpose, it cannot be incumbent upon that court to proceed to the merits before . . . dismissing the action. Although federal courts normally should adjudicate all claims within their discretion, in the declaratory judgment context this principle yields to considerations of practicality and wise judicial administration. District courts have dismissed counterclaims under the Declaratory Judgment Act where they have found them to be

repetitious of issues already before the court via the complaint or affirmative defenses.

*Id.*

As argued below, DiBiase's declaratory relief Counterclaim mirrors the denials contained in his answer, as well as his asserted affirmative defenses, and necessarily involves the resolution of issues already before the Court. Accordingly, the Counterclaim should be dismissed pursuant to Rule 12(b)(6) or stricken pursuant to Rule 12(f).

### B. DiBiase's Declaratory Relief Counterclaim Should be Dismissed or Stricken as it is Duplicative of the Pleadings Already Before the Court.

As argued above, the Court is clearly empowered to dismiss or strike a declaratory relief counterclaim which mirrors the claims and affirmative defenses already pending before it. This is precisely the nature of DiBiase's Counterclaim – a duplicative, superfluous filing that is completely devoid of any unique claims or issues which require adjudication beyond those currently before the Court. Accordingly, the Counterclaim should be dismissed or stricken.

As set forth earlier in this filing, the relief sought in the Counterclaim is a declaratory judgment of non-infringement of the Work, which serves as the basis for Righthaven's infringement claim against DiBiase. (Doc. #19 at 5-6, 8-9; Doc. # 1 at 2; Compl. at 2.) No other copyright protected works are at-issue in the Counterclaim. (Doc. # 19 at 5-9.) DiBiase predicates his requested relief on the Declaratory Judgment Act. (*Id.* at 5.) As such, DiBiase's declaratory relief claim can only be maintained if, in the Court's discretion, there is a basis for doing so. *See Chesebrough-Pond's, Inc.,* 666 F.2d at 396; *Solenoid Devices, Inc.,* 375 F.2d at 445; *Englewood Lending Inc.,* 651 F.Supp.2d at 1145. Stated alternatively, DiBiase's declaratory relief claim is not automatically exempt from dismissal or from being stricken merely because it is predicated on the Declaratory Judgment Act. *Id.* In fact, dismissal of the Counterclaim is warranted in view of DiBiase's answer and his asserted affirmative defenses, all of which preserve his perceived entitlement to a finding of non-infringement.

To begin with, DiBiase has expressly denied having engaged in copyright infringement in answering the Complaint. (*See, e.g.,* Doc. #19 at 2 ¶ 10, "Mr. DiBiase denies that he has

committed copyright infringement.") In addition to his denials, DiBiase has also asserted numerous affirmative defenses, including the failure to state a claim upon which relief can be granted and innocent intent. (Doc. # 19 at 4-5.) All of the denials of the allegations against him and the affirmative defenses asserted by him are done for the express purpose of defeating Righthaven's copyright infringement claim. If successful on any of these denials or defenses, DiBiase would be granted a judgment of non-infringement in his favor. This is precisely the relief sought in his declaratory relief Counterclaim. (*Id.* at 5-6, 8-9.) Accordingly, DiBiase's Counterclaim is completely redundant and should be dismissed or stricken by the Court.

## V. CONCLUSION

For the foregoing reasons, Righthaven respectfully requests the Court dismiss DiBiase's Counterclaim pursuant to Rule 12(b)(6). Alternatively, Righthaven respectfully requests the Court strike DiBiase's Counterclaim pursuant to Rule 12(f) along with granting such relief as the deemed proper and just.

Dated this 1st day of December, 2010.

SHAWN A. MANGANO, LTD.

By: /s/ Shawn A. Mangano
SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
Tel: (702) 683-4788
Fax: (702) 922-3851

J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
*Assistant General Counsel at Righthaven LLC*
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900

*Attorneys for Plaintiff Righthaven LLC*

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I am a representative of Righthaven LLC and that on this 1st day of December, 2010, I caused the **COUNTER-DEFENDANT RIGHTHAVEN LLC'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, STRIKE COUNTERCLAIM PURSUANT TO FED. R. CIV. P 12(b)(6) AND FED. R. CIV. P. 12(f)** to be served by the Court's CM/ECF system.

SHAWN A. MANGANO, LTD.

By: /s/ Shawn A. Mangano
SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada  89129-7701
Tel: (702) 683-4788
Fax: (702) 922-3851

J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
*Assistant General Counsel at Righthaven LLC*
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900

*Attorneys for Plaintiff Righthaven LLC*