SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
SHAWN A. MANGANO, LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
(702) 683-4788 – telephone
(702) 922-3851 – facsimile

J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
*Assistant General Counsel at Righthaven LLC*
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900

*Attorneys for Plaintiff Righthaven LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS A. DIBIASE, an individual,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIM | Case No.: 2:10-cv-01343-RLH-PAL<br><br>**RIGHTHAVEN LLC'S OPPOSITION TO THOMAS A. DIBIASE'S MOTION TO DISMISS** |

Plaintiff Righthaven LLC ("Righthaven") hereby opposes Thomas A. DiBiase's ("DiBiase") Motion to Dismiss. (Doc. # 17.)

Righthaven's submission is based on the below Memorandum of Points and Authorities, the Declaration of Shawn A. Mangano, Esq. (the "Mangano Decl."), the pleadings and papers on file in this action, any oral argument allowed by this Court, and on any other matter of which this Court takes notice.

1

Dated this 1st day of December, 2010.

                                              SHAWN A. MANGANO, LTD.

                                              By: /s/ Shawn A. Mangano
SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada  89129-7701
Tel: (702) 683-4788
Fax: (702) 922-3851

J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
*Assistant General Counsel at Righthaven LLC*
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900

*Attorneys for Plaintiff Righthaven LLC*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

DiBiase does not ask this Court to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), the copyright infringement claim asserted against him by Righthaven. (Doc. # 17.)  Rather, DiBiase attacks some, but not all, of the forms of relief sought in this action for his infringing conduct. (*Id.* at 2.)  Specifically, DiBiase asks the Court to dismiss with prejudice: (1)  Righthaven's request for attorney's fees based on the mistaken assumption it is represented only by in-house counsel; and (2) its request for transfer of the domain name used to infringe the work at-issue. (*Id.*)

DiBiase's motion to dismiss must be denied because Righthaven is represented by outside counsel in this action.  As such, the Court must cannot decide the issue of whether in-house counsel's fees are recoverable under Rule 12(b)(6) because Righthaven has properly alleged recovery of attorney fees to which it must be presumed to be entitled at this stage of the proceedings.  That said, Righthaven certainly maintains that in-house counsel fees are

2

recoverable in this action.  Such a determination, however, is inappropriate in deciding DiBiase's motion to dismiss in view of the facts before the Court.

DiBiase's attack on Righthaven's request for transfer of the domain used to commit the alleged infringement also is not subject to dismissal pursuant to Rule 12(b)(6).  While such relief admittedly is not expressly authorized in copyright infringement actions, the Court is still equitably empowered to grant such relief under a variety of circumstances.  Given the nascent stage of this action, including the fact absolutely no discovery has been conducted, dismissal with prejudice of Righthaven's domain transfer request is improper.  If the facts in this action reveal such relief is improper and that the Court should not order transfer of the domain, then it should not do so and DiBiase will suffer absolutely no harm.  In contrast, the Court must be certain of its need to deny Righthaven the right to at least seek such relief at this stage of the proceedings under Rule 12(b)(6).  Righthaven asserts the Court should not do so at this stage of the proceedings under a Rule 12(b)(6) analysis.  Accordingly, Righthaven respectfully asks the Court to deny DiBiase's motion to dismiss.

## II.    FACTS

Righthaven filed this copyright infringement action on August 9, 2010.  (Doc. # 1.)  Righthaven asserts that it is the owner of the copyrighted literary work entitled: "Man who killed wife sought ultimate sentence" (the "Work").  (Doc. # 1-1 at 3-5; Compl. Ex. 2.)  The Work was granted registration by the United States Copyright Office on July 27, 2010.  (Doc. # 1-1 at 12-13; Compl. Ex. 4.)

Righthaven contends that DiBiase is the owner of the Internet domain, and maintains control of the content posted at same, found at <nobodycases.com> (the "Website").  (Doc. # 1 at 2; Compl. at 2.)  Righthaven further asserts that on or about June 11, 2010, DiBiase displayed an unauthorized 100% reproduction of the Work on the Website.  (Doc. # 1 at 2, Doc. 1-1 at 6-8; Compl. at 2, Ex. 3.)  Based on the alleged infringement of the Work, Righthaven seeks, among other things, entry of a permanent injunction and an award of statutory damages against DiBiase.  (*Id.* at 5-6.)  Righthaven has demanded a jury trial in this case.  (*Id.* at 6.)

On October 29, 2010, DiBiase answered the Complaint. (Doc. # 19.) DiBiase's answer specifically denied that he had committed copyright infringement. (*Id.* at 2 ¶ 10, "Mr. DiBiase denies that he has committed copyright infringement."). DiBiase's answer also asserted numerous affirmative defenses, including failure to state a claim upon which relief can be granted and innocent intent. (*Id.* at 4-5.) DiBiase's responsive pleading additionally asserted a Counterclaim, which Righthaven has moved the Court to dismiss or strike. (*Id.* at 5-9; Doc. # 25.)

Concurrently with answering the Complaint, DiBiase filed the instant motion to dismiss (the "Motion"). (Doc. # 17.) As stated above, the Motion does not challenge the substance of Righthaven's copyright infringement claim. Rather, the Motion challenges Righthaven's entitlement to allege certain forms relief in the Complaint. (*Id.* at 2.) Specifically, the Motion challenges Righthaven's right to allege the recovery of attorney's fees in this case based on DiBiase's alleged copyright infringement. (*Id.*) The Motion also challenges Righthaven's ability to allege surrender of the Website as a form of relief in its Complaint. (*Id.*) Righthaven maintains DiBiase's Motion should be denied in its entirety as argued below.

### III.   STANDARDS APPLICABLE TO DIBIASE'S MOTION TO DISMISS

Rule 12(b)(6) authorizes a party to bring a motion to dismiss on the basis that asserted allegations fail to state a claim upon which relief can be granted. FED.R.CIV.P. 12(b)(6). Federal pleadings merely require a short and plain statement of the claim and the factual grounds upon which it rests so as to provide the defending party with fair notice of the allegations made against it. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007); *Conley v. Gibson,* 355 U.S. 41, 47 (1957). In deciding a Rule 12(b)(6) motion, the court must accept all material allegations in the complaint – as well as any reasonable inferences to be drawn from them – as true. *Doe v. United States,* 419 F.3d 1058, 1062 (9th Cir. 2005); *Ecology v. United States Dep't of Air Force,* 411 F.3d 1092, 1096 (9th Cir. 2005). Dismissal with prejudice is only appropriate when permitting amendment of the allegations would prove futile. *In re Silicon Graphics, Inc. Sec. Litig.,* 183

4

F.3d 970, 991 (9th Cir. 1999).   Righthaven asserts that application of the foregoing standards to DiBiase's Motion in view of the arguments contained herein should result in its denial.

IV. **ARGUMENT**

   A. *Dismissal of Righthaven's Request for an Award of Attorney's Fees is Inappropriate Given That Outside Counsel has Been Engaged.*

DiBiase's Motion asserts that Righthaven is not entitled to allege the recovery of attorney's fees under section 505 of the Copyright Act based on the alleged absence of an independent attorney-client relationship.  (Doc. # 17 at 12.)  Righthaven's request for an award of attorney's fees in this action cannot be dismissed under Rule 12(b)(6) because it has engaged outside counsel in this action.  (Mangano Decl. ¶ 3.)   As such, an independent attorney-client relationship exists in this case, thereby defeating DiBiase's Motion as to this ground.

That said, Righthaven certainly does not concede in-house fees are unrecoverable in this action.  In fact, Righthaven maintains that in-house fees are recoverable.  This dispute, however, need not be decided by the Court under Rule 12(b)(6) because Righthaven has alleged relief, the recovery of attorney's fees, to which it is entitled under section 505 of the Copyright Act should it prevail in this action.  The amount of recovery for said fees, or the source of work upon the fees are predicated, is immaterial for purposes of the Court's inquiry under Rule 12(b)(6). Accordingly, DiBiase's request for dismissal with prejudice of Righthaven's request for an award of attorney's fees must be denied.

   B. *Dismissal of Righthaven's Request for Transfer of the Website is Authorized Under the Court's Inherent Authority and is Inappropriate at This Stage of the Proceedings.*

DiBiase's Motion also attacks Righthaven's request for surrender of the Website as a form of relief in this action.  (Doc. # 17 at 2.)  Righthaven concedes that such relief is not authorized under the Copyright Act.  That concession aside, Righthaven maintains the Court is empowered to grant such relief under appropriate circumstances.  Given the procedural posture

of this action, however, Righthaven is unable to ascertain whether surrender of the Website is appropriate. Accordingly, dismissal of such relief is inappropriate under a Rule 12(b)(6) analysis.

Righthaven has unquestionably asked this Court to enter equitable relief in the form of a preliminary and permanent injunction. (Doc. # 1 at 5.) Righthaven has also requested this Court enter such relief as it deems just and appropriate in this action. (*Id.*) Thus, it is beyond question Righthaven has asked for and alleged facts sufficient to invoke the Court's equitable powers. More importantly for purposes of deciding the Motion, Righthaven has not sought transfer of the Website as a form of relief exclusively authorized by the Copyright Act. In fact, Righthaven acknowledges that such relief would be subject to the Court's discretion and only upon the presentation of evidence which would justify transfer of the Website.

It cannot be disputed that federal courts are authorized to freeze assets in the aid of ultimately satisfying a judgment in a case. *See* FED. R. CIV. P. 64. Such action may be taken pursuant to federal law or state law. *Id.* The freezing or seizure of assets may be warranted where damages are sought in addition to equitable relief. *See United States ex rel. Rahman v. Oncology Assocs., P.C.,* 198 F.3d 489, 498 (4th Cir. 1999). In fact, a district court may freeze assets before trial to secure the payment of attorney's fees. *See Commodity Futures Trading Comm'n v. Noble Metals Int'l, Inc.,* 67 F.3d 766, 774-75 (9th Cir. 1995). As recognized by the panel in *Oncology Associates*, "when the plaintiff . . . asserts a cognizable claim . . . or seeks a remedy involving those assets, a court may in the interim preserve the *status quo* pending judgment . . . ." 198 F.3d at 496.

As the above cited authorities reveal, the Court is empowered to take action to preserve and marshal assets prior to entry of judgment. The obviously corollary of this is the power to take such action upon the presentation of evidence and entry of judgment. That said, Righthaven has not asked the Court to transfer the Website as part of a preliminary injunction. In fact, Righthaven has not conducted any discovery in this case and has not ascertained whether transfer of the Website is appropriate at any stage of the proceedings or if it will ultimately ask the Court for such relief. Dismissal pursuant to Rule 12(b)(6) at the inception of this case and in view of

6

the Court's inherent ability to grant relief directed to a defendant's assets, which in this case would potentially include the Website, is wholly improper. To the extent the Court determines that additional allegations or claims for relief are required to support the requested surrender of the Website, Righthaven asks for leave to amend it Complaint in view of any such decision.

## V.  CONCLUSION

For the foregoing reasons, Righthaven respectfully requests the Court dismiss DiBiase's Motion in its entirety. To the extent the Court determines the request for transfer of the Website is not properly alleged in this action, Righthaven respectfully requests the grant leave to amend to assert appropriate allegations to support such a request. Righthaven additionally asks the Court grant such other relief as the deemed proper and just.

Dated this 1st day of December, 2010.

SHAWN A. MANGANO, LTD.

By: /s/ Shawn A. Mangano
SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada  89129-7701
Tel: (702) 683-4788
Fax: (702) 922-3851

J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
*Assistant General Counsel at Righthaven LLC*
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900

*Attorneys for Plaintiff Righthaven LLC*

# CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I am a representative of Righthaven LLC and that on this 1st day of December, 2010, I caused the **RIGHTHAVEN LLC'S OPPOSITION TO THOMAS A. DIBIASE'S MOTION TO DISMISS** to be served by the Court's CM/ECF system.

SHAWN A. MANGANO, LTD.

By: /s/ Shawn A. Mangano
SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada  89129-7701
Tel: (702) 683-4788
Fax: (702) 922-3851

J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
*Assistant General Counsel at Righthaven LLC*
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900

*Attorneys for Plaintiff Righthaven LLC*