SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
SHAWN A. MANGANO, LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
(702) 683-4788 – telephone
(702) 922-3851 – facsimile

J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
*Assistant General Counsel at Righthaven*
JOSEPH CHU, ESQ.
Nevada Bar No. 11082
jchu@righthaven.com
*Staff Attorney at Righthaven*
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS A. DIBIASE, an individual,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIM | Case No.: 2:10-cv-01343-RLH-PAL<br><br>**JOINT DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

Plaintiff/Counter-defendant, Righthaven LLC ("Righthaven"), and Defendant and Counterclaimant, Thomas A. DiBiase ("Mr. DiBiase"; collectively with Righthaven known herein as the "Parties") by and through their respective counsel, pursuant to Rule 26(f)(2) of the Federal Rules of Civil Procedure, hereby submit their proposed Joint Discovery Plan and

1

Scheduling Order ("Discovery Order") with a special scheduling review request that the requisite 180-day discovery plan begin from the date of the Rule 26(f) conference, rather than the date of first appearance by Mr. DiBiase.

      A.     **<u>Special Scheduling Review</u>:** Due to the delay in completing a compliant Rule 26(f) conference the Parties request this Court consider a special scheduling request. The Parties request the requisite 180-day discovery plan from the date of the Rule 26(f) conference, rather than the date of first appearance by Mr. DiBiase. This special scheduling request is a minor deviation from the date structure provided in LR 26-1(e) and is sought in good faith to accommodate the delay in organizing the Rule 26(f) conference and providing the court a Discovery Order.  Consequently, allowing for a standard 180-day discovery period from the date of the Rule 26(f) conference will provide the Parties the time required to develop and litigate this copyright infringement action without the prejudice of lapsed deadlines that currently exist under a 180-day discovery plan from the date of the Mr. DiBiase's first appearance.

      B.     **<u>Fed.R.Civ.P. 26(f) Conference:</u>** On December 10, 2010, the Parties conducted the discovery conference as required under Fed. R. Civ. P. 26(f).  In attendance on behalf of Righthaven was its Associate General Counsel Charles Coons, Esq. and Shawn A. Mangano, Esq., of the law firm Shawn A. Mangano. Ltd.; and in attendance on behalf of Mr. DiBiase was Bart Volkmer, Esq. of the law firm Wilson Sonsini Goodrich & Rosati and Kurt Opsahl, Esq. and Corynne McSherry, Esq. of the legal services organization the Electronic Frontier Foundation.

         1. <u>Fed. R. Civ. P. 26(a) Changes</u>:  The Parties shall submit their initial disclosures no later than Friday, January 7, 2010, twenty-eight (28) days from the date of the Early Case Conference (the "Discovery Conference"), as required by Fed. R. Civ. P. 26(a).[1]

         2. <u>Fed. R. Civ. P. 26(f)(3)(A)-(B) Scope and Timing of Discovery</u>: The Parties

---

[1] Fourteen days from the date of the Discovery Conference falls on Friday, December 24, 2010.  As such, the Parties propose to submit the initial disclosures after the holidays on Friday, January 7, 2011.

believe that discovery should extend to the full extent allowed by the Federal Rules of Civil Procedure and should not be limited to any particular issues.

    a.    The Parties propose the following timetable for discovery, based on a six-month schedule:

        i.  **Discovery Cut-Off Date:** The cut-off date for fact discovery shall be the **8th day of June, 2011,** 180 days from the date of the Discovery Conference. The cut-off date for expert discovery shall be the **22nd day of July 2011**, 44 days after the close of fact discovery**.**

        ii.  **Amending the Pleadings and Adding Parties:** All motions to amend the pleadings or to add parties shall be filed not later than the **10th day of March, 2011,** 90 days prior to the scheduled close of discovery.

        iii.  **Fed. R. Civ. P. 26(a)(2) Disclosures (Experts):** Disclosures concerning experts shall be made no later than the **22nd day of June, 2011**, 30 days before the expert discovery cut-off date. Disclosures concerning rebuttal experts shall be made no later than the **1st day of July, 2011,** 9 days after the initial disclosure of experts.

        iv.  **Dispositive Motions:** The date for filing dispositive motions shall not be later than the **21th day of August, 2011,** 28 days after the discovery cut-off date. In the event that the discovery period is extended from the discovery cut-off date set forth in this Discovery Order, the date for filing dispositive motions shall be extended to be not later than 30 days from the subsequent discovery cut-off date.

        v.  **Pretrial Order:** The date for filing the joint pretrial order shall not be later than the **16th day of September, 2011,** 28

days after the cut-off date for filing dispositive motions.  In the event that dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until 30 days after decision on the dispositive motions or until further order of the court.  In the further event that the discovery period is extended from the discovery cut-off date set forth in this Discovery Order, the date for filing the joint pretrial order shall be extended in accordance with the time periods set forth in this paragraph.

    vi. **Extensions or Modifications of the Discovery Plan and Scheduling Order:**  Any stipulation or motion must be made not later than the **19th day of May, 2011,** 20 days before the discovery cut-off date.

    vii. **Interim Status Report:**  The Parties shall file the interim status report, if required, by the **11th day of April, 2011,** 58 days before the discovery cut-off date.

3. Fed.R.Civ.P. 26(f)(3)(C) Discovery of Electronically Stored Information:  The Parties agree to preserve documents in accordance with the Federal Rules of Civil Procedure, including electronically-stored information.  The disclosure or discovery of electronically stored information shall be handled as follows:

    a. As used in this section 3(a), the following terms shall be defined as follows:

        i. "Alter" shall mean alter, change, modify, revise, corrupt, delete and/or destroy, but, in accordance with Fed. R. Civ. P. 37(e) shall not include alteration as a result of the routine, good-faith operation of an electronic information system.

        ii. "Custodial Persons" shall mean non-parties who have in their possession, custody, or control documents relating to the

4

                    claims or defenses in this action. .

        iii.  "Party" shall mean Righthaven LLC (including its employees, partners, agents, subsidiaries, parents) and Thomas DiBiase.

        iv.  "Person" shall mean any individual, corporation, partnership, general partner, limited partnership, limited-liability partnership, limited-liability company, member, trust, association, organization or any form of entity whatsoever.

b.  Each Party shall preserve and not Alter documents falling within their preservation obligations under the Federal Rules of Civil Procedure, including electronically stored information, in their existing format regardless of any pre-existing retention policies. Parties may, however, continue the routine, good-faith operation of electronic information systems.

c.  Each Party shall instruct all Custodial Persons to preserve and not Alter documents falling within their preservation obligations under the Federal Rules of Civil Procedure, including electronically stored information, in their existing format regardless of any pre-existing retention policies. Custodial Persons may, however, continue the routine, good-faith operation of electronic information systems.

d.  Each Party shall produce electronically-stored data in multi-page OCR .tif format, with Concordance load files with specifications as agreed upon by the parties (for compatibility with the most common litigation document review system), with the exception of Excel or similar spreadsheets which shall be produced in native format.  If a party receiving such production contends that a native or other non-.tif format is necessary to ascertain discoverable information, it may request a party to produce in native format.

          Any dispute as to the necessity of production in native format shall be resolved by the Magistrate Judge.

      e.    The parties shall meet and confer regarding the meta-data fields that shall accompany the production of electronically stored information, concurrent with the production of such information. If a Party wishes to withhold any metadata from the agreed upon fields it must seek agreement from opposing counsel or a protective order protecting against such production from the court.

4.   <u>Fed.R.Civ.P. 26(f)(3)(D) Claims of Privilege or Protection as Trial-Preparation Material</u>:  A party claiming that any item within the scope of discovery is protected as either privileged or as trial-preparation material, pursuant to Fed.R.Civ.P. 26(b)(5), shall submit a detailed privilege log detailing the nature of the privilege or the basis for the item's or items' protection as trial preparation material.  Such a privilege log shall be shall be limited to communications prior to the commencement of this action, and shall be produced within (21) days following the date that the documents memorialized in the privilege log were to be produced by the party from whom discovery is being sought.  If a party becomes aware of a privileged document having been produced the parties shall comply with Fed. R. Civ. P. 26(b)(5)(B).

5.   <u>Fed.R.Civ.P. 26(f)(3)(E) Changes</u>:  None at this time.

6.   <u>Fed.R.Civ.P. 26(f)(3)(F) Orders</u>:  None at this time.

C.    **<u>Later-Appearing Parties</u>:**  A copy of this Discovery Order shall be served on any person who is hereafter added as a party to this action within five days of that later-

appearing Party's first appearance.  This Discovery Order shall apply to such later-appearing party or parties, unless:  (1) a stipulation of the Parties is approved by this Court, or (2) this Court, on motion for good cause shown, orders otherwise.

Dated this 13th day of December, 2010.

| SHAWN A. MANGANO, LTD. | WILSON SONSINI GOODRICH & ROSATI |
|---|---|
| By: /s/ Shawn A. Mangano<br>SHAWN A. MANGANO, ESQ.<br>Nevada Bar No. 6730<br>shawn@manganolaw.com<br>9960 West Cheyenne Avenue, Suite 170<br>Las Vegas, Nevada 89129<br>*Attorney for Plaintiff Righthaven LLC* | By: /s/ Bart E. Volkmer<br>BART E. VOLKMER, ESQ.<br>BART E. VOLKMER<br>COLLEEN BAL, ESQ.<br>650 Page Mill Road<br>Palo Alto, California 94304 |
| CHAD BOWERS, ESQ.<br>CHAD A. BOWERS, LTD.<br>3202 West Charleston Boulevard<br>Las Vegas, Nevada 89102 | KURT OPSAHL, ESQ.<br>CORYNNE MCSHERRY, ESQ.<br>ELECTRONIC FRONTIER FOUNDATION<br>454 Shotwell Street<br>San Francisco, California 94110<br>*Attorneys for Defendant Thomas A. DiBiase* |

**IT IS SO ORDERED:**

_____
**UNITED STATES MAGISTRATE JUDGE**

**DATED:** _____