| | |
|---|---|
| COLLEEN BAL (*pro hac vice*) | KURT OPSAHL (*pro hac vice*) |
| cbal@wsgr.com | kurt@eff.org |
| BART E. VOLKMER (*pro hac vice*) | CORYNNE MCSHERRY (*pro hac vice*) |
| bvolkmer@wsgr.com | corynne@eff.org |
| WILSON SONSINI GOODRICH & ROSATI | ELECTRONIC FRONTIER FOUNDATION |
| 650 Page Mill Road | 454 Shotwell Street |
| Palo Alto, Ca 94304-1050 | San Francisco, Ca 94110 |
| Telephone: (650) 493-9300 | Telephone: (415) 436-9333 |
| Facsimile: (650) 493-6811 | Facsimile: (415) 436-9993 |

CHAD BOWERS
bowers@lawyer.com
CHAD A. BOWERS, LTD
Nevada State Bar No. 7283
3202 West Charleston Boulevard
Las Vegas, Nevada 89102
Telephone: (702) 457-1001

Attorneys For Defendant & Counterclaimant
THOMAS A. DIBIASE

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company, | CASE NO.: 2:10-cv-01343-RLH-PAL |
| Plaintiff, | **DEFENDANT-COUNTERCLAIMANT THOMAS A. DIBIASE'S OPPOSITION TO RIGHTHAVEN'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, STRIKE COUNTERCLAIM** |
| v. | |
| THOMAS A. DIBIASE, an individual, | |
| Defendant. | |
| THOMAS A. DIBIASE, an individual, | |
| Counterclaimant, | |
| v. | |
| RIGHTHAVEN LLC, a Nevada limited-liability company, | |
| Counter-defendant. | |

**OPPOSITION MEMORANDUM**

**I.     INTRODUCTION**

Righthaven LLC ("Righthaven") moves to dismiss or, in the alternative, strike Thomas DiBiase's counterclaim seeking a declaratory judgment of non-infringement of the copyrighted work at issue in this case.  Righthaven's motion does not argue the lack of a justiciable controversy between the parties.  Nor does it argue that Mr. DiBiase's counterclaim fails to state a claim upon which relief can be granted.  Instead, Righthaven asserts that the Court should invoke its discretion and refuse to entertain the counterclaim.   But Righthaven fails to present any good reason for the Court to do so – because there is none.  Dismissal would not make this litigation any more efficient and the presence of the declaratory-judgment counterclaim does not prejudice Righthaven at all.

At the same time, there is a real danger that dismissing the counterclaim would deprive Mr. DiBiase of the ability to efficiently resolve the important legal issues that this case raises.  Righthaven has engaged in a litigation campaign under which it has filed more than 150 lawsuits against individuals and non-profit organizations based on copyrights it purports to have purchased.  Righthaven's business model depends upon obtaining nuisance-value settlements in high volume.  Many Righthaven targets have decided that it is much easier to write a check than to hire a lawyer and engage in costly and time-consuming litigation.  Righthaven has also sought to avoid judicial resolution of key legal issues by trying to dismiss one of its cases that is actually being litigated.  Mr. DiBiase's counterclaim seeks a declaration of non-infringement making it clear that his use of the article at issue was a fair one.  Such a declaration would clarify the law, guide Mr. DiBiase's operations going forward, and inure to the benefit of the public.  The prospect of such a ruling should not, as Righthaven suggests, depend upon the presence of Righthaven's affirmative infringement claim.  If Righthaven decides to dismiss its case against Mr. DiBiase under Rule 41, as it has in at least one other fair-use case, the declaratory judgment counterclaim will ensure that the legal issues in this case are addressed promptly.  Righthaven's request for a discretionary dismissal should be denied.

## II. FACTUAL BACKGROUND

Mr. DiBiase is a former Assistant United States Attorney in the District of Columbia. Compl., Ex. 1. He maintains a website that assists prosecutors, investigators, and the families of murder victims who confront homicides where the victim's body has not been found, so-called "no body" murders. His website contains: (1) a blog with updates on pending "no body" cases; (2) a table summarizing the results of over 300 "no body" murder prosecutions; and (3) an article he wrote entitled "How to successfully investigate and prosecute a no body homicide case." *See* www.nobodycases.com. Mr. DiBiase consults for free with law enforcement agencies throughout the United States and Canada. Compl., Ex. 1.

On August 9, 2010, Righthaven filed this copyright infringement action against Mr. DiBiase. Righthaven alleges that Mr. DiBiase committed copyright infringement by posting to his blog a June 11, 2010 *Las Vegas Review-Journal* ("LVRJ") article concerning a "no body" murder case that was tried in Las Vegas. Compl., ¶ 9. That article – entitled "Retired teacher gets death penalty for wife's murder" – is available for free on the LVRJ website. *See* http://www.lvrj.com/news/ retired- teacher-gets-death-penalty-for-wife-s-murder-96191524.html. It is available with no advertising. *See* Compl., Ex. 2 (showing the advertising-free version available with the Print This feature). Righthaven neither wrote that article nor employed its author, Doug McMurdo. Rather, Righthaven claims ownership based on an assignment from the LVRJ that took place shortly before Righthaven filed this action. *See* Compl., Ex. 4.

On October 29, 2010, Mr. DiBiase answered the complaint and filed a counterclaim. *See* Docket No. 19. The counterclaim alleges that this action is part of a "series of abusive lawsuits filed by Righthaven in furtherance of its business model of purchasing copyrights to news articles, and then filing copyright lawsuits against individuals and small entities, using the threats of statutory damages, domain name seizures and attorneys fees to force settlements, even when, as in this case, the defendant has not infringed the copyright." *Id*. at ¶ 2. The counterclaim asserts that Mr. DiBiase's use of the highly factual article was protected by the doctrine of fair use: his website is non-commercial and it serves a public interest by "assisting prosecutors and homicide investigators in bringing justice to the friends and families of 'no body' murder victims." *Id*. at ¶¶

19-20. On December 1, 2010 Righthaven answered the counterclaim and also moved to dismiss it. *See* Docket Nos. 27, 28.

## III. ARGUMENT

District courts with proper jurisdiction "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment . . . ." 28 U.S.C. § 2201. The Declaratory Judgment Act "has long been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 136 (2007) (citation and internal quotation omitted).

In deciding whether to exercise jurisdiction over a declaratory-judgment claim, the Court evaluates: (1) efficiency; (2) whether the claim needlessly seeks to resolve state-law issues; (3) whether the declaratory relief claimant is engaged in forum shopping; and (4) whether the claim creates duplicative litigation. *See Rhoades v. Avon Products, Inc.*, 504 F.3d 1151, 1165 (9th Cir. 2007) ("The deciding factor should be efficiency . . . ."); *Am. Cas. Co. of Reading, Penn. v. Krieger*, 181 F.3d 1113, 1118 (9th Cir. 1999). Where a defendant asserts a declaratory-judgment counterclaim, the relevant question is whether the counterclaim "serve[s] some useful purpose." *See Castaline v. Aaron Mueller Arts*, Case No. 09-02543 CRB, 2010 WL 583944, *2 (N.D. Cal. Feb. 16, 2010) (citation and quotation omitted). The court also pays heed to "equitable, prudential, and policy" considerations. *MedImmune*, 549 U.S. at 136. All of these factors favor permitting Mr. DiBiase's declaratory-judgment counterclaim to continue.

**First**, efficiency is best served if the counterclaim goes forward. In the event that Righthaven's affirmative claim proceeds to judgment, the presence of the counterclaim will do nothing to impede the orderly administration of this case. Righthaven has already answered the counterclaim and there is no allegation that the counterclaim will somehow complicate this action or create increased burdens on the parties or the Court. However, if the counterclaim is dismissed now and Righthaven later decides to dismiss its affirmative claim, Mr. DiBiase would be forced to start his action over by re-filing a stand-alone declaratory judgment action to obtain resolution of the core legal issues that this case raises. That would create inefficiency without

1  any countervailing benefits.  *See Oneida Tribe of Indians of Wis. v. Village of Hobart*, 500 F.
2  Supp. 2d 1143, 1150 n.3 (E.D. Wis. 2007) (finding persuasive the argument that "voluntary
3  dismissal of this action by the [plaintiff] at a later date could further delay [defendant's] efforts to
4  finally resolve the matter if its counterclaim is dismissed" and noting that "to insure resolution of
5  the dispute is not delayed, the better policy is to allow the counterclaim to proceed."); *Leach v.*
6  *Ross Heater & Mfg. Co.*, 104 F. 2d 88, 91-92 (2d Cir. 1939) ("The need for declaratory judgment
7  is diminished, it is true, by the fact that the [plaintiff] has commenced his suit, but the need
8  cannot be said to have wholly disappeared  . . . . While it may turn out at trial that a decision on
9  the merits of the plaintiff's bill will dispose of the controversy between the parties completely
10 and render declaratory judgment unnecessary, in which case the counterclaim may be dismissed,
11 we are of opinion that it was error to strike out the counterclaim at so early a stage.").

12        And to be clear: the possibility that Righthaven might seek to dismiss its claim against
13 DiBiase is tangible.  Righthaven has already changed its litigation strategy once after Judge
14 Hicks dismissed a Righthaven case on fair-use grounds.  *See Righthaven v. Democratic*
15 *Underground*, Case No. 10-cv-01356-RLH-RJJ, Docket No. 36 (Righthaven requesting a
16 dismissal under Rule 41 based on Judge Hicks' fair-use ruling in *Righthaven v. Realty One*, 2010
17 WL 4115413 (D. Nev. October 19, 2010), and stating that it will stop suing where less than 75%
18 of an article is used).  The same thing could happen again.  Judge Mahan recently issued an
19 Order To Show Cause why a separate Righthaven case should not be dismissed on fair-use
20 grounds.  *See Righthaven v. Center For Intercultural Organizing*, Case No. 10-cv-01322-JCM –
21 LRL, Docket No. 12.  At the show-cause hearing, Judge Mahan expressed grave doubts about
22 the merits of Righthaven's action.  Volkmer Decl., Ex. 1.  Righthaven may well seek to dismiss
23 this action under Rule 41 based on the developments in the *Center For Intercultural Organizing*
24 case.

25        **Second**, the traditional factors that support a decision not to exercise discretionary
26 jurisdiction over a declaratory judgment claim such as comity, the avoidance of forum shopping
27 and discouraging duplicative litigation are not implicated here.  *See United Wats, Inc. v.*
28 *Cincinnati Ins. Co.*, 971 F. Supp. 1375, 1381 (D. Kan. 1997).  Indeed, Righthaven has not

presented a single concrete reason why the parties or the Court would be better off without the counterclaim.  Instead, Righthaven's analysis labels the counterclaim "superfluous" and stops there.  That is not true given the very real threat of a Rule 41 dismissal, but even if it were, what then is the point of Righthaven's motion?  If the counterclaim is truly subsumed by Righthaven's affirmative claim, why does Righthaven care enough to file a lengthy motion to dismiss?  We respectfully submit that Righthaven is not merely championing against superfluity, but seeks dismissal of the counterclaim to pave the way for an easy exit from this case if the need arises.  Allowing Righthaven to do that would not serve the purpose of the Declaratory Judgment Act, which is to resolve disputes between parties, not let uncertainty flourish.

**Third**, equitable, prudential, and policy considerations favor the denial of Righthaven's motion.  Righthaven has filed over 150 cases against individuals and non-profits who have used articles that were made available for free on the Internet.  Most defendants settle these cases before anything happens on the merits because that makes economic sense.  *See, e.g.,* Volkmer Decl., Ex. 1 at 6:3-6.  When a defendant like Mr. DiBiase stands up and challenges the underpinning of these suits, he should be accorded an unimpeded opportunity for a merits-based resolution.  That is the point of the Declaratory Judgment Act.  *See Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.*, 846 F. 2d 731, 734-35 (Fed. Cir. 1988) (noting that the Declaratory Judgment Act was intended to put an end to scare-and-run intellectual property enforcement tactics); *Fina Research, SA v. Baroid Ltd.*, 141 F. 3d 1479, 1484 (Fed. Cir. 1998) (same); *see also Vietnam Veterans of Am. v. CIA,* Case No. 09-0037 CW, 2010 WL 291840, at *6 (N.D. Cal. Jan. 19, 2010) (declaratory relief regarding legality of secrecy oaths could be pursed as it could "avoid potential future litigation by clarifying whether veterans may discuss their experiences without facing consequences").

**Finally**, the cases Righthaven cites in which courts dismiss declaratory judgment counterclaims based on the "mirror image" rule do not compel dismissal here.  Those cases do not stand for the proposition that counterclaims *must* be dismissed if they concern the same subject matter as the claims brought in the complaint.  *See, e.g., Stickrath v. Globalstar, Inc.*, Case No. C07-1941 THE, 2008 WL 2050990, at *4 (N.D. Cal. May 13, 2008)  ("it is not always

appropriate to strike declaratory judgment counterclaims simply because they concern the same subject matter or arise from the same transaction as the complaint."). Instead, the case law makes clear that the court asks whether the declaratory judgment counterclaim "serve[s] any useful purpose." *Id.*; *Castaline*, 2010 WL 583944, *2. Given the circumstances here, there can be little doubt that Mr. DiBiase's counterclaim serves a useful purpose. If Righthaven dismisses its case without prejudice under Rule 41, Mr. DiBiase efficiently will be able to ask this Court to rule on whether his use of the article at issue was a fair use, resolving a live dispute concerning important copyright principles. By the same token, dismissing the counterclaim would not serve any purpose.[1]

## IV.   CONCLUSION

For the foregoing reasons, Mr. DiBiase respectfully requests that the Court deny Righthaven's motion to dismiss or strike his counterclaim.

Dated: January 7, 2011

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/ Colleen Bal
COLLEEN BAL (*pro hac vice*)
BART E. VOLKMER (*pro hac vice*)
650 Page Mill Road
Palo Alto, California 94304

---

[1] The Central District of California recently dismissed counterclaims based on the mirror image rule. *See Englewood Lending Inc. v. G&G Coachella Invs., LLC*, 651 F. Supp. 2d 1141 (C.D. Cal. 2009). That court was persuaded that the issues raised by the counterclaims would be resolved by litigation of the claims asserted in the complaint. *Id*. at 1145. There was no hint in that case that the plaintiff might seek to walk away from its action to avoid a decision on the merits. Nor were there dozens of similar pending cases that would make such a strategy potentially inviting. In sharp contrast, Righthaven would have every reason to try to dismiss this case to protect its business model if it concluded that an unfavorable ruling might be forthcoming. In any event, *Englewood* does not purport to stand for the proposition that a court *must* dismiss counterclaims that concern matters set forth in the complaint. Instead, the decision makes clear that the district court has wide latitude on the question. *See id*. at 1147 (noting that the court had "the power to entertain" the counterclaim).

1
2
3
4
5
6
7
8
9

ELECTRONIC FRONTIER FOUNDATION

By: /s/  Kurt Opsahl
KURT OPSAHL (*pro hac vice*)
CORYNNE MCSHERRY (*pro hac vice*)
454 Shotwell Street
San Francisco, CA 94110


CHAD A. BOWERS, LTD.

By: /s/  Chad Bowers
CHAD BOWERS
NV State Bar Number 7283
3202 W. Charleston Blvd.
Las Vegas, Nevada 89102

*Attorneys for Thomas A. DiBiase*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of January, 2011 I caused a copy of Defendant-Counterclaimant Thomas A. DiBiase's Opposition to Righthaven's Motion to Dismiss, or in the Alternative, Strike Counterclaim and Declaration of Bart E. Volkmer in Support of Defendant-Counterclaimant Thomas A. DiBiase's Opposition to Righthaven's Motion to Dismiss, or in the Alternative, Strike Counterclaim to be served using the Court's CM/ECF system.

/s/ Deborah Grubbs