SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
SHAWN A. MANGANO, LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
(702) 304-0432 – telephone
(702) 922-3851 – facsimile

J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
*Assistant General Counsel at Righthaven LLC*
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900

*Attorneys for Plaintiff Righthaven LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS A. DIBIASE, an individual,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIM | Case No.: 2:10-cv-01343-RLH-PAL<br><br>**COUNTER-DEFENDANT RIGHTHAVEN LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, STRIKE COUNTERCLAIM PURSUANT TO FED. R. CIV. P. 12(b)(6) AND FED. R. CIV. P. 12(f)** |

## I.     INTRODUCTION

Thomas A. DiBiase's ("DiBiase") response to Righthaven LLC's ("Righthaven") request to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), or strike, pursuant to Federal Rule of Civil Procedure 12(f) ("Rule 12(f)"), his Counterclaim (Doc. # 19 at 5-9), which seeks a declaratory relief finding of non-infringement (*Id.* at 8.), serves to underscore the merits of the Motion before the Court through its silence regarding the facially duplicative

1

nature of the pleading and through its remarkable reliance on pure speculation and conjecture as the basis for allowing the pleading to survive dismissal.  In fact, adoption of DiBiase's arguments would serve to eviscerate the reasoned decisions set forth in Righthaven's moving papers.

Turning first to the numerous key issues upon which DiBiase's response is silent, nowhere does he acknowledge that he has repeatedly denied committing copyright infringement in his answer. (Doc. # 19 at 2 ¶ 10, "Mr. DiBiase denies that he has committed copyright infringement."; Doc. # 19 at ¶¶ 25-35.)  DiBiase additionally omits that he specifically asserted an affirmative defense of fair use in his answer.  (*Id.* at 4, "Righthaven's claims are barred in whole or in part by the doctrine of fair use.")  Rather, DiBiase disingenuously ignores these glaring denials and his fair use affirmative defense in favor of characterizing them as some unique aspect of his Counterclaim. (Doc. # 37 at 2:20-21, "Mr. DiBiase's counterclaim seeks a declaration of non-infringement making it clear that the article at issue was a fair one.")  In view of the contents of Mr. DiBiase's answer and affirmative defenses, his failure to address the duplicative nature of his Counterclaim pushes the limits of permissible advocacy into uncharted territory.

DiBiase's response also fails to acknowledge the rudimentary point that he would obtain a judgment of non-infringement if he prevails over Righthaven's claims, which is precisely the relief sought in his redundant Counterclaim. (*See* Doc. # 19 at 5-6, 8-9.)  Rather than concede this legally incontestable issue, DiBiase instead embarks on a fantastic voyage of speculation and innuendo in an attempt to persuade the Court that his Counterclaim should stand so his rights can be protected in the event Righthaven elects to voluntarily dismiss this case pursuant to Federal Rule of Civil Procedure 41 ("Rule 41").  For instance, DiBiase asserts, "there is a real danger that dismissing the counterclaim would deprive [him] of the ability to efficiently resolve the important legal issues that this case raises." (Doc. # 37 at 2:12-13.)  DiBiase also suggests that Righthaven may employ such a tactic to avoid seeing that "the legal issues in this case are addressed promptly." (Doc. 37 at 2:26.)

DiBiase's arguments are pure hogwash. As DiBiase and his counsel are well aware, there is no need for his duplicative Counterclaim for him to seek resolution of the "important legal issues that this cases raises" via summary judgment or some other procedural vehicle. Additionally, even if Righthaven were to seek voluntary dismissal of this action, which it has no intention of doing given the current posture of this case, only the Court is empowered to grant such a dismissal under Rule 41(a)(2) and only upon such terms and conditions as it deems proper. Accordingly, as argued further below, the Court should grant Righthaven's request to dismiss or, alternatively, strike DiBiase's redundant and unnecessary Counterclaim.

## II.   ARGUMENT

### A. *DiBiase's Response to Righthaven's Motion Concedes The Redundancy of His Counterclaim.*

DiBiase's response to Righthaven's request for dismissal concedes, through silence, that his Counterclaim is redundant and unnecessary. While DiBiase does not expressly admit it, he necessarily concedes through his silence that if he prevails in this action, either via dispositive motion or following a trial on the merits, a finding of non-infringement would be entered in this favor even in absence of his Counterclaim. The obvious redundancy of DiBiase's Counterclaim is readily apparent from the relief sought – a finding of non-infringement. (Doc. #19 at 5-6, 8-9.)

Despite characterizing his Counterclaim as raising "important legal issues," these same legal issues are contained in DiBiase's Answer. For instance, DiBiase Answer in this action contains numerous denials of Righthaven's infringement allegations and he has asserted a fair affirmative defense. (Doc. # 19 at 2 ¶ 10, "Mr. DiBiase denies that he has committed copyright infringement.", Doc. # 19 at ¶¶ 25-35, at 4.) Thus, DiBiase has conceded, either through his silence or his intentional omission of facts, that the Counterclaim is redundant and raises absolutely no claims that are not already contained in his Answer and as alleged in his affirmative defenses. Accordingly, DiBiase's Counterclaim should be dismissed as it simply mirrors the allegations already at-issue in this case. *See Englewood Lending Inc. v. G&G Coachella Invs., LLC,* 651 F.Supp.2d 1141, 1144 (C.D. Cal. 2009).

### B. *DiBiase's Fear Over Righthaven Voluntarily Dismissing This Action Under Rule 41 Fails to Justify Allowing His Counterclaim to Survive Dismissal.*

DiBiase attempts to traverse the obvious redundancy of his Counterclaim by claiming "there is a real danger that dismissing the counterclaim would deprive [him] of the ability to efficiently resolve the important legal issues that this case raises." (Doc. # 37 at 2:12-13.) DiBiase then contends that "[i]f Righthaven decides to dismiss its case against [him] under Rule 41, as it has in at least one other fair-use case, the declaratory judgment counterclaim will ensure that the legal issues in this case are addressed promptly." (*Id.* at 2:24-27.) Not only does DiBiase's arguments run afoul of Rule 41, they are known by his counsel to be factually misleading. Moreover, DiBiase's characterization of Righthaven as being an organization that is unwilling to confront "important legal issues" is simply wrong.

Factually, Righthaven has sought to voluntarily dismiss its claims with prejudice pursuant to Rule 41 in one action pending in this district. *See Righthaven LLC v. Democratic Underground, LLC, et al.,* case no.: 2:10-cv-01356-RLH-RJJ. The defendants in that action are represented locally by Chad Bowers, Esq. and through Kurt Opsahl, Esq. and Corynne McSherry, Esq., of the Electronic Frontier Foundation, among others, as *pro hac vice* counsel. These same attorneys represent Mr. DiBiase in this case. As such, they know the infringement allegations before the court in *Democratic Underground* involve the unauthorized replication of less than 100% of a Righthaven owned literary work. Due to an intervening decision by Judge Hicks in *Righthaven LLC v. Realty One, Inc., et al.,* case no.: 2:10-cv-01036-LRH-PAL, which found in favor of a defendant on fair use grounds where less than a 100% unauthorized replication was at-issue (Doc. # 17), Righthaven sought to voluntarily dismiss its claims with prejudice in the *Democratic Underground* case pursuant to Rule 41 after counsel refused to stipulate to such a dismissal.

This case, however, stands in stark contrast to the infringement allegations at-issue in the *Democratic Underground* action. The copyright infringement allegations before this Court involve Mr. DiBiase's 100% unauthorized replication of a Righthaven owned literary work. (Doc. # 1 at 2, Doc. 1-1 at 6-8; Compl. at 2, Ex. 3.) Thus, this case falls well outside the partial

unauthorized replication and fair use issues raised in *Democratic Underground*, which opposing counsel in this action is aware. DiBiase's attempt to mislead the Court when his counsel readily appreciates the distinction between this case and the only other case in which Righthaven has sought voluntary dismissal under Rule 41 is completely disingenuous and should not be relied upon as a basis for denying Righthaven's request for dismissal.

DiBiase's characterization of Righthaven being an organization that is unwilling to confront "important legal issues" is also wrong. For instance, DiBiase's reliance on an Order to Show Cause hearing in *Righthaven LLC v. Center for Intercultural Organizing, et al.,* case no. 2:10-cv-01322-JCM-LRL as demonstrating Judge Mahan's grave doubts over the merits of the infringement claim does not support the conclusion that Righthaven willingly runs for the hills when confronted with difficult legal issues. Righthaven's claims were not dismissed at the Order to Show Cause hearing in that case. Rather, the Court granted the parties time to file written submissions concerning whether sufficient material issues of fact exist that prohibit dismissal without providing an opportunity to conduct discovery. Likewise, Righthaven confronted, and won, numerous contested issues in *Righthaven LLC v. MajorWager.com, et al.,* 2:10-cv-0484-RCJ-LRL. In that case, Righthaven prevailed on personal jurisdiction issues and standing issues involving website-based infringement by a Canadian company. Simply stated, DiBiase's concern that Righthaven is unwilling to confront "important legal issues" and, as such, his redundant Counterclaim should survive dismissal is pure fiction.

Legally, DiBiase's theoretical concern over some future attempted dismissal under Rule 41 is also misplaced. Voluntary dismissal under Rule 41(a)(2) is only upon court order and on such terms and conditions as the court deems proper. In deciding whether to dismiss an action pursuant to Rule 41(a)(2), the Court is empowered to dismiss the action with prejudice. Moreover, contrary to DiBiase's assertions, the pendency of a counterclaim where dismissal would accomplish the relief sought by the counterclaim does not deprive the court of dismissal power under Rule 41(a)(2). *See Gilbreth Int'l Corp. v. Lionel Leisure, Inc.,* 587 F.Supp. 605, 614 (E.D. Pa. 1983)(permitting voluntary dismissal with prejudice in a patent infringement case despite the pendency of defendant's counterclaim for patent invalidity). Simply put, DiBiase's

fear of dismissal under Rule 41 is factually misleading and not supported by the Court's discretion when such a dismissal is sought. In this regard, virtually every aspect of DiBiase's response to Righthaven's request for dismissal of his Counterclaim is constructed upon a faulty factual and legal foundation based on application of Rule 41. Accordingly, the Court should look past DiBiase's desperate attempt to maintain his Counterclaim and grant Righthaven's request for dismissal.

### III. CONCLUSION

For the foregoing reasons, Righthaven respectfully requests the Court dismiss DiBiase's Counterclaim pursuant to Rule 12(b)(6). Alternatively, Righthaven respectfully requests the Court strike DiBiase's Counterclaim pursuant to Rule 12(f) along with granting such relief as the deemed proper and just.

Dated this 17th day of January, 2011.

        SHAWN A. MANGANO, LTD.

        By: /s/ Shawn A. Mangano
        SHAWN A. MANGANO, ESQ.
        Nevada Bar No. 6730
        shawn@manganolaw.com
        9960 West Cheyenne Avenue, Suite 170
        Las Vegas, Nevada  89129-7701
        Tel: (702) 304-0432
        Fax: (702) 922-3851

        J. CHARLES COONS, ESQ.
        Nevada Bar No. 10553
        ccoons@righthaven.com
        *Assistant General Counsel at Righthaven LLC*
        Righthaven LLC
        9960 West Cheyenne Avenue, Suite 210
        Las Vegas, Nevada 89129-7701
        (702) 527-5900

        *Attorneys for Plaintiff Righthaven LLC*

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I am a representative of Righthaven LLC and that on this 17th day of January, 2011, I caused a copy of the foregoing document to be served by the Court's CM/ECF system.

SHAWN A. MANGANO, LTD.

By: /s/ Shawn A. Mangano
SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada  89129-7701
Tel: (702) 304-0432
Fax: (702) 922-3851

J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
*Assistant General Counsel at Righthaven LLC*
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900

*Attorneys for Plaintiff Righthaven LLC*