COLLEEN BAL (*pro hac vice*)
cbal@wsgr.com
BART E. VOLKMER (*pro hac vice*)
bvolkmer@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, Ca 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 493-6811

KURT OPSAHL (*pro hac vice*)
kurt@eff.org
CORYNNE MCSHERRY (*pro hac vice*)
corynne@eff.org
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, Ca 94110
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

CHAD BOWERS
bowers@lawyer.com
CHAD A. BOWERS, LTD
Nevada State Bar No. 7283
3202 West Charleston Boulevard
Las Vegas, Nevada 89102
Telephone: (702) 457-1001

*Attorneys For Defendant & Counterclaimant*
THOMAS A. DIBIASE

SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
SHAWN A. MANGANO, LTD.
9960 West Cheyenne Ave., Suite 170
LAS VEGAS, Nevada 89129-7701
(702) 304-0432 – telephone
(702) 922-3851 – facsimile

ANNE E. PIERONI, ESQ.
NEVADA BAR NO. 9650
apieroni@righthaven.com
Staff Counsel at Righthaven LLC
RIGHTHAVEN LLC
9960 West Cheyenne Ave., Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900

*Attorneys for Righthaven LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>              Plaintiff,<br><br>         v.<br><br>THOMAS A. DIBIASE, an individual,<br><br>              Defendant.<br>_____<br>And Related Counterclaim<br>_____ | CASE NO.:  2:10-cv-01343-RLH-PAL<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff/Counter-defendant, Righthaven LLC ("Righthaven"), and Defendant and Counterclaimant, Thomas A. DiBiase ("Mr. DiBiase") (collectively the "Parties") by and through their respective counsel, do HEREBY STIPULATE AND AGREE as follows:

A Party or any Non-Party disclosing or producing information, documents, or things in this matter ("Producing Party") may designate such information, documents, or things as follows:

1.      Any document, information, or thing may be designated ***Confidential*** if the Producing Party determines in good faith that the material (regardless of how it is generated, stored, or maintained) qualifies for protection under Federal Rule of Civil Procedure 26(c).

2.      A Producing Party may designate any document or other tangible information or thing as ***Confidential*** by stamping some conspicuous place thereof with the legend **"Confidential."**  In the case of a document, the Producing Party must mark each page that contains protected material.  In the case of other tangible items, a Producing Party may mark any appropriate location of the container.  For example, in the case of a DVD, a Producing Party may so mark the DVD cover.  However, the Producing Party shall take care to designate only those portions of a tangible item that are protected.

3.      Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Producing Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Producing Party to sanctions.  If it comes to a Producing Party's attention that information or items that it designated for

protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Producing Party must promptly notify all other parties that it is withdrawing the mistaken designation.

       4.     A Party or Non-Party may designate documents, information, or things disclosed at a deposition as ***Confidential*** on the record during the deposition or by notifying all Parties, through each Party's counsel, in writing of the specific item so designated, within ten (10) business days of being notified by the deposition officer that the transcript is available under Rule 30(e)(1), of the specific exhibits or lines and pages of the deposition that are ***Confidential***.

       a.     If a Producing Party designates such materials as ***Confidential*** on the record, the Producing Party shall request that the court reporter indicate on the cover page of the transcript that the transcript included ***Confidential*** information, list the pages and line numbers and/or exhibits of the transcript on or in which such information is contained, and bind the transcript in separate portions containing ***Confidential*** and non-Confidential material.  Further, during the period in which such ***Confidential*** information is discussed during the deposition, any person present during the deposition (other than the court reporter) who is not authorized to review such information under this Order shall be excluded from that portion of the deposition.

       b.     If during a deposition a party designates any testimony or exhibit ***Confidential***, the deposition transcript and the exhibits thereto shall be presumed ***Confidential*** in their entirety until ten (10) business days after the deposition officer notifies the witness that the transcript is available under Rule 30(e)(1).  If, after the deposition is taken, the Producing Party designates any portion of the deposition transcript or specific exhibits as ***Confidential*** by giving written notice as described above, the parties shall honor that designation.  At the expiration of the ten (10) day period, the transcript and exhibits shall automatically revert to non-Confidential status, except those portions that have been designated on the record in or in writing as ***Confidential***.

5.      The documents, information and things designated and produced as ***Confidential*** pursuant to this Protective Order shall be used solely for the purposes of this action.  Documents, information, and things designated as ***Confidential*** shall only be disclosed to individuals authorized by this Order to view such material.

6.      If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Producing Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

7.      All documents, information, or things designated as ***Confidential*** shall be made available only to the following and only to the extent reasonably necessary for conducting or assisting in this case:

a.  the Parties and their employees who have read a copy of this Order and executed the undertaking in the form annexed hereto;

b.  the Parties' outside counsel of record in this case, the partners, associates, and employees of such counsel, and their authorized secretarial and paralegal staffs;

c.  persons retained by any Party (or by its attorneys of record) for the purpose of assisting in this case as consultants or experts who have read a copy of this Order and executed the undertaking in the form annexed hereto;

d.  employees of outside copying, printing, binding, or computer hosting services operating under terms that prohibit them from disclosing or using client information;

e.  deposition witnesses, but only for the purposes of this litigation and only (i) at deposition and only to the extent reasonably necessary and (ii) to prepare a witness for deposition and only to the extent reasonably necessary and only when, in good faith, counsel for the witness believes that there is a reasonable likelihood that the witness will be shown the discovery material(s) designated "CONFIDENTIAL" at deposition.  Deposition witnesses shall not be entitled to retain copies of such

discovery material(s) and shall have read a copy of this Order and executed the

undertaking in the form annexed hereto.

    f.   the Court and court personnel, deposition officers, court reporters, and

videographers used in connection with this case; and

    g.   such other persons as the Parties may agree or may be ordered by the Court.

    8.     Where an expert or consultant is reasonably expected to testify during the trial of this matter, counsel for the Party obtaining the expert's or consultant's undertaking shall retain the original and forward a copy to the opposing Party's counsel within five (5) business days of its execution.  Where the expert or consultant will not testify during the trial of this matter, counsel obtaining the undertaking shall retain the original and no copy need be given to anyone else.

    9.     No documents, information, or things designated as *Confidential* shall be filed with the Court (except as provided in Nev. LR 10-5), including that contained in pleadings, motions, briefs, declarations, or exhibits, except in sealed envelopes.  Such sealed envelopes shall bear the caption of the case and shall recite a concise, non-disclosing inventory of their contents for docketing purposes.  In the case of materials or information designated *Confidential*, such sealed envelopes shall prominently bear the legend: CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER, TO BE OPENED ONLY BY OR AS DIRECTED BY THE COURT.  To the extent possible, only those portions of a filing with the Court that contain material designated as *Confidential* shall be filed under seal.  To the extent that no *Confidential* information is disclosed, the Parties may refer to, and quote from, documents designated as *Confidential* in pleadings, motions, briefs, affidavits, or exhibits filed with the Court, without the need to file such pleadings, motions, briefs, affidavits, or exhibits under seal.

    10.    Nothing in this Order shall preclude any party to the proceeding or their attorneys from:

    a.   showing materials designated as *Confidential* to an individual who either prepared or reviewed the document prior to the filing of this action, or is shown by the document to have received the document;

b.    disclosing or using, in any manner or for any purpose, any information, documents, or things from the party's own files that the party itself designated as *Confidential;*

c.    disclosing or using, in any manner or for any purpose, any information, documents, or things obtained from a source other than discovery or to which a party has a right of access independent of discovery;

d.    disclosing or using in any manner or for any purpose, any information, document, or thing that is at the time of production or disclosure, or subsequently becomes, through no wrongful act or failure to act on the part of the receiving party, generally available to the public through publication or otherwise, or is already rightfully in the possession of the receiving party at the time of production; or

e.    disclosing or using, in any manner or for any purpose, any information, documents, or thing at the trial of this matter.  However, if a party intends to use or offer into evidence at such trial any materials designated as *Confidential*, that party shall, unless otherwise ordered by the Court, so inform the producing party in a reasonable time in advance in order that the producing party may take such steps reasonably necessary to preserve the confidentiality of such information or documents.

11.    If either party is served with a subpoena or similar process, from any person whatsoever, directing that party to produce any *Confidential* **materials,** counsel for that party shall within five (5) business days give counsel for the Producing Party written notice of the fact of such service and not produce or otherwise disclose any *Confidential* **materials** pursuant to the subpoena unless the party serving the subpoena agrees to be bound by the terms of this Order by executing the undertaking in the form annexed hereto or, in the event the party serving the subpoena refuses to be bound by the terms of this Order, counsel shall immediately notify the Producing Party so that they may seek a protective order or otherwise act to protect the confidentiality of the designated materials.  No disclosure or production of materials designated as *Confidential* shall be produced prior to adjudication of the Producing Party's formal motion for a protective order or other efforts to protect the confidentiality of the designated materials at issue.

12.     Within sixty (60) days of the conclusion of this action, including any appeals, all originals and reproductions of any materials designated as ***Confidential*** shall be returned to the Producing Party or destroyed.  However, counsel for the parties may retain one complete set of pleadings and motion papers filed with the Court, and one complete copy of deposition testimony given in this action.  Counsel for the receiving party shall provide written verification to the Producing Party that all copies of such materials produced to the receiving party have been returned or destroyed, other than as indicated in this paragraph.  Materials designated as ***Confidential*** that are in the custody of the Court are exempted from the terms of this paragraph.

13.     The terms of this Order shall remain in effect after the action and any related appeals are concluded.

14.     This Stipulated Protective Order shall not preclude any Party from (i) applying to the Court for an order permitting the disclosure or use of information or discovery material otherwise prohibited by this Order; or (ii) applying for an order modifying this Order for good cause shown.

15.     No Party shall be obligated to challenge the propriety of any confidentiality designation, and failure to do so shall not preclude a subsequent attack on the propriety of such designation.

16.     If the Parties disagree as to whether designated material should be protected as **Confidential** they are obligated to meet and confer in good faith regarding the designated material.  If the Parties cannot resolve a challenge without court intervention, either party may move the Court for appropriate relief.  All materials designated as ***Confidential*** shall retain such designation until the Court adjudicates a motion brought under this section.

1   IT IS SO STIPULATED AND AGREED.

2   DATED:  March 29, 2011                    DATED:  March 29, 2011

3   WILSON SONSINI GOODRICH & ROSATI          SHAWN A. MANGANO, LTD.

4

5   By:        /s/ Bart E. Volkmer            By:        /s/ Shawn A. Mangano
           Colleen Bal, Esq.                          Shawn A. Mangano, Esq.
6          Bart E. Volkmer, Esq.                      9960 West Cheyenne Avenue
           650 Page Mill Road                         Suite 170
7          Palo Alto, California 94304-1050           Las Vegas, Nevada 89129

8
           CHAD A. BOWERS, LTD.                       *Attorney for Plaintiff and Counter-*
9          Chad A. Bowers, Esq.                       *Defendant Righthaven LLC*
           3202 West Charleston Boulevard
10         Las Vegas, Nevada 89102

11
           THE ELECTRONIC FRONTIER
12         FOUNDATION
           Kurt Opsahl, Esq.
13         Corynne McSherry, Esq.
           454 Shotwell Street
14         San Francisco, California 94110

15
           *Attorneys for Defendant and*
16         *Counterclaimant Thomas A. DiBiase*

17

18                                            IT IS SO ORDERED:

19

20                                            _____
                                              UNITED STATES DISTRICT JUDGE
21

22                                            DATED: _____
23

24

25

26

27

28

## __PROTECTIVE ORDER UNDERTAKING__

I, _____ (name), of _____

_____(employer and business address), am about to

receive information, documents, or things designated as ***Confidential*** under the Stipulated Protective

Order dated _____, 2011, entered by the United States District Court, District of Nevada, in

the case of *Righthaven v. DiBiase*, Case No. 2:10-cv-01343-RLH-PAL (the "Protective Order").

I hereby represent and certify that I have been given a copy of and read the Protective Order and

that I understand its terms and conditions.  I hereby further certify that I am one of the persons allowed

under paragraph 7 of the Protective Order to receive access to information, documents, or things

designated ***Confidential***.  I also agree to be bound by the terms and conditions of the Protective Order,

specifically including the requirement that information, documents, and things I may receive that are

designated ***Confidential*** as well as all copies, notes, summaries, and other records made regarding such

information, documents, and things, shall be disclosed to no one other than persons specifically allowed

by paragraph 7 of the Protective Order to have such information.  I further agree that I will only use this

material in and for the purposes of this action.

I further understand that violation of the Protective Order may be punishable by contempt of

court, and I consent and submit to the jurisdiction of the United States District Court, District of Nevada,

with respect to the enforcement of any terms and conditions of the Protective Order.


_____                         _____
     Date                                                          Signature

## **CERTIFICATION**

I, Bart E. Volkmer, am the ECF User whose identification and password are being used to file the **[Proposed] Stipulated Protective Order**.  In compliance with the Electronic Filing Procedures, I hereby attest that Shawn A. Mangano has concurred in this filing.

DATED:  March 29, 2011                              WILSON SONSINI GOODRICH & ROSATI
                                                    Professional Corporation


                                                    By:   /s/ Bart E. Volkmer
                                                              Bart E. Volkmer

                                                    *Attorneys for Defendant/Counterclaimant*

-10-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 29th day of March 2011, I caused a copy of the foregoing

[Proposed] Stipulated Protective Order to be served using the Court's CM/ECF system.


                                                    /s/ Deborah Grubbs