1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

| | | |
|---|---|---|
| RIGHTHAVEN, LLC, a Nevada limited-liability company, | ) ) ) | Case No.: 2:10-cv-01343-RLH-PAL |
| Plaintiff, | ) ) | **O R D E R** |
| vs. | ) ) ) | (Motion to Dismiss–#17; Motion to Dismiss–#27) |
| THOMAS A. DIBIASE, an individual, | ) ) | |
| Defendant. | ) ) | |
| THOMAS A. DIBIASE, an individual, | ) ) | |
| Counterclaimant, | ) ) | |
| vs. | ) ) | |
| RIGHTHAVEN, LLC, a Nevada limited-liability company, | ) ) ) | |
| Counterdefendant. | ) ) | |

Before the Court is Defendant/Counterclaimant Thomas A. DiBiase's **Motion to Dismiss** (#17, filed Oct. 29, 2010) for failure to state a claim.  The Court has also considered Plaintiff/Counterdefendant Righthaven, LLC's Opposition (#29, filed Dec. 2, 2010), and DiBiase's Reply (#35, filed Dec. 15, 2010).

AO 72
(Rev. 8/82)

1      Also before the Court is Righthaven's **Motion to Dismiss** (#27, filed Dec. 1, 2010)

2  for failure to state a claim.  The Court has also considered DiBiase's Opposition (#37, filed Jan. 7,

3  2011), and Righthaven's Reply (#39, filed Jan. 17, 2011).

4  **BACKGROUND**

5      DiBiase maintains a website that publishes information regarding the prosecution of

6  so-called "no-body" murder cases—a homicide prosecution where the victim is missing and

7  presumed dead, but no body is found.  Righthaven filed suit against DiBiase for copyright

8  infringement alleging that DiBiase displayed a Las Vegas Review Journal article concerning a "no-

9  body" murder case on his website.  Righthaven claims to be the copyright owner of that article.

10  Righthaven's complaint seeks several remedies, only two of which are relevant for this order: (1)

11  an order transferring control of the domain name of DiBiase's website to Righthaven, and (2)

12  attorney's fees.  DiBiase brought a counterclaim against Righthaven for declaratory relief, asking

13  the Court to declare that he did not infringe on Righthaven's alleged copyright.

14      Both parties subsequently filed motions to dismiss under Rule 12(b)(6) of the

15  Federal Rules of Civil Procedure.  DiBiase's motion is limited to a request that the Court dismiss

16  Righthaven's demand for transfer of his website's domain name and for attorney's fees.

17  Righthaven's motion requests the Court to dismiss DiBiase's counterclaim.  For the reasons

18  discussed below, the Court denies Righthaven's motion and grants DiBiase's motion in part and

19  denies it in part.

20  **DISCUSSION**

21  **I.    Legal Standard**

22      A court may dismiss a plaintiff's complaint for "failure to state a claim upon which

23  relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Rule 12(b)(6) is an appropriate vehicle to

24  challenge legally deficient remedies.  *See Whittlestone v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th

25  Cir. 2010).  A properly pled complaint must provide "a short and plain statement of the claim

26  showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  While Rule 8 does not

AO 72
(Rev. 8/82)

1   require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic

2   recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

3   "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at

4   555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to

5   "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (internal citation

6   omitted).

7            In *Iqbal*, the Supreme Court recently clarified the two-step approach district courts

8   are to apply when considering motions to dismiss.  First, a district court must accept as true all

9   well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the

10  assumption of truth.  *Id.* at 1950.  Mere recitals of the elements of a cause of action, supported only

11  by conclusory statements, do not suffice.  *Id.* at 1949.  Second, a district court must consider

12  whether the factual allegations in the complaint allege a plausible claim for relief.  *Id.* at 1950.  A

13  claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw

14  a reasonable inference that the defendant is liable for the alleged misconduct.  *Id.* at 1949.  Where

15  the complaint does not permit the court to infer more than the mere possibility of misconduct, the

16  complaint has "alleged—but not shown—that the pleader is entitled to relief."  *Id.* (internal

17  quotation marks omitted).  When the claims in a complaint have not crossed the line from

18  conceivable to plausible, plaintiff's complaint must be dismissed.  *Twombly*, 550 U.S. at 570.

19  **II.      DiBiase's Motion to Dismiss**

20           As mentioned above, DiBiase's motion is limited to a request that the Court dismiss

21  Righthaven's demand for an order transferring DiBiase's website domain name to Righthaven and

22  for attorney's fees.

23           **A.      Transfer of Domain Name**

24           Righthaven's complaint requests the Court to direct Heritage Web Design, LLC, the

25  current registrar of DiBiase's website domain name (www.nobodycases.com), to lock that domain

26  and transfer control of it to Righthaven.  However, "[t]he remedies for infringement 'are only

1   those prescribed by Congress,'" *Sony Corp. Of Am. v. Universal City Studios, Inc.*, 464 U.S. 417,

2   431 (1984) (quoting *Thompson v. Hubbard*, 131 U.S. 123, 151 (1889)), and Congress has never

3   expressly granted plaintiffs in copyright infringement cases the right to seize control over the

4   defendant's website domain.  Therefore, the Court finds that Righthaven's request for such relief

5   fails as a matter of law and is dismissed.

6          **B.     Attorney's Fees**

7          Righthaven's complaint also requests attorney's fees incurred by Righthaven in this

8   action pursuant to 17 U.S.C. § 505.  Under § 505, the Court has discretion to award reasonable

9   attorney's fees to the prevailing party.  DiBiase argues that the Court should dismiss Righthaven's

10  request for attorney's fees because such relief requires an independent attorney-client relationship.

11  DiBiase further argues that because Righthaven's principals are its lawyers there is not an

12  independent attorney-client relationship.  Although the Court finds merit in DiBiase's argument, it

13  nevertheless denies his motion because any determination on attorney's fees at this point in the

14  litigation is simply premature.

15  **III.    Righthaven's Motion to Dismiss**

16         DiBiase's counterclaim against Righthaven seeks a declaration by the Court that

17  DiBiase has not infringed Righthaven's copyright.  Righthaven asks the Court to dismiss that

18  counterclaim because it is unnecessary and duplicative of the issues already presented in

19  Righthaven's complaint.  The Court disagrees.  The Court finds that DiBiase's counterclaim serves

20  a useful purpose because, among other things, it will guide DiBiase's website operations (and the

21  operations of other, similarly situated parties) in the future.  Furthermore, the Court finds that

22  DiBiase has pled sufficient facts to make his request for declaratory relief a plausible claim.

23  Therefore, the Court denies Righthaven's motion.

24  ///

25  ///

26  ///

AO 72
(Rev. 8/82)

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that DiBiase's Motion to Dismiss (#17) is GRANTED in part and DENIED in part, as described herein.

IT IS FURTHER ORDERED that Righthaven's Motion to Dismiss (#27) is DENIED.

Dated: April 15, 2011

_____
**ROGER L. HUNT**
**Chief United States District Judge**

AO 72
(Rev. 8/82)