COLLEEN BAL (*pro hac vice*)
cbal@wsgr.com
BART E. VOLKMER (*pro hac vice*)
bvolkmer@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, Ca 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 493-6811

KURT OPSAHL (*pro hac vice*)
kurt@eff.org
CORYNNE MCSHERRY (*pro hac vice*)
corynne@eff.org
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, Ca 94110
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

CHAD BOWERS
bowers@lawyer.com
CHAD A. BOWERS, LTD
Nevada State Bar No. 7283
3202 West Charleston Boulevard
Las Vegas, Nevada 89102
Telephone: (702) 457-1001

Attorneys For Defendant & Counterclaimant
THOMAS A. DIBIASE

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

RIGHTHAVEN LLC, a Nevada limited-liability company,

                    Plaintiff,

          v.

THOMAS A. DIBIASE, an individual,

                    Defendant.

_____

THOMAS A. DIBIASE, an individual,

                    Counterclaimant,

          v.

RIGHTHAVEN LLC, a Nevada limited-liability company,

                    Counter-defendant.

_____

CASE NO.:  2:10-cv-01343-RLH-PAL

**DEFENDANT/COUNTERCLAIMANT THOMAS A. DIBIASE'S NOTICE OF MOTION AND MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS FROM PLAINTIFF/COUNTER-DEFENDANT RIGHTHAVEN LLC**

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION TO COMPEL ............................................................ 1

LOCAL RULE 26-7(B) CERTIFICATION ........................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................ 1

I.     INTRODUCTION ............................................................................................................ 1

II.    FACTUAL BACKGROUND ........................................................................................ 2

    A.    The Parties' Claims and Defenses ................................................................. 2

    B.    DiBiase's First Set of Requests for Production and Righthaven's Deficient
         Responses ........................................................................................................ 2

III.   ARGUMENT ............................................................................................................... 4

    A.    DiBiase's Document Requests Seek Relevant Information. .................................. 4

         1.    Righthaven Should Produce Fair-Use Documents. ..................................... 4

         2.    Righthaven Should Produce Damages Documents. .................................... 6

         3.    Righthaven Should Produce Documents Related To The Defenses
              Of Implied License, Waiver, Estoppel and Failure to Mitigate. ............... 7

         4.    Righthaven Should Produce Documents Related To Copyright
              Misuse and DiBiase's Request For Attorney's Fees. ................................. 7

         5.    Righthaven Should Produce Documents Related To Barratry And
              Champerty. ................................................................................................ 8

         6.    Righthaven Should Produce Documents Related To DiBiase's
              Counterclaim. ........................................................................................... 11

    B.    Righthaven Cannot Rely on Its Boilerplate Objections in Refusing to
         Respond to DiBiase's Legitimate Discovery Requests ....................................... 11

    C.    Righthaven Should Be Ordered To Produce Documents Residing With
         Stephens Media. ............................................................................................. 12

    D.    Righthaven Should Be Ordered To Comply With Its Production
         Agreements And Produce A Privilege Log. .................................................... 14

IV.   CONCLUSION ......................................................................................................... 15

1

## **TABLE OF AUTHORITIES**

2

**Page**

3

## **CASES**

4

*Boz Scaggs Music v. KND Corp.*, 491 F. Supp. 908 (D. Conn. 1980) ............................................ 6

5

*Campbell v. Acuff-Rose Music*, 510 U.S. 569 (1994) ................................................................ 5

6

*Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.*, 890 F.2d 165 (9th Cir. 1989) ................................. 8

7

*Feldman v. Pokertek*, Case No. 2:09-cv-01598-JCM-LRL, 2010 WL 4940059 (D.

8

     Nev. Nov. 30, 2010) ................................................................................................ 12

9

*Graham v. Casey's General Stores*, 206 F.R.D. 251 (S.D. Ind. 2000) ........................................ 4

10

*Hawecker v. Sorenson*, Case No. 1:10-cv-00085-OWW-JLT, 2011 WL 98598

11

     (E.D. Cal. Jan. 12, 2011) ........................................................................................ 12

12

*Jackson v. Montgomery Ward & Co., Inc.*, 173 F.R.D. 524 (D. Nev. 1997) ................................. 4

13

*JPMorgan Chase Bank, N.A. v. KB Home*, Case No. 2:08-cv-1711-PMP-RJJ, 2010

     WL 199478 (D. Nev. May 18, 2010) ...................................................................... 14

14

*JPMorgan Chase Bank v. Winnick*, 228 F.R.D. 505 (S.D.N.Y. 2005) ........................................ 14

15

*Koninklijke Philips Elec. N.V. v. KXD Tech., Inc.*, Case No. 2:05-cv-01532-RLH-

16

     GWF, 2007 WL 778153 (D. Nev. Mar. 12, 2007) ............................................ 4, 11, 12

17

*Lasercomb Am., Inc. v. Reynolds*, 911 F.2d 970 (4th Cir. 1990) ................................................. 8

18

*Martin v. Morgan Drive Away, Inc.*, 665 F.2d 598 (5th Cir. 1982) .............................................. 8

19

*Righthaven LLC v. Jama and Center for Intercultural Organizing*, Case No. 2:10–

     CV–1322-JCM-LRL, 2011 WL 1541613 (D. Nev. Apr. 22, 2011) ......................... 4, 5, 6

20

*Righthaven LLC v. DiBiase*, Case No. 2:10-cv-01343-RLH-PAL, 2011 WL

21

     1458778 (D. Nev. Apr. 15, 2011) ............................................................................ 7

22

*Righthaven LLC v. Loosle*, Case No. 2:11-cv-00627-KJD ......................................................... 8

23

*Righthaven LLC v. Pahrump Life*, Case No. 2:10-cv-01575-JCM .............................................. 13

24

*Righthaven LLC v. Realty One Group, Inc.*, Case No. 2:10-cv -1036-LRH-PAL,

     2010 WL 4115413 (D. Nev. Oct. 19, 2010) .............................................................. 4

25

*Righthaven LLC v. Jama and Center for Intercultural Organizing*, Case No. 2:10-

26

     cv-01322-JCM-LRL, Docket No. 24 at 23-24 (D. Nev. 2010) .................................... 5

27

*Sony BMG Music Entm't v. Tenenbaum*, 721 F. Supp. 2d 85 (D. Mass. 2010) ............................ 6

28

*Viacom Int'l., Inc. v. YouTube, Inc.*, C-08-80211 MISC. JF (PVT), 2009 WL

     102808, at *4-*5 (N.D. Cal. Jan. 14, 2009) ............................................................... 7

1

**STATUTES**

2    17 U.S.C. § 107 ........................................................................................................ 4

3    17 U.S.C. § 107(1) .................................................................................................. 6

4    17 U.S.C. § 107(4) .................................................................................................. 5

5

**RULES**

6    Local Rule 26-7 ................................................................................................... 1, 5

7    Fed. R. Civ. P. 26 .................................................................................................. 4

8    Fed. R. Civ. P. 34 ............................................................................... 11, 12, 13, 14

9    Fed. R. Civ. P. 37 .................................................................................................. 1

10

**MISCELLANEOUS**

11   William Patry, 2 PATRY ON COPYRIGHT, § 5:136 at 5-293 (2009) ................................. 8

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **NOTICE OF MOTION AND MOTION TO COMPEL**

2    Pursuant to Fed. R. Civ. P. 37(a)(1), Fed. R. Civ. P. 37(a)(3)(B)(iv), and Local Rule 26-7,

3    Defendant/counterclaimant Thomas A. DiBiase ("DiBiase") respectfully moves to compel

4    Plaintiff/counter-defendant Righthaven LLC ("Righthaven") to produce documents responsive to

5    DiBiase's First Set of Requests for Production of Documents (served January 20, 2011) and to

6    provide a log for any documents that Righthaven is withholding on privilege grounds.  This

7    motion is supported by the accompanying memorandum of points and authorities, the declaration

8    of Bart E. Volkmer ("Volkmer Decl."), any arguments of counsel, and any other matters that the

9    Court deems appropriate when considering the motion.

10   **LOCAL RULE 26-7(B) CERTIFICATION**

11   Counsel for DiBiase certifies that after personal consultation with Righthaven's counsel,

12   and sincere effort to do so, they have been unable to resolve this matter without court action.  *See*

13   Volkmer Decl., ¶¶ 5, 9-10.

14   **MEMORANDUM OF POINTS AND AUTHORITIES**

15   **I.    INTRODUCTION**

16   Righthaven has made little attempt to comply with its document-production obligations

17   in this case, much less meet them.  Righthaven initially refused to produce *any non-public*

18   *documents* in response to DiBiase's First Set of Requests for Production of Documents.  After

19   four meet-and-confer sessions, Righthaven still refuses to produce a substantial number of

20   undeniably relevant documents related to: (1) fair use; (2) damages; (3) the defenses of implied

21   license, waiver, estoppel and failure to mitigate; (4) copyright misuse; (5) barratry and

22   champerty; and (6) DiBiase's counterclaim of non-infringement.  In support of its position,

23   Righthaven offers nothing more than boilerplate objections that are both unsubstantiated and

24   evasive.

25   In addition, Righthaven has refused to produce documents in the possession of Stephens

26   Media LLC ("Stephens"), the company that allegedly assigned the copyright at issue in this case

27   to Righthaven.  Documents located at Stephens are within Righthaven's possession, custody and

28

control based on a Strategic Alliance Agreement ("SAA") that gives Righthaven the legal right to obtain relevant documents—even privileged documents—that are stored at Stephens.

Further, while Righthaven agreed to produce some documents during the parties' meet-and-confer sessions, it has not made good on those promises.  Indeed, Righthaven has not produced *any documents* in response to the production requests that DiBiase served in January, and there is no indication that it intends to do so.  DiBiase respectfully requests that the Court overrule Righthaven's objections and order it to produce responsive documents expeditiously along with a log of materials being withheld on privilege grounds.

## II.      FACTUAL BACKGROUND

### A.      The Parties' Claims And Defenses

On August 9, 2010, Righthaven filed this copyright infringement action against DiBiase. Righthaven alleges that DiBiase, a former Assistant United States Attorney, violated one of its copyrights by posting to his non-commercial criminal justice blog a June 11, 2010 *Las Vegas Review-Journal* ("LVRJ") article concerning a "no body" murder case that was tried in Las Vegas (the "McMurdo Article").  Compl. ¶ 9.  Righthaven claims ownership of the McMurdo Article based on an alleged assignment from Stephens Media, the publisher of the LVRJ.  Compl., Ex. 4.

On October 29, 2010, DiBiase answered the complaint and filed a counterclaim.  *See* Docket No. 19.  The counterclaim alleges that this case is part of a "series of abusive lawsuits filed by Righthaven" against individuals and small entities.  *Id*. at ¶ 2.  The counterclaim further asserts that DiBiase's use of the highly factual McMurdo Article was protected by the doctrine of fair use: his website is non-commercial and it serves a public interest by "assisting prosecutors and homicide investigators in bringing justice to the friends and families of 'no body' murder victims." *Id*. at ¶¶ 19-20.  DiBiase's answer to Righthaven's complaint asserts various defenses, including failure to mitigate, copyright misuse, estoppel, waiver, barratry and champerty.  *Id*. at 4-5.

### B.      DiBiase's First Set Of Requests For Production And Righthaven's Deficient Responses

On January 20, 2011, DiBiase served on Righthaven a First Set of Requests for Production. *See* Volkmer Decl., Ex. A.  Righthaven's response—served on February 25, 2011—was evasive in

1   the extreme.  *See id.*, Ex. B.  Righthaven asserted almost identical objections to all 105 requests,

2   and refused to produce even one document that was not—in Righthaven's view—publicly

3   available.  *Id.*  Righthaven's strategy when responding to DiBiase's straightforward production

4   requests was to object to nearly every word as being vague, overbroad and ambiguous.[1]  By

5   employing this approach, Righthaven apparently hoped to grant itself a unilateral extension of time

6   to provide responses to DiBiase's production requests.

7          On March 2, 2011, DiBiase's counsel wrote to Righthaven, pointing out the deficiencies in

8   Righthaven's response.  *Id.*, Ex. C.  The parties met and conferred on four occasions.  *Id.* at ¶ 5.

9   During those conversations, DiBiase's counsel explained the relevance of his requests, and

10  attempted to address Righthaven's objections.  *Id.*  Despite its initial position that it would produce

11  no documents, Righthaven ultimately retracted many of its objections, and agreed to produce some

12  documents.  *Id.*, Ex. D.  Righthaven still refuses, however, to produce documents responsive to

13  nearly half of DiBiase's document requests, including Request Nos. 30-34, 39, 45-47, 51, 53-56,

14  58, 63-74, 85-88, 91-94, 97-102, and 104-105.[2]  *Id.*  In addition, Righthaven has not made good on

15  its promise to produce responsive documents for the remaining requests.  Righthaven has not

16  produced *any documents* in response to DiBiase's requests, including the most basic evidence in

17  this case, such as the alleged assignment of the copyright in the McMurdo Article from Stephens to

18  Righthaven, communications from Righthaven to the Copyright Office, and the copyright

19  registration itself.  Volkmer Decl. ¶ 6.[3]   Notwithstanding its rights under the SAA, Righthaven

20  also takes the position that documents residing at Stephens are not within its possession, custody or

21  control and has refused to turn over those documents.  *Id.*, Ex. D at 2.

22  _____

23      [1] For example, Righthaven objected to the definition of "LVRJ."  *See* Volkmer Decl., Ex. B
24  at Response No. 2.  DiBiase defined "LVRJ" as the "Las Vegas Review-Journal."  Volkmer
    Decl., Ex. A at 1.

25      [2] Subject to limitations with which DiBiase does not agree, Righthaven did agree to make a
26  limited production in response to Requests Nos. 45, 63, and 74.  However, no production has
    been forthcoming for those requests.  *See* Volkmer Decl. Ex. D at 2.

27      [3] Righthaven has turned over a small number of documents pursuant to Supplemental Initial
28  Disclosures, not in response to DiBiase's document requests. Volkmer Decl. ¶ 6.

THOMAS A. DIBIASE'S MOTION TO COMPEL          -3-
THE PRODUCTION OF DOCUMENTS

### III.   ARGUMENT

DiBiase's document requests seek information reasonably calculated to lead to the discovery of admissible evidence, and Righthaven's objections lack merit.  Accordingly, Righthaven should be ordered to produce responsive documents expeditiously, including documents located at Stephens.

### A.   DiBiase's Document Requests Seek Relevant Information.

DiBiase is entitled to "obtain discovery regarding any nonprivileged matter this is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  *Id.*  "[D]iscovery should be allowed unless the information sought has no conceivable bearing on the case."  *Jackson v. Montgomery Ward & Co., Inc.*, 173 F.R.D. 524, 528 (D. Nev. 1997).  "The party opposing discovery has the burden of showing the discovery is overly broad, unduly burdensome or not relevant."  *Koninklijke Philips Elec. N.V. v. KXD Tech., Inc.*, Case No. 2:05-cv-01532-RLH-GWF, 2007 WL 778153, at *4 (D. Nev. Mar. 12, 2007) (citing *Graham v. Casey's General Stores*, 206 F.R.D. 251, 253-54 (S.D. Ind. 2000)).  Righthaven cannot carry that burden – the discovery DiBiase seeks easily satisfies Rule 26's standard.

### 1.   Righthaven Should Produce Fair-Use Documents.

Many of DiBiase's requests seek documents related to his fair use defense.  A fair use "is not an infringement of copyright," 17 U.S.C. § 107, and provides a complete defense in a copyright-infringement action.  Other Righthaven cases in this district have been dismissed on fair-use grounds. *See Righthaven LLC v. Jama and Center for Intercultural Organizing*, Case No. 2:10–CV–1322-JCM-LRL, 2011 WL 1541613 (D. Nev. Apr. 22, 2011) (dismissing case based on fair use after issuing an order to show cause); *Righthaven LLC v. Realty One Group, Inc.*, Case No. 2:10-cv -1036-LRH-PAL, 2010 WL 4115413 (D. Nev. Oct. 19, 2010) (dismissing case on the pleadings based on fair use).  Accordingly, DiBiase is entitled to fulsome discovery on this important topic.

1    The fourth fair-use factor examines "the effect of the use upon the potential market for or

2    value of the copyrighted work."  17 U.S.C. § 107(4).  DiBiase is entitled to explore in discovery

3    the contours of Righthaven's market—if there is one—for allegedly "assigned" newspaper

4    articles.  Indeed, Judge Mahan recently entered summary judgment against Righthaven, finding

5    on the fourth fair-use factor that Righthaven "has failed to allege that a 'market' exists for its

6    copyright at all" and that "Righthaven cannot claim the LVRJ's market as its own and is not

7    operating as a traditional newspaper." *Jama*, 2011 WL 1541613 at \*4-\*5.

8    Against this backdrop, Righthaven should be required to produce documents: (i) showing

9    whether it has actually engaged in commercial exploitation of news articles other than by filing

10   lawsuits; and (ii) providing details about its litigation-based exploitation and enforcement of

11   allegedly assigned news articles.  *Cf. Campbell v. Acuff-Rose Music*, 510 U.S. 569, 590-94

12   (1994).  Righthaven, however, has refused to produce documents relating to these topics.  *See*

13   Request Nos. 30 (Righthaven's commercial exploitation of news articles), 31 (Righthaven's

14   license agreements), 32 (Righthaven's licensing efforts), 33 (Righthaven's settlement

15   agreements), 34 (Righthaven's settlement negotiations), 53 (Righthaven's revenues from news

16   articles), 54 (Righthaven's non-litigation revenues), and 105 (Righthaven's business model,

17   business plan and revenue stream).[4]  Because they are directly relevant to fair use, Righthaven

18   should be ordered to produce documents in response to Request Nos. 30, 31, 32, 33, 34, 53, 54

19   and 105.  *See also* Request Nos. 46-47 and 51, discussed *infra* at III.A.2.[5]

20   In addition, DiBiase has served requests directed at the first fair-use factor, "the purpose

21   and character of the use, including whether such use is of a commercial nature or is for nonprofit

22   educational purposes."  17 U.S.C. § 107(1).  DiBiase asserts that the non-commercial posting of

23

24   [4] Request No. 105 seeks "[a]ll documents that reflect 'Righthaven's business model, business plan, [and/or] revenue stream.'"  Righthaven itself asserted in a court filing that such documents

25   are relevant to the fourth fair-use factor.  *See Righthaven LLC v. Jama and Center for Intercultural Organizing*, Case No. 2:10-cv-01322-JCM-LRL, Docket No. 24 at 23-24 (D. Nev.

26   2010).

27   [5] Pursuant to Local Rule 26-7(a) and due to the voluminous nature of the materials, DiBiase

28   sets forth the text of the discovery originally sought, the responses thereto, and the relevance grounds for each request as an appendix at the conclusion of this memorandum.

THOMAS A. DIBIASE'S MOTION TO COMPEL          -5-
THE PRODUCTION OF DOCUMENTS

1  freely available newspaper articles for educational purposes constitutes fair use, and he intends to

2  show that such a view is widely held.  *See, e.g., Jama*, 2011 WL 1541613 at *2-*3.  Righthaven

3  takes a different view.  Its CEO, Steven Gibson, claims that there are "communications to my

4  company saying, 'What can I do to change my behavior, so I'm not disrespecting someone else's

5  copyrights?'"  *See* http://www.law.com/jsp/cc/PubArticleCC.jsp?id=1202466627090

6  &Is_This_the_Birth_of_the_Copyright_Troll.  DiBiase doubts that such communications exist

7  and has asked for them in discovery.  *See* Document Request No. 104.  Righthaven should be

8  required to produce these alleged communications because they are relevant to the first fair-use

9  factor.[6]

10              **2.       Righthaven Should Produce Damages Documents.**

11              DiBiase has served document requests related to Righthaven's actual damages claims.

12  While Righthaven seeks only statutory damages in this case, Volkmer Decl., Ex. D at 2, that

13  does not moot DiBiase's right to obtain information related to actual damages.  Any statutory

14  damages award would need to bear a reasonable relationship with the actual damages allegedly

15  suffered to comport with due process, *Sony BMG Music Entm't v. Tenenbaum*, 721 F. Supp. 2d

16  85, 111-115 (D. Mass. 2010), and actual-damages information would guide a fact finder when

17  making a statutory-damages assessment in the first instance.  *See, e.g., Boz Scaggs Music v. KND

18  Corp.*, 491 F. Supp. 908, 914 (D. Conn. 1980) (considering license fees in setting a statutory

19  damages award).  DiBiase is entitled to take full discovery concerning any actual damages that

20  Righthaven has allegedly suffered.  *See* Request Nos. 46 ("All documents supporting any claim

21  that Righthaven suffered actual damages from the alleged infringement claimed in its Complaint

22  in this action."), 47 ("All documents supporting any claim that Stephens Media suffered actual

23  damages from the alleged infringement claimed in Righthaven's Complaint in this action."), and

24  51 ("All tax returns filed by Righthaven with any governmental body."); *see also* Request Nos.

25  30-34, 53-54, 105, discussed *supra* at III.A.1.

26

27  _____

28              [6] In addition, this information is relevant to Mr. Gibson's credibility.

### 3.   Righthaven Should Produce Documents Related To The Defenses Of Implied License, Waiver, Estoppel And Failure to Mitigate.

DiBiase has asserted a number of defenses that flow from Righthaven's decisions to allow the content it claims to own to remain online when posted by third parties, including implied license, waiver, estoppel, and failure to mitigate. Docket No. 19 at 4-5. Righthaven has refused to produce documents related to these defenses. Specifically, DiBiase seeks documents related to Righthaven's technology for finding alleged infringements online, and Righthaven's enforcement efforts with respect to the McMurdo Article and other news articles. *See* Request Nos. 45 ("Documents sufficient to identify the functionality of Righthaven's technological measures to identify content online that it considers infringing."), 39 ("All intellectual property enforcement efforts with respect to the McMurdo Article."), and 71 ("All communications between Righthaven and any third party concerning alleged copyright infringement by that third party."). DiBiase is entitled to documents responsive to these requests to show that Righthaven and Stephens had the capability to find (or actually found) the blog post at issue in this case long before giving DiBiase notice. Such a demonstration would undercut Righthaven's claims of harm and give rise to the defenses referenced above. These documents are relevant and should be produced. *See Viacom Int'l., Inc. v. YouTube, Inc.*, Case No. C-08-80211 MISC. JF (PVT), 2009 WL 102808, at *4-*5 (N.D. Cal. Jan. 14, 2009) (ordering content monitoring and enforcement company to produce documents concerning content identification efforts undertaken on behalf of a plaintiff in copyright-infringement lawsuit).

### 4.   Righthaven Should Produce Documents Related To Copyright Misuse And DiBiase's Request For Attorney's Fees.

Request Nos. 55 and 56 seek documents related to Righthaven's decision to request the remedy of domain-name transfer in this and other actions. These requests seek information supporting DiBiase's affirmative defense of copyright misuse. *See* Docket No. 19 at 4. As this Court has held, copyright holders are not entitled to seek domain-name transfer under the Copyright Act. *Righthaven LLC v. DiBiase*, Case No. 2:10-cv-01343-RLH-PAL, 2011 WL

1458778, at *2 (D. Nev. Apr. 15, 2011).[7]  By doing so, Righthaven has engaged in copyright

misuse.  *See Lasercomb Am., Inc. v. Reynolds*, 911 F.2d 970, 978 (4th Cir. 1990) (copyright

misuse occurs when one uses a copyright "in a manner violative of the public policy embodied in

the grant of a copyright.").  Righthaven's motivations for seeking this remedy are also relevant to

whether it asserted the domain-name transfer remedy in bad faith – a finding that would support

DiBiase's claim to attorney's fees under the Copyright Act in the event that he prevails in this

action.  *See Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.*, 890 F.2d 165, 175 (9th Cir. 1989).

### 5.   Righthaven Should Produce Documents Related To Barratry And Champerty.

DiBiase alleges as an affirmative defense that Righthaven is engaged in barratry and

champerty.  "A champertous agreement is one in which a person without interest in another's

litigation undertakes to carry on the litigation at his own expense, in whole or in part, in

consideration of receiving, in the event of success, a part of the proceeds of the litigation."

*Martin v. Morgan Drive Away, Inc.*, 665 F.2d 598, 603 (5th Cir. 1982) (quoted with approval by

the Nevada Supreme Court in *Schwartz v. Eliades*, 113 Nev. 586, 588, 939 P.2d 1034 (Nev.

1997)).   In copyright litigation, "the successful assertion of [champerty] results in the voiding of

the champertous agreement."  William Patry, 2 PATRY ON COPYRIGHT, § 5:136 at 5-293 (2009).

DiBiase asserts that the purported copyright assignment from Stephens to Righthaven is a sham

and that Righthaven is engaged in champerty and barratry by filing litigation on copyrights that it

does not own.  *See* Docket No. 47 at 10-13.  Request Nos. 58, 63-74, and 97-102 seek

information relevant to these defenses:

**Request Nos. 63-65**:  Righthaven is an LLC owned by two entities:  Net Sortie Systems,

LLC (a shell company apparently owned by Righthaven's principal Steven Gibson) and SI

---

[7] Notably, Righthaven has continued to seek domain-name transfer as a remedy in cases filed after this Court held that a "request for such relief fails as a matter of law."  *See Righthaven LLC v. Loosle*, Case No. 2:11-cv-00627-KJD -LRL, Docket No. 1 at 15 (D. Nev. April 21, 2011) (requesting "the surrender to Righthaven of all hardware, software, electronic media and domains, including the Domain used to store, disseminate and display the unauthorized versions of any and all copyrights works").

1   Content Monitor, LLC (a shell company that, pursuant to Section 2 of the SAA, is obligated to

2   be controlled by "common owners" with Stephens Media).  DiBiase is entitled to conduct

3   discovery of Righthaven's agreements with Stephens, Net Sortie, and SI Content Monitor to

4   disentangle the intentionally convoluted corporate structure that these parties have set up to

5   prosecute infringement actions.  Request Nos. 63-65 seek those very agreements.[8]

6          **Request No 58**:  This request seeks documents regarding Righthaven's creation.

7   Responsive documents will shed light on the founding purpose and intent of the company.

8   Righthaven produced its Operating Agreement in a supplemental initial disclosure.  Volkmer

9   Decl., ¶ 6.  However, Righthaven has not provided any other documents concerning its creation.

10   The company obviously did not spring into existence from nothing: there must have been a

11   number of drafts of the Operating Agreement, along with founding documents, and

12   communications between Steven Gibson, Righthaven employees, Stephens employees, and

13   representatives of Righthaven owners SI Content Monitor and Net Sortie Systems, LLC.  *See*

14   Volkmer Decl., Ex. J at § 19.1(a) (describing various "explanatory communications" between

15   Stephens and Net Sortie that occurred "apart from" the Operating Agreement).  Righthaven

16   should produce this information so that DiBiase can evaluate, and be able to present to the fact

17   finder, the full story of Righthaven's conception and founding.

18          **Request Nos. 66-67:**  Righthaven has engaged clients other than Stephens to participate

19   in its litigation-driven business model, including WEHCO Media and MediaNews Group.  *See*

20   Volkmer Decl., Exs. E and F.  DiBiase seeks Righthaven's agreements with WEHCO Media and

21   MediaNews Group to demonstrate that Righthaven has engaged in barratry: a pattern and

22   practice of entering into champertous agreements.  That showing would also defeat any claim by

23   Righthaven that it was not acting with a sufficiently culpable state of mind to support a finding

24   of champerty in this case.

25   _____

26       [8] Righthaven has agreed to produce documents in response to Request No. 63 (seeking
agreements between Righthaven and Stephens), but has refused to produce settlement

27   agreements.  *See* Volkmer Decl. Ex. D at 2.  That limitation is inappropriate.  Settlement
agreements in which Stephens is a signatory will show that Stephens, not Righthaven, is the true

28   owner of copyrights that have allegedly been assigned to Righthaven.

1    **Request Nos. 68-70**:  At its founding, Righthaven was a company that primarily

2    employed lawyers, including its CEO Steven Gibson, as well as Charles Coons and Joseph Chu.

3    *See* ECF Attorney Listing for Case No. 2:10-cv-01343-RLH-PA.  DiBiase seeks Righthaven's

4    agreements with these lawyer-employees to demonstrate that Righthaven is much more akin to

5    an outside counsel filing litigation on behalf of Stephens, than an independent outfit enforcing its

6    own intellectual property rights.

7    **Request No. 71:**  DiBiase intends to demonstrate in this action that Righthaven does not

8    have a legitimate interest in the copyrights that is purports to enforce through litigation and

9    settlement demands.  Request No. 71 seeks Righthaven's communications with third parties

10   concerning Righthaven's infringement allegations.  Responsive documents will show Righthaven

11   behaving not as an aggrieved intellectual property owner, but as the enforcement arm and agent

12   of Stephens.

13   **Request No. 72:**  This request seeks "[a]ll analyses regarding Righthaven's anticipated

14   recovery from its copyright infringement actions."  These documents will demonstrate the extent

15   of the proceeds that Righthaven intended to receive in the event of success in its lawsuits.

16   **Request No. 73:**  Request No. 73 seeks "[a]ll documents, including any opinion letters,

17   regarding the legality of Righthaven's business model."  Documents responsive to this request

18   will show whether or not Righthaven proceeded with its litigation campaign despite knowing

19   that a court might deem it unlawful.

20   **Request No. 74:**  Perhaps the best way to demonstrate that Righthaven does not have a

21   legitimate interest in the Stephens' news articles and that it has undertaken to prosecute cases on

22   Stephens' behalf is to evaluate the communications that have gone back and forth between

23   Righthaven and Stephens.   Righthaven, however, has refused to produce the "communications

24   between Righthaven and Stephens Media" sought by Request No. 74.[9]  These communications

25

26   ───────────────

27   [9] Righthaven has only agreed to produce communications between Righthaven and Stephens
     Media that relate to DiBiase.  *See* Volkmer Decl. Ex. D at 2.  That limitation is inappropriate
     because it would exclude all manner of highly relevant communications related to the

28   Righthaven's business model and the ownership of the works at issue in Righthaven's lawsuits.

1   are highly relevant to DiBiase's challenge to Righthaven's claimed ownership in the McMurdo

2   Article, as well as his barratry and champerty defenses, and should be produced.

3       **Request Nos. 97-102**:   Request Nos. 97-102 seek documents that constitute a subset of

4   those called for by Request No. 74.  They particularly seek Righthaven's communications with

5   the following Stephens' executives:  (1) Sherman Frederick (publisher of LVRJ and CEO of

6   Stephens at the time it began its affiliation with Righthaven); (2) Michael Ferguson (Frederick's

7   successor as CEO); (3) Bob Brown (Frederick's successor as publisher of the LVRJ); (3) Mark

8   Hinueber (Stephens' general counsel); (4) Jackson Farrow (counsel for Stephens' subsidiaries

9   and incorporator of SI Content Monitor); and (5) Warren Stephens (owner of Stephens Media).

10  These communications are relevant and should be produced.

### 6.     Righthaven Should Produce Documents Related To DiBiase's Counterclaim.

13      Request Nos. 85-88 and 91-94 seek documents that form the basis for Righthaven's

14  denials of specific factual allegations contained in DiBiase's counterclaim of non-infringement.

15  *See* Docket No. 28.  These requests by definition seek relevant information.  Indeed, Righthaven

16  has expressed a willingness to produce documents in response to Request No. 84, which seeks

17  "[a]ll documents supporting or refuting any allegation in Righthaven's reply to DiBiase's

18  Counterclaim."  *See* Volkmer Dec. Ex. D at 1.  But Righthaven inconsistently, and inexplicably,

19  refuses to produce documents to support its specific denials.  Righthaven should be ordered to

20  produce documents in response to Request Nos. 85-88 and 91-94.

### B.     Righthaven Cannot Rely On Its Boilerplate Objections In Refusing To Respond To DiBiase's Legitimate Discovery Requests.

23      In response to a motion to compel, Righthaven has the burden to demonstrate that its

24  objections should be sustained.  *Koninklijke*, 2007 WL 778153, at *4.  It cannot possibly make

25  that showing.  Righthaven initially responded to DiBiase's production requests with a torrent of

26  boilerplate objections.  *See* Volkmer Decl., Ex. B.  These objections were not interposed in good

27  faith and demonstrate an attempt to frustrate the discovery process.  For example:

28

1  • Righthaven repeatedly objects to DiBiase's definition of "documents" as "vague,

2  ambiguous, overly broad" and not in compliance with Rule 34.  *Id.*  DiBiase, however, defined

3  "documents" as "electronically stored information and all other information *referenced in Rule*

4  *34(a)(1)(A).*"  *Id.*, Ex. A at 1 (emphasis added).

5  • Righthaven objects to "the use of the term[] . . . Steven A. Gibson."  Response to

6  Request No. 68; Volkmer Dec., Ex. B.  That objection is patently insincere; Gibson is

7  Righthaven's CEO.

8  • Righthaven objects to the term "McMurdo Article."  *See, e.g.,* Volkmer Dec., Ex.

9  B at 2.  But DiBiase's definition of that term could not be clearer:  "the work referenced in

10  Paragraph 6 in Righthaven's Complaint in this action."  Volkmer Dec., Ex. A at 2.

11  In meet and confer sessions, Righthaven did not offer any convincing justifications for its

12  objections, and DiBiase is aware of none.  Instead, the parties' discussions revealed that

13  Righthaven is relying on boilerplate instead of substantiated claims of burden or a genuine

14  inability to understand the substance of DiBiase's requests.  That is insufficient.  *See Koninklijke*

15  *Philips Elec.*, 2007 WL 778153, at *4 ("Boilerplate, generalized objections are inadequate and

16  tantamount to not making any objection at all."); *see also Hawecker v. Sorenson*, Case No. 1:10-

17  cv-00085-OWW-JLT, 2011 WL 98598, at *2 (E.D. Cal. Jan. 12, 2011) ("Boilerplate objections

18  to a request for production are not sufficient."); *Feldman v. Pokertek*, Case No. 2:09-cv-01598-

19  JCM-LRL, 2010 WL 4940059, at *3 (D. Nev. Nov. 30, 2010) (finding boilerplate objections,

20  without any agreement to produce documents, to be "evasive or nonresponsive").  Righthaven's

21  objections to DiBiase's document requests should be overruled.

22  **C.   Righthaven Should Be Ordered To Produce Documents Residing With**
   **Stephens Media.**

23

24  Righthaven asserts that it will not produce documents located with Stephens Media.

25  Volkmer Decl, Ex. D at 2.  Those documents, however, are within Righthaven's possession,

26  custody or control, and Righthaven should be ordered to produce them.  "Federal courts have

27  consistently held that documents are deemed to be within the 'possession, custody or control' for

28  purposes of Rule 34 if the party has actual possession, custody or control, or has the legal right to

1  obtain the documents on demand."  8B Wright, Miller & Marcus, Federal Practice and Procedure

2  § 2177 (2010).  In this case, Righthaven has the legal right to obtain documents from Stephens

3  under a Strategic Alliance Agreement ("SAA") between the companies.  Volkmer Decl., Ex. G

4  (SAA §§ 9.6, 9.7, 9.8, and 10.2).

5          The effect of the SAA is currently being litigated by the parties.  DiBiase contends that

6  the agreement effectuates a sham assignment of copyrights from Stephens to Righthaven and that

7  Righthaven does not have sufficient rights in the "assigned articles" to maintain lawsuits.  *See*

8  Docket No. 47.  Righthaven believes that the SAA adequately transfers ownership in copyrights.

9  *See Righthaven LLC v. Pahrump Life*, Case No. 2:10-cv-01575-JCM -PAL, Docket No. 25 (May

10  9, 2011).  Regardless of the outcome of this dispute, the SAA makes abundantly clear that

11  Stephens and Righthaven are intimately connected.  *See e.g.* SAA § 2 (describing how

12  Righthaven's existence as an organization depended upon Stephens' participation).  Stephens has

13  hired Righthaven on an exclusive basis to look for alleged infringements of its news articles and

14  commence copyright litigation against certain defendants, with Stephens retaining the right to

15  decide whether and who Righthaven will sue.  SAA §§ 3.1-3.4; Volkmer Decl., Ex. G.  Stephens

16  splits 50% of the proceeds of Righthaven's lawsuits, less costs.  *Id*. at § 5.  And Stephens retains

17  broad rights to exploit the allegedly assigned articles, SAA § 7.2, as well as the ability to

18  terminate the alleged assignment at any time.  SAA § 8.[10]

19          Under the SAA, Righthaven has the legal right to obtain information from Stephens and

20  Stephens is obligated by contract to provide that information to Righthaven.  Specifically,

21  Stephens must:  (1) "cooperate fully and candidly" with respect to Righthaven's lawsuits; (2)

22  provide any information "that may aid Righthaven in the conduct of an Infringement Action,

23  including, without limitation, privileged or confidential Content"; (3) obtain any necessary third-

24  party consents to allow it to provide materials to Righthaven; and (4) allow Righthaven to act as

---

26  [10] Recently, in other cases, Righthaven has asserted that Sections 7.2 and 8 of the SAA were
   amended. *See e.g. Righthaven v. Democratic Underground*, 2:10-cv-01356-RLH -GWF Docket

27  No. 100.  Righthaven produced this amendment on May 12, 2011 as a supplemental initial
   disclosure. Under the new or old SAA, Stephens retains exclusive rights to exploit the works,

28  and has the ability to terminate Righthaven's interest at any time, in its sole discretion.

THOMAS A. DIBIASE'S MOTION TO COMPEL          -13-
THE PRODUCTION OF DOCUMENTS

1   its attorney-in-fact.  SAA §§ 9.6, 9.7, 9.8, and 10.2.  Based on these provisions, for purposes of

2   Rule 34, Righthaven possesses documents stored at Stephens.  A contrary ruling would lead to

3   the absurd result that Righthaven would be able to tap into Stephens' document repository at will

4   when prosecuting a case (even obtaining privileged materials), but could shield damaging

5   Stephens documents from discovery under the theory that Stephens' materials are beyond its

6   reach.  The Court should not countenance such discovery gamesmanship.

7        A recent decision from Magistrate Judge Johnston found that the plaintiff had possession,

8   custody, and control of documents stored at affiliated entities based on facts similar to the ones

9   presented here.  In *JPMorgan Chase Bank, N.A. v. KB Home*, Case No. 2:08-cv-1711-PMP-RJJ,

10  2010 WL 1994787 (D. Nev. May 18, 2010), JP Morgan sued several real-estate developers while

11  "acting as Administrative Agent" for various third-party lenders.  *Id*. at *2.  The defendants then

12  served Rule 34 requests on JP Morgan seeking documents within the possession of the third-

13  party lenders, and JP Morgan refused to comply.  *Id*.  The court had little trouble finding that JP

14  Morgan was obligated to collect documents from the lenders given the agency relationship

15  between them.  The Court agreed with a conclusion reached by the Southern District of New

16  York that it would be "both logically inconsistent and unfair to allow the right to sue to be

17  transferred to assignees free of the obligations that go with litigating the claim."  *Id*. at *5

18  (quoting *JPMorgan Chase Bank v. Winnick*, 228 F.R.D. 505, 506 (S.D.N.Y. 2005)).  That same

19  logic applies here.  Righthaven is Stephens' agent (as well as its attorney-in-fact) and it would be

20  unfair for Stephens, which expects to recover 50% of any proceeds of Righthaven litigation, to

21  evade the discovery obligations of a party by purporting to transfer its claims to Righthaven.

22        Righthaven should be ordered to produce any documents located at Stephens—or

23  Stephens' parents, subsidiaries or affiliates—that are responsive to DiBiase's document requests.

24        **D.      Righthaven Should Be Ordered To Comply With Its Production Agreements
              And Produce A Privilege Log.**

25

26        DiBiase served his document requests on January 20, 2011.  Righthaven initially refused

27  to produce any non-public documents in response to these requests.  In early March, Righthaven

28  agreed to produce documents in response to Request Nos. 1-29, 35-38, 40-44, 48-50, 52, 57, 59-

62, 75-84, 89-90, 95-96 and 103.  Volkmer Decl., Ex. D.  However, Righthaven has not turned

over *any* documents in response to these requests, including:  (1) the copyright registration for

the McMurdo Article and communications with the Copyright Office about that registration; (2)

the assignment agreement for the McMurdo Article and related communications and documents;

(3) email communications concerning the McMurdo Article;  (4) documents concerning

Righthaven's planned use of the McMurdo Article; and (5) documents concerning any effect on

the market for the McMurdo Article resulting from the allegations in Righthaven's complaint.

Nor has Righthaven provided a privilege log.

On April 29, 2011, DiBiase's counsel wrote to Righthaven's counsel and asked about the

status of Righthaven's document production and requested that Righthaven produce a privilege

log.  Volkmer Decl. Ex. H.  Righthaven did not respond.   DiBiase's counsel wrote again on May

4, 2011, but Righthaven ignored that overture as well.  Volkmer Decl. Ex. I.  It has become clear

that Righthaven does not intend to engage in a genuine document collection, review and

production in this action.  The Court should order Righthaven to do so without delay and to

provide a privilege log that complies with the Federal Rules.

**IV.    CONCLUSION**

For the foregoing reasons, DiBiase respectfully requests that the Court compel

Righthaven: (1) to produce documents in response to Document Request Nos. 30-34, 39, 45-47,

51, 53-56, 58, 63-74, 85-88, 91-94, 97-102, and 104-105; (2) to produce all responsive

documents residing at Stephens Media LLC (or its parents, subsidiaries or affiliates); (3) to

produce documents pursuant to its production agreements; and (4) to provide a privilege log.

Dated: May 18, 2011                              Respectfully submitted,

                                                 WILSON SONSINI GOODRICH & ROSATI
                                                 Professional Corporation

                                                 By: /s/ Bart E. Volkmer
                                                 Colleen Bal (*pro hac vice*)
                                                 Bart E. Volkmer (*pro hac vice*)
                                                 650 Page Mill Road
                                                 Palo Alto, California 94304

1    ELECTRONIC FRONTIER FOUNDATION

2    By: /s/ Kurt Opsahl
     Kurt Opsahl (*pro hac vice*)
3    Corynne McSherry (*pro hac vice*)
     454 Shotwell Street
4    San Francisco, CA 94110

5    CHAD A. BOWERS, LTD.

6    By: /s/ Chad Bowers
     Chad A. Bowers
7    NV State Bar Number 7283
     3202 W. Charleston Blvd.
8    Las Vegas, Nevada 89102

9    *Attorneys for Thomas A. DiBiase*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Appendix of Document Requests and Responses**

**Request No. 30**

All documents concerning Righthaven's commercial exploitation of any news article.

**Response to Request No. 30**

Righthaven objects to this request on the grounds that the definitions of "documents," "Righthaven's" are vague, ambiguous, overly broad and impose compliance requirements outside of those authorized under Rule 34. Righthaven further objects to this request as it is compound, overly broad, vague, and ambiguous in its use of the terms and phrases "concerning" and "commercial exploitation of any news article." Righthaven additionally objects to this request as calling for the production of irrelevant materials. Moreover, this request may invade the privacy rights of third parties. Righthaven additionally objects to this request on the grounds that it calls for the production of materials protected from discovery under the attorney work product doctrine and/or attorney client privilege. Righthaven further objects to this request on the ground that it calls for the disclosure of confidential and/or proprietary information and the parties have yet to enter into an agreeable Stipulated Protective Order in this case. As such, no protective order has been entered by the Court under which an appropriate confidentiality designation, if any, could be applied to responsive materials to the extent such materials exist.

**Relevance of material sought**: Fourth fair-use factor, damages, barratry and champerty.

**Request No. 31**

All license agreements that Righthaven has entered into.

**Response to Request No. 31**

Righthaven objects to this request on the grounds that the definition of "Righthaven" is vague, ambiguous, overly broad and impose compliance requirements outside of those authorized under Rule 34. Righthaven further objects to this request as it is compound, overly broad, vague, and ambiguous in its use of the terms and phrases "all license agreements" and "entered into." Righthaven additionally objects to this request as calling for the production of irrelevant materials. Moreover, this request may invade the privacy rights of third parties. Righthaven additionally objects to this request on the grounds that it calls for the production of materials protected from discovery under the attorney work product doctrine and/or attorney client privilege. Righthaven further objects to this request on the ground that it calls for the disclosure of confidential and/or proprietary information and the parties have yet to enter into an agreeable Stipulated Protective Order in this case. As such, no protective order has been entered by the Court under which an appropriate confidentiality designation, if any, could be applied to responsive materials to the extent such materials exist.

**Relevance of material sought**: Fourth fair-use factor, damages, barratry and champerty.

**Request No. 32**

All documents concerning Righthaven's licensing efforts.

**Response to Request No. 32**

Righthaven objects to this request on the grounds that the definition of "Righthaven" is vague, ambiguous, overly broad and impose compliance requirements outside of those authorized under Rule 34. Righthaven further objects to this request as it is compound, overly broad, vague, and ambiguous in its use of the terms and phrases "concerning" and "licensing

efforts." Righthaven additionally objects to this request as calling for the production of irrelevant materials. Moreover, this request may invade the privacy rights of third parties. Righthaven additionally objects to this request on the grounds that it calls for the production of materials protected from discovery under the attorney work product doctrine and/or attorney client privilege. Righthaven further objects to this request on the ground that it calls for the disclosure of confidential and/or proprietary information and the parties have yet to enter into an agreeable Stipulated Protective Order in this case. As such, no protective order has been entered by the Court under which an appropriate confidentiality designation, if any, could be applied to responsive materials to the extent such materials exist.

**Relevance of material sought**: Fourth fair-use factor, damages, barratry and champerty.

**Request No. 33**

All settlement agreements that Righthaven has entered into.

**Response to Request No. 33**

Righthaven objects to this request on the grounds that the definition of "Righthaven" is vague, ambiguous, overly broad and impose compliance requirements outside of those authorized under Rule 34. Righthaven further objects to this request as it is compound, overly broad, vague, and ambiguous in its use of the terms and phrases "all settlement agreements" and "entered into." Righthaven additionally objects to this request as calling for the production of irrelevant materials. Moreover, this request may invade the privacy rights of third parties. Righthaven additionally objects to this request on the grounds that it calls for the production of materials protected from discovery under the attorney work product doctrine and/or attorney client privilege. Righthaven further objects to this request on the ground that it calls for the disclosure of confidential and/or proprietary information and the parties have yet to enter into an agreeable Stipulated Protective Order in this case. As such, no protective order has been entered by the Court under which an appropriate confidentiality designation, if any, could be applied to responsive materials to the extent such materials exist.

**Relevance of material sought**: Fourth fair-use factor, damages, barratry and champerty.

**Request No. 34**

All documents concerning Righthaven's settlement negotiations and agreements.

**Response to Request No. 34**

Righthaven objects to this request on the grounds that the definitions of "documents" and "Righthaven" are vague, ambiguous, overly broad and impose compliance requirements outside of those authorized under Rule 34. Righthaven further objects to this request as it is compound, overly broad, vague, and ambiguous in its use of the terms and phrases "concerning" and "settlement negotiations and agreements." Righthaven additionally objects to this request as calling for the production of irrelevant materials. Moreover, this request may invade the privacy rights of third parties. Righthaven additionally objects to this request on the grounds that it calls for the production of materials protected from discovery under the attorney work product doctrine and/or attorney client privilege. Righthaven further objects to this request on the ground that it calls for the disclosure of confidential and/or proprietary information and the parties have yet to enter into an agreeable Stipulated Protective Order in this case. As such, no protective order has been entered by the Court under which an appropriate confidentiality designation, if any, could be applied to responsive materials to the extent such materials exist.

**Relevance of material sought**: Fourth fair-use factor, damages, barratry and champerty.

**Request No. 39**

All intellectual property enforcement efforts with respect to the McMurdo Article.

**Response to Request No. 39**

Righthaven objects to this request on the grounds that the definition of "McMurdo Article" is vague, ambiguous, overly broad and impose compliance requirements outside of those authorized under Rule 34.  Righthaven further objects to this request as it is compound, overly broad, vague, and ambiguous in its use of the terms and phrases "All intellectual property enforcement efforts."  Righthaven additionally objects to this request as calling for the production of irrelevant materials.  Moreover, this request may invade the privacy rights of third parties.  Righthaven additionally objects to this request on the grounds that it calls for the production of materials protected from discovery under the attorney work product doctrine and/or attorney client privilege.  Righthaven further objects to this request on the ground that it calls for the disclosure of confidential and/or proprietary information and the parties have yet to enter into an agreeable Stipulated Protective Order in this case.  As such, no protective order has been entered by the Court under which an appropriate confidentiality designation, if any, could be applied to responsive materials to the extent such materials exist.

**Relevance of material sought**:  Implied license, waiver, estoppel, failure to mitigate.

**Request No. 45**

Documents sufficient to identify the functionality of Righthaven's technological measures to identify content online that it considers infringing.

**Response to Request No. 45**

Righthaven objects to this request on the grounds that the definition of "Documents" and "Righthaven's" are vague, ambiguous, overly broad and imposes compliance requirements outside of those authorized under Rule 34.  Righthaven further objects to this request as compound, overly broad, vague and ambiguous in its use of the terms and phrases "functionality" and "technological measures to identify content online that it considers infringing."  Righthaven additionally objects to this request as calling for the production of irrelevant material and has been done solely for the purpose of harassment.  Righthaven additionally objects to this request on the grounds that it calls for the production of materials protected from discovery under the attorney work product doctrine and/or attorney client privilege.  Righthaven further objects to this request on the ground that it calls for the disclosure of confidential and/or proprietary information and the parties have yet to enter into an agreeable Stipulated Protective Order in this case.  As such, no protective order has been entered by the Court under which an appropriate confidentiality designation, if any, could be applied to responsive materials to the extent such materials exist.

**Relevance of material sought**:  Implied license, waiver, estoppel, failure to mitigate.

**Request No. 46**

All documents supporting any claim that Righthaven suffered actual damages from the alleged infringement claimed in its Complaint in this action.

**Response to Request No. 46**

Righthaven objects to this request on the grounds that the definitions of "documents" and "Righthaven" are vague, ambiguous, overly broad and impose compliance requirements outside of those authorized under Rule 34.  Righthaven further objects to this request as compound,

overly broad, vague and ambiguous in its use of the terms and phrases "supporting," "suffered," "actual damages" and "alleged infringement claimed." As such, Righthaven additionally objects to this request as calling for the production of irrelevant material as a request for statutory damages has been made in this case. Righthaven additionally objects to this request on the grounds that it calls for the production of materials protected from discovery under the attorney work product doctrine and/or attorney client privilege. Righthaven further objects to this request on the ground that it calls for the disclosure of confidential and/or proprietary information and the parties have yet to enter into an agreeable Stipulated Protective Order in this case. As such, no protective order has been entered by the Court under which an appropriate confidentiality designation, if any, could be applied to responsive materials to the extent such materials exist.

**Relevance of material sought**: Fourth fair-use factor, damages, barratry and champerty.

### Request No. 47

All documents supporting any claim that Stephens Media suffered actual damages from the alleged infringement claimed in Righthaven's Complaint in this action.

### Response to Request No. 47

Righthaven objects to this request on the grounds that the definitions of "Stephens Media" and "Righthaven" are vague, ambiguous, overly broad and impose compliance requirements outside of those authorized under Rule 34. Righthaven further objects to this request as compound, overly broad, vague and ambiguous in its use of the terms and phrases "supporting," "suffered," "actual damages" and "alleged infringement claimed." As such, Righthaven additionally objects to this request as calling for the production of irrelevant material as a request for statutory damages has been made in this case. Righthaven additionally objects to this request as Stephens Media LLC is not a party to the above captioned litigation. Righthaven additionally objects to this request on the grounds that it calls for the production of materials protected from discovery under the attorney work product doctrine and/or attorney client privilege. Righthaven further objects to this request on the ground that it calls for the disclosure of confidential and/or proprietary information and the parties have yet to enter into an agreeable Stipulated Protective Order in this case. As such, no protective order has been entered by the Court under which an appropriate confidentiality designation, if any, could be applied to responsive materials to the extent such materials exist.

**Relevance of material sought**: Fourth fair-use factor, damages, barratry and champerty.

### Request No. 51

All tax returns filed by Righthaven with any governmental body.

### Response to Request No. 51

Righthaven objects to this request on the grounds that the definition of "Righthaven" is vague, ambiguous, overly broad and impose compliance requirements outside of those authorized under Rule 34. Righthaven further objects to this request as compound, overly broad, vague and ambiguous in its use of the terms and phrases "tax returns" and "any governmental body." As such, Righthaven additionally objects to this request as calling for the production of irrelevant materials. This request further invades financially related and other rights of privacy. Righthaven additionally objects to this request on the grounds that it calls for the production of materials protected from discovery under the attorney work product doctrine and/or attorney client privilege. Righthaven further objects to this request on the ground that it calls for the disclosure of confidential and/or proprietary information and the parties have yet to enter into an agreeable Stipulated Protective Order in this case. As such, no protective order has been entered

by the Court under which an appropriate confidentiality designation, if any, could be applied to responsive materials to the extent such materials exist.

**Relevance of material sought**:  Fourth fair-use factor, damages, barratry and champerty.

### Request No. 53

Documents sufficient to show all revenue that Righthaven has received from any news article.

### Response to Request No. 53

Righthaven objects to this request on the grounds that the definitions of "Righthaven" and "Documents" are vague, ambiguous, overly broad and impose compliance requirements outside of those authorized under Rule 34.  Righthaven further objects to this request as it is compound, overly broad, vague and ambiguous in its use of the terms and phrases "revenue" and "received from any news article."  Righthaven additionally objects to this request as calling for the production of irrelevant materials.  This request further invades financially related and other rights of privacy.  Righthaven additionally objects to this request on the grounds that it calls for the production of materials protected from discovery under the attorney work product doctrine and/or attorney client privilege.  Righthaven further objects to this request on the ground that it calls for the disclosure of confidential and/or proprietary information and the parties have yet to enter into an agreeable Stipulated Protective Order in this case.  As such, no protective order has been entered by the Court under which an appropriate confidentiality designation, if any, could be applied to responsive materials to the extent such materials exist.

**Relevance of material sought**:  Fourth fair-use factor, damages, barratry and champerty.

### Request No. 54

Documents sufficient to show all revenue that Righthaven has received that did not result from the settlement of a copyright infringement action.

### Response to Request No. 54

Righthaven objects to this request on the grounds that the definitions of "Righthaven" and "Documents" are vague, ambiguous, overly broad and impose compliance requirements outside of those authorized under Rule 34.  Righthaven further objects to this request, as it is compound, overly broad, vague and ambiguous in its use of the terms and phrases "revenue," "did not result from the settlement," and "copyright infringement action."  Righthaven additionally objects to this request as calling for the production of irrelevant materials.  This request further invades financially related and other rights of privacy.  Righthaven additionally objects to this request on the grounds that it calls for the production of materials protected from discovery under the attorney work product doctrine and/or attorney client privilege.  Righthaven further objects to this request on the ground that it calls for the disclosure of confidential and/or proprietary information and the parties have yet to enter into an agreeable Stipulated Protective Order in this case.  As such, no protective order has been entered by the Court under which an appropriate confidentiality designation, if any, could be applied to responsive materials to the extent such materials exist.

**Relevance of material sought**:  Fourth fair-use factor, damages, barratry and champerty.

### Request No. 55

All documents reflecting communications with third parties regarding Righthaven's decision to assert a request for domain-name transfer in its Complaint in this action.

**Response to Request No. 55**

Righthaven objects to this request on the grounds that the definitions of "Righthaven's" and "documents" are vague, ambiguous, overly broad and impose compliance requirements outside of those authorized under Rule 34. Righthaven further objects to this request as it is compound, overly broad, vague, and ambiguous in its use of the terms and phrases "reflecting," "communications," "decision," "assert a request" and "domain-name transfer." Righthaven additionally objects to this request as calling for the production of irrelevant materials. Righthaven additionally objects to this request on the grounds that it calls for the production of materials protected from discovery under the attorney work product doctrine and/or attorney client privilege. Righthaven further objects to this request on the ground that it calls for the disclosure of confidential and/or proprietary information and the parties have yet to enter into an agreeable Stipulated Protective Order in this case. As such, no protective order has been entered by the Court under which an appropriate confidentiality designation, if any, could be applied to responsive materials to the extent such materials exist.

**Relevance of material sought**: Copyright misuse.

**Request No. 56**

All documents reflecting communications with third parties regarding Righthaven's decision to assert a request for domain-name transfer in its other copyright infringement actions.

**Response to Request No. 56**

Righthaven objects to this request on the grounds that the definitions of "Righthaven's" and "documents" are vague, ambiguous, overly broad and impose compliance requirements outside of those authorized under Rule 34. Righthaven further objects to this request as it is compound, overly broad, vague, and ambiguous in its use of the terms and phrases "reflecting," "communications," "assert a request," "domain-name transfer," and "other copyright infringement actions." Righthaven additionally objects to this request as calling for the production of irrelevant materials. Righthaven additionally objects to this request on the grounds that it calls for the production of materials protected from discovery under the attorney work product doctrine and/or attorney client privilege. Righthaven further objects to this request on the ground that it calls for the disclosure of confidential and/or proprietary information and the parties have yet to enter into an agreeable Stipulated Protective Order in this case. As such, no protective order has been entered by the Court under which an appropriate confidentiality designation, if any, could be applied to responsive materials to the extent such materials exist.

**Relevance of material sought**: Copyright misuse.

**Request No. 58**

All documents regarding Righthaven's creation.

**Response to Request No. 58**

Righthaven objects to this request on the grounds that the definitions of "Righthaven's" and "documents" are vague, ambiguous, overly broad and impose compliance requirements outside of those authorized under Rule 34. Righthaven further objects to this request as compound, overly broad, vague, and ambiguous in its use of the term "creation." Righthaven additionally objects to this request as calling for the production of irrelevant materials. Righthaven additionally objects to this request on the grounds that it calls for the production of materials protected from discovery under the attorney work product doctrine and/or attorney client privilege. Righthaven further objects to this request on the ground that it calls for the disclosure of confidential and/or proprietary information and the parties have yet to enter into an

agreeable Stipulated Protective Order in this case.  As such, no protective order has been entered by the Court under which an appropriate confidentiality designation, if any, could be applied to responsive materials to the extent such materials exist.

**Relevance of material sought**:  Barratry and champerty.

**Request No. 63**

All agreements between Righthaven and Stephens Media.

**Response to Request No. 63**

Righthaven objects to this request on the grounds that the definitions of "Righthaven" and "Stephens Media" are vague, ambiguous, overly broad and impose compliance requirements outside of those authorized under Rule 34.  Righthaven further objects to this request as it is compound, overly broad, vague, and ambiguous in its use of the terms and phrases "all agreements."  Righthaven additionally objects to this request as calling for the production of irrelevant materials.  Moreover, this request may invade the privacy rights of third parties. Righthaven additionally objects to this request on the grounds that it calls for the production of materials protected from discovery under the attorney work product doctrine and/or attorney client privilege.  Righthaven further objects to this request on the ground that it calls for the disclosure of confidential and/or proprietary information and the parties have yet to enter into an agreeable Stipulated Protective Order in this case.  As such, no protective order has been entered by the Court under which an appropriate confidentiality designation, if any, could be applied to responsive materials to the extent such materials exist.

**Relevance of material sought**:  Barratry and champerty.

**Request No. 64**

All agreements between Righthaven and Net Sortie Systems, LLC.

**Response to Request No. 64**

Righthaven objects to this request on the grounds that the definition of "Righthaven" is vague, ambiguous, overly broad and impose compliance requirements outside of those authorized under Rule 34.  Righthaven further objects to this request as it is compound, overly broad, vague, and ambiguous in its use of the terms and phrases "all agreements" and "Net Sortie Systems, Inc."  Righthaven additionally objects to this request as calling for the production of irrelevant materials.  Moreover, this request may invade the privacy rights of third parties. Righthaven additionally objects to this request on the grounds that it calls for the production of materials protected from discovery under the attorney work product doctrine and/or attorney client privilege.  Righthaven further objects to this request on the ground that it calls for the disclosure of confidential and/or proprietary information and the parties have yet to enter into an agreeable Stipulated Protective Order in this case.  As such, no protective order has been entered by the Court under which an appropriate confidentiality designation, if any, could be applied to responsive materials to the extent such materials exist.

**Relevance of material sought**:  Barratry and champerty.

**Request No. 65**

All agreements between Righthaven and SI Content Monitor, LLC.

**Response to Request No. 65**

Righthaven objects to this request on the grounds that the definition of "Righthaven" is vague, ambiguous, overly broad and impose compliance requirements outside of those authorized under Rule 34.  Righthaven further objects to this request as it is compound, overly broad, vague, and ambiguous in its use of the terms and phrases "all agreements" and "SI Content Monitor, LLC."  Righthaven additionally objects to this request as calling for the production of irrelevant materials.  Moreover, this request may invade the privacy rights of third parties.  Righthaven additionally objects to this request on the grounds that it calls for the production of materials protected from discovery under the attorney work product doctrine and/or attorney client privilege.  Righthaven further objects to this request on the ground that it calls for the disclosure of confidential and/or proprietary information and the parties have yet to enter into an agreeable Stipulated Protective Order in this case.  As such, no protective order has been entered by the Court under which an appropriate confidentiality designation, if any, could be applied to responsive materials to the extent such materials exist.

**Relevance of material sought**:  Barratry and champerty.

**Request No. 66**

All agreements between Righthaven and WEHCO Media.

**Response to Request No. 66**

Righthaven objects to this request on the grounds that the definition of "Righthaven" is vague, ambiguous, overly broad and impose compliance requirements outside of those authorized under Rule 34.  Righthaven further objects to this request as it is compound, overly broad, vague, and ambiguous in its use of the terms and phrases "all agreements" and "WEHCO Media."  Righthaven additionally objects to this request as calling for the production of irrelevant materials.  Moreover, this request may invade the privacy rights of third parties.  Righthaven additionally objects to this request on the grounds that it calls for the production of materials protected from discovery under the attorney work product doctrine and/or attorney client privilege.  Righthaven further objects to this request on the ground that it calls for the disclosure of confidential and/or proprietary information and the parties have yet to enter into an agreeable Stipulated Protective Order in this case.  As such, no protective order has been entered by the Court under which an appropriate confidentiality designation, if any, could be applied to responsive materials to the extent such materials exist.

**Relevance of material sought**:  Barratry and champerty.

**Request No. 67**

All agreements between Righthaven and Media News Group.

**Response to Request No. 67**

Righthaven objects to this request on the grounds that the definition of "Righthaven" is vague, ambiguous, overly broad and impose compliance requirements outside of those authorized under Rule 34.  Righthaven further objects to this request as it is compound, overly broad, vague, and ambiguous in its use of the terms and phrases "all agreements" and "Media News Group."  Righthaven additionally objects to this request as calling for the production of irrelevant materials.  Moreover, this request may invade the privacy rights of third parties.  Righthaven additionally objects to this request on the grounds that it calls for the production of materials protected from discovery under the attorney work product doctrine and/or attorney client privilege.  Righthaven further objects to this request on the ground that it calls for the disclosure of confidential and/or proprietary information and the parties have yet to enter into an

agreeable Stipulated Protective Order in this case.  As such, no protective order has been entered by the Court under which an appropriate confidentiality designation, if any, could be applied to responsive materials to the extent such materials exist.

**Relevance of material sought**:  Barratry and champerty.

**Request No. 68**

All agreements between Righthaven and Steven A. Gibson.

**Response to Request No. 68**

Righthaven objects to this request on the grounds that the definition of "Righthaven" is vague, ambiguous, overly broad and impose compliance requirements outside of those authorized under Rule 34.  Righthaven further objects to this request as it is compound, overly broad, vague, and ambiguous in its use of the terms and phrases "all agreements" and "Steven A. Gibson."  Righthaven additionally objects to this request as calling for the production of irrelevant materials.  Righthaven additionally objects to this request on the grounds that it calls for the production of materials protected from discovery under the attorney work product doctrine and/or attorney client privilege.  Righthaven further objects to this request on the ground that it calls for the disclosure of confidential and/or proprietary information and the parties have yet to enter into an agreeable Stipulated Protective Order in this case.  As such, no protective order has been entered by the Court under which an appropriate confidentiality designation, if any, could be applied to responsive materials to the extent such materials exist.

**Relevance of material sought**:  Barratry and champerty.

**Request No. 69**

All agreements between Righthaven and Charles Coons.

**Response to Request No. 69**

Righthaven objects to this request on the grounds that the definition of "Righthaven" is vague, ambiguous, overly broad and impose compliance requirements outside of those authorized under Rule 34.  Righthaven further objects to this request as it is compound, overly broad, vague, and ambiguous in its use of the terms and phrases "all agreements" and "Charles Coons."  Righthaven additionally objects to this request as calling for the production of irrelevant materials.  Moreover, this request may invade the privacy rights of third parties.  Righthaven additionally objects to this request on the grounds that it calls for the production of materials protected from discovery under the attorney work product doctrine and/or attorney client privilege.  Righthaven further objects to this request on the ground that it calls for the disclosure of confidential and/or proprietary information and the parties have yet to enter into an agreeable Stipulated Protective Order in this case.  As such, no protective order has been entered by the Court under which an appropriate confidentiality designation, if any, could be applied to responsive materials to the extent such materials exist.

**Relevance of material sought**:  Barratry and champerty.

**Request No.70**

All agreements between Righthaven and Joseph Chu.

**Response to Request No. 70**

Righthaven objects to this request on the grounds that the definition of "Righthaven" is vague, ambiguous, overly broad and impose compliance requirements outside of those authorized under Rule 34. Righthaven further objects to this request as it is compound, overly broad, vague, and ambiguous in its use of the terms and phrases "all agreements" and "Joseph Chu." Righthaven additionally objects to this request as calling for the production of irrelevant materials. Moreover, this request may invade the privacy rights of third parties. Righthaven additionally objects to this request on the grounds that it calls for the production of materials protected from discovery under the attorney work product doctrine and/or attorney client privilege. Righthaven further objects to this request on the ground that it calls for the disclosure of confidential and/or proprietary information and the parties have yet to enter into an agreeable Stipulated Protective Order in this case. As such, no protective order has been entered by the Court under which an appropriate confidentiality designation, if any, could be applied to responsive materials to the extent such materials exist.

**Relevance of material sought**: Barratry and champerty.

**Request No. 71**

All communications between Righthaven and any third party concerning alleged copyright infringement by that third party.

**Response to Request No. 71**

Righthaven objects to this request on the grounds that the definition of "Righthaven" is vague, ambiguous, overly broad and impose compliance requirements outside of those authorized under Rule 34. Righthaven further objects to this request as it is compound, overly broad, vague, and ambiguous in its use of the terms and phrases "all communications," "third party," and "alleged copyright infringement." Righthaven additionally objects to this request as calling for the production of irrelevant materials. Moreover, this request may invade the privacy rights of third parties. Righthaven additionally objects to this request on the grounds that it calls for the production of materials protected from discovery under the attorney work product doctrine and/or attorney client privilege. Righthaven further objects to this request on the ground that it calls for the disclosure of confidential and/or proprietary information and the parties have yet to enter into an agreeable Stipulated Protective Order in this case. As such, no protective order has been entered by the Court under which an appropriate confidentiality designation, if any, could be applied to responsive materials to the extent such materials exist.

**Relevance of material sought**: Barratry and champerty, implied license, waiver, estoppel, failure to mitigate.

**Request No. 72**

All analyses regarding Righthaven's anticipated recovery from its copyright infringement actions.

**Response to Request No. 72**

Righthaven objects to this request on the grounds that the definition of "Righthaven's" is vague, ambiguous, overly broad and impose compliance requirements outside of those authorized under Rule 34. Righthaven further objects to this request as it is compound, overly broad, vague, and ambiguous in its use of the terms and phrases "all analyses," "anticipated recovery," and "copyright infringement actions." Righthaven additionally objects to this request as calling for the production of irrelevant materials. Righthaven additionally objects to this request on the grounds that it calls for the production of materials protected from discovery

under the attorney work product doctrine and/or attorney client privilege.  Righthaven further objects to this request on the ground that it calls for the disclosure of confidential and/or proprietary information and the parties have yet to enter into an agreeable Stipulated Protective Order in this case.  As such, no protective order has been entered by the Court under which an appropriate confidentiality designation, if any, could be applied to responsive materials to the extent such materials exist.

**Relevance of material sought**:  Barratry and champerty.

**Request No. 73**

All documents, including any opinion letters, regarding the legality of Righthaven's business model.

**Response to Request No. 73**

Righthaven objects to this request on the grounds that the definitions of "documents" and "Righthaven's" are vague, ambiguous, overly broad and impose compliance requirements outside of those authorized under Rule 34.  Righthaven further objects to this request as it is compound, overly broad, vague, and ambiguous in its use of the terms and phrases "opinion letters," "regarding the legality," and "business model."  Righthaven additionally objects to this request as calling for the production of irrelevant materials.  Righthaven additionally objects to this request on the grounds that it calls for the production of materials protected from discovery under the attorney work product doctrine and/or attorney client privilege.  Righthaven further objects to this request on the ground that it calls for the disclosure of confidential and/or proprietary information and the parties have yet to enter into an agreeable Stipulated Protective Order in this case.  As such, no protective order has been entered by the Court under which an appropriate confidentiality designation, if any, could be applied to responsive materials to the extent such materials exist.

**Relevance of material sought**:  Barratry and champerty.

**Request No. 74**

All communications between Righthaven and Stephens Media.

**Response to Request No. 74**

Righthaven objects to this request on the grounds that the definitions of "Righthaven" and "Stephens Media" are vague, ambiguous, overly broad and impose compliance requirements outside of those authorized under Rule 34.  Righthaven further objects to this request as it is compound, overly broad, vague, and ambiguous in its use of the terms and phrase "all communications."  Righthaven additionally objects to this request as calling for the production of irrelevant materials.  Moreover, this request may invade the privacy rights of third parties. Righthaven additionally objects to this request on the grounds that it calls for the production of materials protected from discovery under the attorney work product doctrine and/or attorney client privilege.  Righthaven further objects to this request on the ground that it calls for the disclosure of confidential and/or proprietary information and the parties have yet to enter into an agreeable Stipulated Protective Order in this case.  As such, no protective order has been entered by the Court under which an appropriate confidentiality designation, if any, could be applied to responsive materials to the extent such materials exist.

**Relevance of material sought**:  Barratry and champerty.

**Request No. 85**

All documents supporting the denial in paragraph 5 of Righthaven's Reply to the Counterclaim that "Righthaven has not engaged in the business of licensing copyright rights other than in the context of litigation.

**Response to Request No. 85**

Righthaven objects to this request on the grounds that the definitions of "documents" and "Righthaven's" are vague, ambiguous, overly broad and impose compliance requirements outside of those authorized under Rule 34. Righthaven further objects to this request as it is compound, overly broad, vague, and ambiguous in its use of the terms and phrases "supporting the denial." Righthaven additionally objects to this request on the grounds that it calls for the production of materials protected from discovery under the attorney work product doctrine and/or attorney client privilege. Righthaven further objects to this request on the ground that it calls for the disclosure of confidential and/or proprietary information and the parties have yet to enter into an agreeable Stipulated Protective Order in this case. As such, no protective order has been entered by the Court under which an appropriate confidentiality designation, if any, could be applied to responsive materials to the extent such materials exist.

**Relevance of material sought:** Counterclaim of non-infringement.

**Request No. 86**

All documents supporting the denial in paragraph 6 of Righthaven's Reply to the Counterclaim that "Righthaven does not have a regular business model of deriving revenue from licensing copyright rights with respect to any information or content other than in connection with litigation, if at all."

**Response to Request No. 86**

Righthaven objects to this request on the grounds that the definitions of "documents" and "Righthaven's" are vague, ambiguous, overly broad and impose compliance requirements outside of those authorized under Rule 34. Righthaven further objects to this request as it is compound, overly broad, vague, and ambiguous in its use of the terms and phrases "supporting the denial." Righthaven additionally objects to this request on the grounds that it calls for the production of materials protected from discovery under the attorney work product doctrine and/or attorney client privilege. Righthaven further objects to this request on the ground that it calls for the disclosure of confidential and/or proprietary information and the parties have yet to enter into an agreeable Stipulated Protective Order in this case. As such, no protective order has been entered by the Court under which an appropriate confidentiality designation, if any, could be applied to responsive materials to the extent such materials exist.

**Relevance of material sought:** Counterclaim of non-infringement.

**Request No. 87**

All documents supporting the denial in paragraph 7 of Righthaven's Reply to the Counterclaim that "Righthaven's sole revenue is settlements from the copyright infringement cases it has filed."

**Response to Request No. 87**

Righthaven objects to this request on the grounds that the definitions of "documents" and "Righthaven's" are vague, ambiguous, overly broad and impose compliance requirements

outside of those authorized under Rule 34.  Righthaven further objects to this request as it is compound, overly broad, vague, and ambiguous in its use of the terms and phrases "supporting the denial."  Righthaven additionally objects to this request on the grounds that it calls for the production of materials protected from discovery under the attorney work product doctrine and/or attorney client privilege.  Righthaven further objects to this request on the ground that it calls for the disclosure of confidential and/or proprietary information and the parties have yet to enter into an agreeable Stipulated Protective Order in this case.  As such, no protective order has been entered by the Court under which an appropriate confidentiality designation, if any, could be applied to responsive materials to the extent such materials exist.

**Relevance of material sought:**  Counterclaim of non-infringement.

**Request No. 88**

All documents supporting the denial in paragraph 8 of Righthaven's Reply to the Counterclaim that "Righthaven has filed at least 150 lawsuits to enforce copyrights it has acquired."

**Response to Request No. 88**

Righthaven objects to this request on the grounds that the definitions of "documents" and "Righthaven's" are vague, ambiguous, overly broad and impose compliance requirements outside of those authorized under Rule 34.  Righthaven further objects to this request as it is compound, overly broad, vague, and ambiguous in its use of the terms and phrases "supporting the denial."  Righthaven additionally objects to this request on the grounds that it calls for the production of materials protected from discovery under the attorney work product doctrine and/or attorney client privilege.  Righthaven further objects to this request on the ground that it calls for the disclosure of confidential and/or proprietary information and the parties have yet to enter into an agreeable Stipulated Protective Order in this case.  As such, no protective order has been entered by the Court under which an appropriate confidentiality designation, if any, could be applied to responsive materials to the extent such materials exist.

**Relevance of material sought:**  Counterclaim of non-infringement.

**Request No. 91**

All documents supporting the denial in paragraph 23 of Righthaven's Reply to the Counterclaim that "Righthaven does not reproduce in copies; make derivative works of; distribute copies to the public by sale or other transfer of ownership, or by rental, lease, or lending; or publicly display the News Article."

**Response to Request No. 91**

Righthaven objects to this request on the grounds that the definitions of "documents" and "Righthaven's" are vague, ambiguous, overly broad and impose compliance requirements outside of those authorized under Rule 34.  Righthaven further objects to this request as it is compound, overly broad, vague, and ambiguous in its use of the terms and phrases "supporting the denial."  Righthaven additionally objects to this request on the grounds that it calls for the production of materials protected from discovery under the attorney work product doctrine and/or attorney client privilege.  Righthaven further objects to this request on the ground that it calls for the disclosure of confidential and/or proprietary information and the parties have yet to enter into an agreeable Stipulated Protective Order in this case.  As such, no protective order has been entered by the Court under which an appropriate confidentiality designation, if any, could be applied to responsive materials to the extent such materials exist.

**Relevance of material sought:**  Counterclaim of non-infringement.

**Request No. 92**

All documents supporting the denial in paragraph 24 of Righthaven's Reply to the Counterclaim that "Righthaven does not reproduce in copies; make derivative works of; distribute copies to the public by sale or other transfer of ownership, or by rental, lease, or lending; or publicly display any of the copyrighted works it owns."

**Response to Request No. 92**

Righthaven objects to this request on the grounds that the definitions of "documents" and "Righthaven's" are vague, ambiguous, overly broad and impose compliance requirements outside of those authorized under Rule 34. Righthaven further objects to this request as it is compound, overly broad, vague, and ambiguous in its use of the terms and phrases "supporting the denial." Righthaven additionally objects to this request on the grounds that it calls for the production of materials protected from discovery under the attorney work product doctrine and/or attorney client privilege. Righthaven further objects to this request on the ground that it calls for the disclosure of confidential and/or proprietary information and the parties have yet to enter into an agreeable Stipulated Protective Order in this case. As such, no protective order has been entered by the Court under which an appropriate confidentiality designation, if any, could be applied to responsive materials to the extent such materials exist.

**Relevance of material sought:** Counterclaim of non-infringement.

**Request No. 93**

All documents supporting the denial in paragraph 25 of Righthaven's Reply to the Counterclaim that "Righthaven has no specific plan to reproduce in copies; make derivative works of distribute copies to the public by sale or other transfer of ownership, or by rental, lease, or lending; or publicly display any of the copyrighted work it owns."

**Response to Request No. 93**

Righthaven objects to this request on the grounds that the definitions of "documents" and "Righthaven's" are vague, ambiguous, overly broad and impose compliance requirements outside of those authorized under Rule 34. Righthaven further objects to this request as it is compound, overly broad, vague, and ambiguous in its use of the terms and phrases "supporting the denial." Righthaven additionally objects to this request on the grounds that it calls for the production of materials protected from discovery under the attorney work product doctrine and/or attorney client privilege. Righthaven further objects to this request on the ground that it calls for the disclosure of confidential and/or proprietary information and the parties have yet to enter into an agreeable Stipulated Protective Order in this case. As such, no protective order has been entered by the Court under which an appropriate confidentiality designation, if any, could be applied to responsive materials to the extent such materials exist.

**Relevance of material sought:** Counterclaim of non-infringement.

**Request No. 94**

All documents supporting the denial in paragraph 26 of Righthaven's Reply to the Counterclaim that "Righthaven has not attempted to sell or license copies of the News Article," including without limitation any communications reflecting any such attempt.

**Response to Request No. 94**

Righthaven objects to this request on the grounds that the definitions of "documents" and

"Righthaven's" are vague, ambiguous, overly broad and impose compliance requirements outside of those authorized under Rule 34.  Righthaven further objects to this request as it is compound, overly broad, vague, and ambiguous in its use of the terms and phrases "supporting the denial."  Righthaven additionally objects to this request on the grounds that it calls for the production of materials protected from discovery under the attorney work product doctrine and/or attorney client privilege.  Righthaven further objects to this request on the ground that it calls for the disclosure of confidential and/or proprietary information and the parties have yet to enter into an agreeable Stipulated Protective Order in this case.  As such, no protective order has been entered by the Court under which an appropriate confidentiality designation, if any, could be applied to responsive materials to the extent such materials exist.

**Relevance of material sought:**  Counterclaim of non-infringement.

## Request No. 97

All communications between Righthaven and Sherman Frederick that refer or relate to copyright infringement enforcement, Righthaven's copyright infringement lawsuits, and/or Righthaven's structure or purpose.

## Response to Request No. 97

Righthaven objects to this request on the grounds that the definition of "Righthaven" is vague, ambiguous, overly broad and impose compliance requirements outside of those authorized under Rule 34.  Righthaven further objects to this request as it is compound, overly broad, vague, and ambiguous in its use of the terms and phrases "communications," "Sherman Frederick," "refer or relate to," "copyright infringement enforcement," "copyright infringement lawsuits," and "structure or purpose."  Righthaven additionally objects to this request as calling for the production of irrelevant materials.  Moreover, this request may invade the privacy rights of third parties.  Righthaven additionally objects to this request on the grounds that it calls for the production of materials protected from discovery under the attorney work product doctrine and/or attorney client privilege.  Righthaven further objects to this request on the ground that it calls for the disclosure of confidential and/or proprietary information and the parties have yet to enter into an agreeable Stipulated Protective Order in this case.  As such, no protective order has been entered by the Court under which an appropriate confidentiality designation, if any, could be applied to responsive materials to the extent such materials exist.

**Relevance of material sought**:  Barratry and champerty.

## Request No. 98

All communications between Righthaven and Michael Ferguson that refer or relate to copyright infringement enforcement, Righthaven's copyright infringement lawsuits, and/or Righthaven's structure or purpose.

## Response to Request No. 98

Righthaven objects to this request on the grounds that the definition of "Righthaven" is vague, ambiguous, overly broad and impose compliance requirements outside of those authorized under Rule 34.  Righthaven further objects to this request as it is compound, overly broad, vague, and ambiguous in its use of the terms and phrases "communications," "Sherman Frederick," "refer or relate to," "copyright infringement enforcement," "copyright infringement lawsuits," and "structure or purpose."  Righthaven additionally objects to this request as calling for the production of irrelevant materials.  Moreover, this request may invade the privacy rights of third parties.  Righthaven additionally objects to this request on the grounds that it calls for the production of materials protected from discovery under the attorney work product doctrine

and/or attorney client privilege.  Righthaven further objects to this request on the ground that it calls for the disclosure of confidential and/or proprietary information and the parties have yet to enter into an agreeable Stipulated Protective Order in this case.  As such, no protective order has been entered by the Court under which an appropriate confidentiality designation, if any, could be applied to responsive materials to the extent such materials exist.

**Relevance of material sought:**  Barratry and champerty.

**Request No. 99**

All communications between Righthaven and Bob Brown that refer or relate to copyright infringement enforcement, Righthaven's copyright infringement lawsuits, and/or Righthaven's structure or purpose.

**Response to Request No. 99**

Righthaven objects to this request on the grounds that the definition of "Righthaven" is vague, ambiguous, overly broad and impose compliance requirements outside of those authorized under Rule 34.  Righthaven further objects to this request as it is compound, overly broad, vague, and ambiguous in its use of the terms and phrases "communications," "Bob Brown," "refer or relate to," "copyright infringement enforcement," "copyright infringement lawsuits," and "structure or purpose."  Righthaven additionally objects to this request as calling for the production of irrelevant materials.  Moreover, this request may invade the privacy rights of third parties.  Righthaven additionally objects to this request on the grounds that it calls for the production of materials protected from discovery under the attorney work product doctrine and/or attorney client privilege.  Righthaven further objects to this request on the ground that it calls for the disclosure of confidential and/or proprietary information and the parties have yet to enter into an agreeable Stipulated Protective Order in this case.  As such, no protective order has been entered by the Court under which an appropriate confidentiality designation, if any, could be applied to responsive materials to the extent such materials exist.

**Relevance of material sought:**  Barratry and champerty.

**Request No. 100**

All communications between Righthaven and Mark Hinueber that refer or relate to copyright infringement enforcement, Righthaven's copyright infringement lawsuits, and/or Righthaven's structure or purpose.

**Response to Request No. 100**

Righthaven objects to this request on the grounds that the definition of "Righthaven" is vague, ambiguous, overly broad and impose compliance requirements outside of those authorized under Rule 34.  Righthaven further objects to this request as it is compound, overly broad, vague, and ambiguous in its use of the terms and phrases "communications," "Mark Hinueber," "refer or relate to," "copyright infringement enforcement," "copyright infringement lawsuits," and "structure or purpose."  Righthaven additionally objects to this request as calling for the production of irrelevant materials.  Moreover, this request may invade the privacy rights of third parties.  Righthaven additionally objects to this request on the grounds that it calls for the production of materials protected from discovery under the attorney work product doctrine and/or attorney client privilege.  Righthaven further objects to this request on the ground that it calls for the disclosure of confidential and/or proprietary information and the parties have yet to enter into an agreeable Stipulated Protective Order in this case.  As such, no protective order has been entered by the Court under which an appropriate confidentiality designation, if any, could be applied to responsive materials to the extent such materials exist.

**Relevance of material sought:**  Barratry and champerty.

**Request No. 101**

All communications between Righthaven and Jackson Farrow that refer or relate to copyright infringement enforcement, Righthaven's copyright infringement lawsuits, and/or Righthaven's structure or purpose.

**Response to Request No. 101**

Righthaven objects to this request on the grounds that the definition of "Righthaven" is vague, ambiguous, overly broad and impose compliance requirements outside of those authorized under Rule 34.  Righthaven further objects to this request as it is compound, overly broad, vague, and ambiguous in its use of the terms and phrases "communications," "Jackson Farrow," "refer or relate to," "copyright infringement enforcement," "copyright infringement lawsuits," and "structure or purpose."  Righthaven additionally objects to this request as calling for the production of irrelevant materials.  Moreover, this request may invade the privacy rights of third parties.  Righthaven additionally objects to this request on the grounds that it calls for the production of materials protected from discovery under the attorney work product doctrine and/or attorney client privilege.  Righthaven further objects to this request on the ground that it calls for the disclosure of confidential and/or proprietary information and the parties have yet to enter into an agreeable Stipulated Protective Order in this case.  As such, no protective order has been entered by the Court under which an appropriate confidentiality designation, if any, could be applied to responsive materials to the extent such materials exist.

**Relevance of material sought:**  Barratry and champerty.

**Request No. 102**

All communications between Righthaven and Warren Stephens that refer or relate to copyright infringement enforcement, Righthaven's copyright infringement lawsuits, and/or Righthaven's structure or purpose.

**Response to Request No. 102**

Righthaven objects to this request on the grounds that the definition of "Righthaven" is vague, ambiguous, overly broad and impose compliance requirements outside of those authorized under Rule 34.  Righthaven further objects to this request as it is compound, overly broad, vague, and ambiguous in its use of the terms and phrases "communications," "Warren Stephens," "refer or relate to," "copyright infringement enforcement," "copyright infringement lawsuits," and "structure or purpose."  Righthaven additionally objects to this request as calling for the production of irrelevant materials.  Moreover, this request may invade the privacy rights of third parties.  Righthaven additionally objects to this request on the grounds that it calls for the production of materials protected from discovery under the attorney work product doctrine and/or attorney client privilege.  Righthaven further objects to this request on the ground that it calls for the disclosure of confidential and/or proprietary information and the parties have yet to enter into an agreeable Stipulated Protective Order in this case.  As such, no protective order has been entered by the Court under which an appropriate confidentiality designation, if any, could be applied to responsive materials to the extent such materials exist.

**Relevance of material sought:**  Barratry and champerty.

1

**Request No. 104**

2

The communications referenced by Steven Gibson when he said that there are
"communications to my company saying, 'What can I do to change my behavior, so I'm not

3    disrespecting someone else's copyrights?'" in the article posted at http://www.
law.com/jsp/cc/PubArticleCCsp?id=1202466627090.

4

**Response to Request No. 104**

5

Righthaven objects to this request as compound, overly broad, vague and ambiguous in

6    its use of the phrases "communications," "referenced" and "there are "communications to my
company saying, 'What can I do to change my behavior, so I'm not disrespecting someone else's

7    copyrights?'"  Righthaven additionally objects to this request as calling for the production of
irrelevant material and has been done solely for the purpose of harassment.  Righthaven

8    additionally objects to this request on the grounds that it calls for the production of materials
protected from discovery under the attorney work product doctrine and/or attorney client

9    privilege.  Righthaven further objects to this request on the ground that it calls for the disclosure
of confidential and/or proprietary information and the parties have yet to enter into an agreeable

10   Stipulated Protective Order in this case.  As such, no protective order one has been entered by
the Court under which an appropriate confidentiality designation, if any, could be applied to

11   responsive materials to the extent such materials exist.

12

**Relevance of material sought**:  First fair-use factor.

13

**Request No. 105**

14

All documents that reflect "Righthaven's business model, business plan, [and/or] revenue
stream" referenced in Docket 24 of Righthaven v. Center for Intercultural Organizing, Case No.

15   2:10-cv-01322-JCM-LRL, on page 24.

16

**Response to Request No. 105**

17

Righthaven objects to this request on the grounds that the definition of "documents" is
vague, ambiguous, overly broad and impose compliance requirements outside of those

18   authorized under Rule 34.  Righthaven further objects to this request as it is compound, overly
broad, vague, and ambiguous in its use of the terms and phrases "reflect," "Righthaven's business

19   model, business plan, [and/or] revenue stream" "Docket 24" and "page 24."  Righthaven
additionally objects to this request as calling for the production of irrelevant materials and has

20   been done solely for the purpose of harassment.  Righthaven additionally objects to this request
on the grounds that it calls for the production of materials protected from discovery under the

21   attorney work product doctrine and/or attorney client privilege.  Righthaven further objects to
this request on the ground that it calls for the disclosure of confidential and/or proprietary

22   information and the parties have yet to enter into an agreeable Stipulated Protective Order in this
case.  As such, no protective order has been entered by the Court under which an appropriate

23   confidentiality designation, if any, could be applied to responsive materials to the extent such
materials exist.

24

**Relevance of material sought**:  Fourth fair-use factor, damages,

25

26

27

28