| | |
|---|---|
| COLLEEN BAL (*pro hac vice*) | KURT OPSAHL (*pro hac vice*) |
| cbal@wsgr.com | kurt@eff.org |
| BART E. VOLKMER (*pro hac vice*) | CORYNNE MCSHERRY (*pro hac vice*) |
| bvolkmer@wsgr.com | corynne@eff.org |
| WILSON SONSINI GOODRICH & ROSATI | ELECTRONIC FRONTIER FOUNDATION |
| 650 Page Mill Road | 454 Shotwell Street |
| Palo Alto, Ca 94304-1050 | San Francisco, Ca 94110 |
| Telephone: (650) 493-9300 | Telephone: (415) 436-9333 |
| Facsimile: (650) 493-6811 | Facsimile: (415) 436-9993 |

CHAD BOWERS
bowers@lawyer.com
CHAD A. BOWERS, LTD
Nevada State Bar No. 7283
3202 West Charleston Boulevard
Las Vegas, Nevada 89102
Telephone: (702) 457-1001

Attorneys For Defendant & Counterclaimant
THOMAS A. DIBIASE

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>           Plaintiff,<br>    v.<br><br>THOMAS A. DIBIASE, an individual,<br><br>           Defendant.<br>_____<br>THOMAS A. DIBIASE, an individual,<br><br>           Counterclaimant,<br>    v.<br><br>RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>           Counter-defendant.<br>_____ | CASE NO.: 2:10-cv-01343-RLH-PAL<br><br>**DECLARATION OF BART E. VOLKMER IN SUPPORT OF DEFENDANT/COUNTERCLAIMANT THOMAS A. DIBIASE'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS FROM PLAINTIFF/COUNTER-DEFENDANT RIGHTHAVEN LLC** |

I, Bart E. Volkmer, declare as follows:

1. I am counsel for Defendant-counterclaimant Thomas A. DiBiase ("DiBiase"). I submit this declaration in support of his motion to compel the production of documents. I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would testify competently to them.

2. On January 20, 2011, DiBiase served on Righthaven a First Set of Requests for Production to Righthaven LLC. A true and correct copy of those requests is attached hereto as **Exhibit A**.

3. February 25, 2011, Righthaven served its response to DiBiase's First Set of Requests for Production. A true and correct copy of that response is attached hereto as **Exhibit B**.

4. On March 2, 2011, I wrote a letter to Righthaven's counsel setting forth the deficiencies in Righthaven's response to DiBiase's First Set of Requests for Production to Righthaven LLC. A true and correct copy of that letter is attached hereto as **Exhibit C**.

5. The parties met and conferred concerning Righthaven's response to DiBiase's First Set of Requests for Production on March 9, 11, 16 and 17. During those sessions, DiBiase's counsel explained the relevance of his document requests and attempted to persuade Righthaven's counsel to withdraw Righthaven's lodged objections. Righthaven's counsel agreed to produce documents in response to certain requests, but continued to stand on objections, or only agreed to a very limited production set, with respect to Request Nos. 30-34, 39, 45-47, 51, 53-56, 58, 63-74, 85-88, 91-94, 97-102, and 104-105. I sent Righthaven's counsel a letter on March 25, 2011 that memorialized the parties' meet and confer sessions. A true and correct copy of that letter is attached hereto as **Exhibit D**.

6. To my knowledge, Righthaven has not produced any documents in response to DiBiase's requests, including the most basic evidence in this case, such as the alleged assignment of the copyright in the McMurdo Article from Stephens to Righthaven, communications from Righthaven to the Copyright Office, and the copyright registration itself. The few documents that Righthaven has produced were provided pursuant to Supplemental Initial Disclosures on

1  April 8, 2011, May 12, 2011, and May 17, 2011, not in response to DiBiase's production

2  requests.  Those documents are: (1) an unexecuted version of Righthaven LLC's operating

3  agreement; (2) a Strategic Alliance Agreement ("SAA") between Righthaven and Stephens

4  Media; (3) Righthaven's Articles of Organization; (4) a May 9, 2011 amendment to the SAA;

5  (5) a letter from Righthaven to Stephens; (6) a copy of the print version of the newspaper article

6  at issue in this case; (7) ten pages of research concerning Mr. DiBiase; and (8) an excecuted

7  version of Righthaven's operating agreement.

8      7. Attached hereto as **Exhibits E and F** are true and correct copies of online

9  magazine articles entitled "Second Newspaper Chain Joins Copyright Trolling Operation" and

10  "Righthaven Expands Troll Operations With Newspaper Giant" stating that WEHCO Media and

11  MediaNews Group have signed on as Righthaven clients.

12      8. A true and correct copy of the Strategic Alliance Agreement between Righthaven

13  and Stephens Media LLC is attached hereto as **Exhibit G**.  While marked "Confidential,"

14  counsel for Righthaven agreed to remove that confidentiality designation on May 2, 2011 in light

15  of this Court's April 14, 2011 Order in *Righthaven v. Democratic Underground*, Case No. 2:10-

16  cv-01356-RLH–GWF, Docket No. 93.

17      9. On April 29, 2011, I sent an email message to Righthaven's counsel inquiring

18  about the status of Righthaven's document production and requesting that Righthaven produce a

19  privilege log.  Counsel for Righthaven never responded to my message.  A true and correct copy

20  of my April 29, 2011 email message is attached hereto as **Exhibit H**.

21      10. On May 4, 2011, I sent a follow-up email inquiring about Righthaven's document

22  production.  Counsel for Righthaven never responded to my message.  A true and correct copy of

23  my May 4, 2011 email message is attached hereto as **Exhibit I**.

24      11. Attached hereto as **Exhibit J** is a true and correct copy of Righthaven's Operating

25  Agreement that was produced by Righthaven as a supplemental initial disclosure on April 8,

26  2011.  Certain financial information has been redacted from this agreement pursuant to an

27  agreement of the parties.

28

VOLKMER DECL. ISO THOMAS A. DIBIASE'S
MOTION TO COMPEL                             -3-

1   I declare under penalty of perjury under the laws of the United States of America that the
2   foregoing is true and correct. Executed this 18th day of May 2011, at Palo Alto, California.

/s/ Bart E. Volkmer
Bart E. Volkmer

VOLKMER DECL. ISO THOMAS A. DIBIASE'S   -4-
MOTION TO COMPEL