SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
SHAWN A. MANGANO, LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
(702) 304-0432 – telephone
(702) 922-3851 – facsimile

*Attorney for Righthaven LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>                Plaintiff,<br><br>v.<br><br>THOMAS A. DIBIASE, an individual,<br><br>                Defendant.<br><br>AND RELATED COUNTERCLAIM | Case No.: 2:10-cv-01343-RLH-PAL<br><br>**DECLARATION OF SHAWN A. MANGANO, ESQ. IN SUPPORT OF RIGHTHAVEN LLC'S RESPONSE TO DEFENDANT-COUNTERCLAIMANT THOMAS A. DIBIASE'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS** |

I, Shawn A. Mangano, declare, under penalty of perjury, that the following is true and correct:

1. I am an attorney-at-law admitted to practice before all courts of the State of Nevada. I have personal knowledge of the facts set forth below, except for those factual statements expressly made upon information and belief, and as to those facts, I believe them to be true. I am over eighteen years old and I am competent to testify to the matters set forth herein.

2. I represent Plaintiff/Counterdefendant Righthaven LLC ("Righthaven") in the above-referenced matter. This declaration is made in support of Righthaven LLC's Response to

Defendant-Counterclaimant Thomas A. DiBiase's ("DiBiase") Motion to Compel Production of Documents. (Doc. # 53.)

3. DiBiase's requests for production of documents propounded in this action exceed 100.

4. On behalf of Righthaven, I participated in four meet and confer sessions concerning Righthaven's responses to DiBiase's requests for production in this case. At the beginning of the first session, DiBiase's counsel sought to dismiss all of Righthaven's lodged objections as being merely "boilerplate", which they were not and are not. Due to Righthaven's refusal to accept DiBiase's counsel's unwarranted characterization of its responses as "boilerplate", the parties were required to substantively evaluate the requests and related responses to same. These meet and confer efforts resulted in a significant clarification of the scope of materials sought, express acknowledgements that materials were not being withheld in view of numerous on lodged objections, and agreements to produce what, if any, responsive materials existed within Righthaven's custody and control. Righthaven further agreed to supplement is responses in view of the meet and confer process, but DiBiase's counsel maintained that any supplementation was unnecessary and would not limit his client's ability to file a motion to compel.

5. Righthaven has supplemented its initial disclosures four times in this case. These disclosures have included the company's operating agreement, the assignment of the Work, the SAA, the amendment to the SAA, and the company's articles of organization. These materials were produced as a result of the parties' meet and confer efforts. During these meet and confer discussions, Righthaven agreed to continue to search for and produce responsive materials in this case despite lodged objections upon which the company represented it was not withholding materials.

6. Righthaven is presently unaware of any materials in its possession that would be responsive to Request Nos. 46, 64, and 65. Righthaven made this point clear to DiBiase's counsel during the meet and confer sessions.

7.      Request Nos. 85 through 88 and 91 through 94 relate to Righthaven's responses to DiBiase's counterclaim allegations. I had recently appeared in this action. In doing so, I moved to dismiss DiBiase's counterclaim, which I thought constituted a sufficient response to the pleading. I was unaware that a stipulation entered into by in-house counsel and DiBiase's counsel stated that Righthaven would file an answer in exchange for an extension of time. When apprised of this fact, I requested a one day extension of time to formulate Righthaven's response to DiBiase's counterclaim. My request was summarily denied by his counsel. Moreover, DiBiase has mischaracterized the nature of Righthaven's response to his counterclaim allegations as set forth in Request Nos. 85 through 88 and 91 through 94, which are not unconditional denials as represented in the Motion. Righthaven's counsel stressed these deficiencies in the propounded requests during meet and confer to no avail.

8.      DiBiase has issued a subpoena to Doug McMurdo, author of the Work at issue, pursuant to Federal Rule of Civil Procedure 45 in this case. Stephens Media LLC employs Mr. McMurdo. Colby Williams, Esq., of Campbell & Williams, represents Stephens Media LLC and did so with regard to DiBiase's subpoena. Stephens Media LLC and Righthaven are separate and distinct entities. Stephens Media LLC is not a member of Righthaven and Righthaven is not a member of Stephens Media LLC.

Signed and affirmed this 9th day of June, 2011 under the penalty of perjury.

/s/ Shawn A. Mangano
SHAWN A. MANGANO, ESQ.

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I am a representative of Righthaven LLC and that on this 9th day of June, 2011, I caused a copy of the foregoing document to be served by the Court's CM/ECF system.

SHAWN A. MANGANO, LTD.

By: /s/ Shawn A. Mangano
SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
Tel: (702) 304-0432
Fax: (702) 922-3851

*Attorney for Righthaven LLC*