UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company, <br><br> Plaintiff, <br><br> vs. <br><br> THOMAS A. DIBIASE, an individual, <br><br> Defendant. | Case No.: 2:10-cv-01343-RLH-PAL <br><br> **O R D E R** <br><br> (Motion to Dismiss–#47) |

     Before the Court is Defendant Thomas A. DiBiase's **Motion to Dismiss** (#47, filed May 4, 2011) based on a lack of subject matter jurisdiction. The Court has also considered Plaintiff Righthaven LLC's Opposition (#53, filed May 18, 2011), and DiBiase's Reply (#64, filed June 3, 2011).

**BACKGROUND**

     DiBiase maintains a website that publishes information regarding the prosecution of so-called "no-body" murder cases—a homicide prosecution where the alleged victim is missing and presumed dead, but no body is found. On August 9, 2010, Righthaven filed suit against DiBiase for copyright infringement alleging that DiBiase displayed a Las Vegas Review Journal article concerning a "no-body" murder case (the "Work") on his website. Righthaven claims to be

the copyright owner of that article.  DiBiase answered the complaint on October 29, 2011, and brought a declaratory judgment counterclaim against Righthaven asking the Court to declare that he did not infringe on Righthaven's alleged copyright.

In a separate case before this Court, Stephens Media, the original owner of the Work, disclosed the Strategic Alliance Agreement ("SAA") entered into between Stephens Media and Righthaven which governs future assignments from Stephens Media to Righthaven and the relationship between them.[1]  Stephens Media and Righthaven entered into the SAA in January 2010, prior to Stephens Media assigning the work to Righthaven.  For the reasons discussed below, the Court grants DiBiase's motion and dismisses Righthaven's complaint for lack of standing, however, the Court also dismisses DiBiase's counterclaim for lack of standing.

**DISCUSSION**

Recently this Court determined that Righthaven lacked standing to pursue copyright infringement claims based on assignments made under the SAA because the SAA prevents subsequent assignments from transferring "the exclusive rights necessary to maintain standing in a copyright infringement action. *Righthaven v. Democratic Underground*, 2:10-cv-01356-RLH-GWF, --- F. Supp. 2d ---, 2011 WL 2378186 at *6 (D. Nev. June 14, 2011); *see also Righthaven v. Hoehn*, 2:10-cv-00050-PMP-RJJ, --- F. Supp. 2d ---, 2011 WL 2441020 at *6 (D. Nev. June 20, 2011).  The standing issues in this case are the same as those in *Democratic Underground* and *Hoehn*.  Because the issues are the same, the same analysis applies and the Court directs readers to the reasoning in those cases on the issue of standing.  As the Court did in both of those cases, the Court dismisses Righthaven for lack of standing.

Because the Court has held that Righthaven does not have standing to assert a copyright infringement claim against DiBiase, the Court must consider whether DiBiase has

---

[1] The Court takes judicial notice of the following cases and directs the reader to these cases for further information regarding the background of the SAA: *Righthaven v. Democratic Underground*, 2:10-cv-01356-RLH-GWF, --- F. Supp. 2d ---, 2011 WL 2378186 (D. Nev. June 14, 2011) and *Righthaven v. Hoehn*, 2:10-cv-00050-PMP-RJJ, --- F. Supp. 2d ---, 2011 WL 2441020 (D. Nev. June 20, 2011).

standing to assert a declaratory judgment claim seeking a declaration of non-infringement against Righthaven. As Righthaven does not hold the copyright to the Work, DiBiase lacks standing to assert his claim against Righthaven just as Righthaven lacks standing to assert its purported claim. Accordingly, the Court *sua sponte* dismisses DiBiase's claim for lack of standing.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that DiBiase's Motion to Dismiss (#47) is GRANTED.

IT IS FURTHER ORDERED that DiBiase's counterclaim is DISMISSED. As no claims remain pending, the Clerk of the Court is directed to close this case.

Dated: June 22, 2011.

_____
**ROGER L. HUNT**
**United States District Judge**