SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
SHAWN A. MANGANO, LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
(702) 304-0432 – telephone
(702) 922-3851 – facsimile

*Attorney for Righthaven LLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS A. DIBIASE, an individual,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIM | Case No.: 2:10-cv-01343-RLH-PAL<br><br>**RIGHTHAVEN LLC'S RESPONSE TO DEFENDANT-COUNTERCLAIMANT THOMAS A. DIBIASE'S MOTION FOR ATTORNEY'S FEES AND NON-TAXABLE COSTS** |

Plaintiff and Counter-defendant Righthaven LLC ("Righthaven") hereby responds to Defendant-Counterclaimant Thomas A. DiBiase's ("Defendant") Motion to For Attorney's Fees And Non-Taxable Costs (the "Motion", Doc. # 78.)  Defendant's requested relief is sought under Federal Rule of Civil Procedure 54(d)(2) ("Rule 54(d)(2)"), LR 54-16, and 17 U.S.C. § 505 ("Section 505").

Righthaven's submission is based on the below Memorandum of Points and Authorities, the pleadings and papers on file in this action, any permitted oral argument, and on any other matter of which this Court takes notice.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.      INTRODUCTION**

Defendant's Motion seeks an award of $116,687 in attorneys' fees and $2,770 in non-taxable costs. (Doc. # 78 at 18.) Defendant requests this award pursuant to Rule 54(d)(2), LR 54-16 and/or Section 505. (*Id.* at 1.)[1]  Graciously, the $116,687 in attorney's fees sought through the Motion reflects a 33% reduction in the Electronic Frontier Foundation's ("EFF") billing rates and a 50% reduction in Wilson Sonsini Goodrich & Rosati's ("WSGR") billing rates. (*Id.* at 16:26-28.)

While Righthaven certainly appreciates EFF's and WSGR's voluntary billing rate reductions, it seems somewhat astonishing that despite having billed the reduced fee amount of $116,687, apparently neither EFF's nor WSGR's exceptionally credentialed attorneys researched the threshold issue as to whether the relief requested in the Motion could be awarded in view of the Court's dismissal of this case for lack of subject matter jurisdiction.

Righthaven, through its counsel, has thoroughly examined whether an award of attorneys' fees and non-taxable costs are recoverable under Rule 54(b)(2), LR 54-16 and/or Section 505. As set forth below, the case law clearly establishes that district court cannot award attorneys' fees and costs after dismissing an action for lack of subject matter jurisdiction, as this Court has unquestionably done. (Doc. # 72 at 2-3.) As also discussed below, a dismissal for lack of subject matter jurisdiction does not confer prevailing party status on the party receiving the benefit of dismissal. Accordingly, despite Defendant's continued unflattering characterization of Righthaven, these characterizations do not cure the fundamental and required absence of subject matter jurisdiction over this dispute to grant him the relief sought.

**II.     STATEMENT OF FACTS**

In this action, Righthaven asserted ownership of a literary piece entitled "Man who killed wife sought ultimate sentence" (the "Work"), which originally appeared in the Stephens Media owned news media publication the *Las Vegas Review-Journal* on or about June 11, 2010. (Doc.

---

[1] No other grounds for the recovery of attorneys' fees and non-taxable costs specified in Defendant's Motion. (Doc. # 78.)

2

# 1 at 2-3, Ex. 2.)  After publication, Stephens Media, the original owner of the Work, assigned all rights, title and interest in and to the Work, including the right to seek redress for all past, present and future infringements (the "Assignment").  On July 27, 2010, the United States Copyright Office (the "USCO") granted Righthaven registration for the Work.  (Doc. # 1 at 3, Ex. 4.)  Righthaven subsequently filed this copyright infringement action on August 9, 2010.  (Doc. # 1.)

Righthaven's Complaint asserted that the Defendant was the owner of the Internet domain, and maintained control of the content posted at same, found at <nobodycases.com> (the "Website").  (Doc. # 1 at 2, Ex. 1.)  Righthaven further asserted that on or about June 11, 2010, the Defendant displayed an unauthorized 100% reproduction of the Work on the Website.  (Doc. # 1 at 2, Ex. 3.)  Based on the alleged infringement of the Work, Righthaven sought, among other things, entry of a permanent injunction and an award of statutory damages against the Defendant.  (*Id.* at 5-6.)

On May 4, 2011, Defendant moved to dismiss this action for lack of subject matter jurisdiction. (Doc. # 47.)  On June 22, 2011, after briefing was complete, the Court granted Defendant's motion to dismiss by concluding that it lacked subject matter over Righthaven's Complaint.  (Doc. # 72 at 2-3.)  Given that the determined it lacked of subject matter jurisdiction over the dispute, it also dismissed Defendant's counterclaim, which sought a declaratory judgment of non-infringement, on the same grounds.  (*Id.* at 3.)  Thereafter, Defendant filed the Motion, which seeks the recovery of attorneys' fees and non-taxable costs.  (Doc. # 78.)

**III.    ARGUMENT**

    **A.    The Court Cannot Award Attorneys' Fees And Costs Because it Lacks Subject Matter Jurisdiction Over This Case.**

The Court unquestionably determined that it lacked subject matter to entertain this dispute.  (Doc. # 28 at 6-10, 17.)  Given the lack of subject matter jurisdiction, the Court cannot award Defendant attorneys' fees and costs as requested in the Motion.

Numerous courts from a variety of jurisdictions have held that there cannot be an award of attorneys' fees unless has jurisdiction over the action.  *See also Brereton v. Bountiful City*

*Corp.,* 434 F.3d 1213, 1216 (10th Cir. 2006) ("[T]he court having determined that it lacks subject matter jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.") (emphasis in original); *Hudson v. Principi,* 260 F.3d 1357, 1363 (Fed. Cir. 2001) ("This court and others have established that there cannot be an award of attorneys' fees unless the court has jurisdiction of the action."); *W.G. v. Senatore,* 18 F.3d 60, 64 (2d Cir. 1994) ("Where there is no subject matter jurisdiction to proceed with the substantive claim, as a matter of law 'that lack of jurisdiction bars and award of attorneys fees under [42 U.S.C. §] 1988.") (internal brackets omitted); *United States v. 87 Skyline Terrace,* 26 F.3d 923, 927 n.6 (9th Cir. 1994) (listing cases holding that "subject matter jurisdiction is a condition precedent to an award of fees under the EAJA"); *Branson v. Nott,* 62 F.3d 287, 293 (9th Cir. 1995) (declining to confer prevailing party status under 42 U.S.C. § 1988 where subject matter jurisdiction was lacking); *Clark v. Busey,* 959 F.2d 808, 810 (9th Cir. 1992) ("Subject matter jurisdiction to decide the merits of the underlying action is a condition precedent to an award of fees or costs under the EAJA." (internal quotations omitted); *Johnson-Manville Corp. v. United States,* 893 F.2d 324, 328 (Fed. Cir. 1989) (finding a lack of subject matter jurisdiction barred fee award); *Lane v. United States,* 727 F.2d 18, 20-21 (1st Cir. 1984) (determining that a want of subject matter jurisdiction precluded an award of fees).

In fact, entry of an award of attorneys' fees and costs would be vacated as a nullity given the Court's lack of subject matter jurisdiction. As stated by the Ninth Circuit:

> If jurisdiction is lacking at the outset, the district court has no power to do anything with the case except dismiss . . . . If jurisdiction was lacking then the court's various orders . . . were nullities.

*Morongo Band of Mission Indians,* 858 F.2d at 1380-81; *accord American Fire & Cas. Co. v. Finn,* 341 U.S. 6, 18 (1951) (requiring a district court to vacate judgment after having determined that the district court lacked subject matter jurisdiction over the suit); *see also United States v. 51 Pieces of Real Prop., Roswell, N.M.,* 17 F.3d 1306, 1309 (10th Cir. 1994) ("[A] judgment is void if the court that enters it lacks jurisdiction over . . . the subject matter of the action."); *Peralta Shipping Corp. v. Smith & Johnson (Shipping) Corp.,* 739 F.2d 798, 804 n.6

4

(2d Cir. 1984) ("[A] judgment entered by a court lacking in subject matter jurisdiction may not stand.").

As the host of cited authorities support, this Court cannot award Defendant attorneys' fees and costs as requested because it found that it lacked subject matter jurisdiction over this action. (Doc. # 72 at 2-3.) If any such award were entered by the Court is would be void, unenforceable and constitute a nullity in the record. Accordingly, the Court should deny Defendants' Motion on the grounds that it lacks subject matter jurisdiction necessary to award the relief requested therein.

### B. Defendant Cannot Recover Attorneys' Fees And Non-Taxable Costs Under Rule 54(d)(2) and/or LR 54-16.

As stated above, Defendant asks the Court to grant him attorney' fees and non-taxable costs pursuant to Rule 54(d)(2), LR 54-16 and/or Section 505. (Doc. # 32-1 at 1.) Defendant is not entitled to this relief under Rule 54(d)(2) or LR 54-16.

First, the plain language of Rule 54(d) precludes Defendant from recovering attorneys' fees and costs. Rule 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). LR 54-16 merely expands on submission requirements for recovery and expressly references Rule 54(d)(2) in doing so. *See* LR 54-16(b). In fact, the plain language of LR 54-16 requires an independent basis for the recovery of attorney's fees and non-taxable costs. *See* LR 54-16(a) (stating the local rule is only effective "[w]hen a party is entitled to move for attorney's fees . . . .").Given that Defendant has identified Section 505 as a statutory basis for the recovery of attorney's fees and costs, he should not be able to concurrently invoke Rule 54(d)(2) or LR 54-16 for such relief. Rather, Defendant any potential recovery must be based on Section 505.

Second, Defendant cannot recover attorneys' fees and costs under Rule 54(d) because he does not qualify for prevailing party status since the Court dismissed Righthaven's Complaint for lack of subject matter jurisdiction. As held by the Ninth Circuit, "costs under Rule 54(d) may not be awarded where an underlying claim is dismissed for lack of subject matter jurisdiction, for

in that case the dismissed party is not a 'prevailing party' within the meaning of Rule 54(d)." *Miles v. California,* 320 F.3d 986, 988 (9th Cir. 2003). This rationale should likewise prohibit Defendant from invoking LR 54-16, which requires an independent basis for the recovery of attorney's fees. *See* LR 54-16(a).

Given that Defendant can look to Section 505 as a basis for his requested relief, he cannot concurrently do so under Rule 54(d) or LR 54-16. Moreover, even if he could do so, Defendant fails to qualify as a "prevailing party" under Rule 54(d) based on the Court's dismissal for lack of subject matter jurisdiction. As previously discussed, the Court's fair use determination cannot be relied upon to qualify Defendant as a prevailing party in this case given the absence of subject matter jurisdiction. *See Ruhrgas AG,* 526 U.S. at 577; *Steel Co.,* 523 U.S. at 94-95; *Wilbur,* 423 F.3d at 1106; *Orff,* 358 F.3d at 1149; *Wages,* 915 F.2d at 1234; *Morongo Band of Mission Indians,* 858 F.2d at 1380-81  Accordingly, Defendant is not entitled to the relief requested in the Motion under Rule 54(d) or LR 54-16.

    **C.**    **Defendant Cannot Recover Attorneys' Fees And Costs Under Section 505.**

As argued above, Defendant is not entitled to relief under Rule 54(d) because a specific statute, Section 505, exists for him to attempt to recover attorneys' fees and costs. This procedural clarification aside, the same result is compelled – Defendant still not entitled to recover attorneys' fees and costs under Section 505.

Section 505 permits a prevailing party to recover reasonable attorneys' fees and costs. 17 U.S.C. § 505. A district court's discretion to award attorneys' fees under Section 505 is only "triggered if the party in fact prevailed on the copyright claim." *Cadkin v. Loose,* 569 F.3d 1142, 1147 (9th Cir. 2009) ("*Cadkin*"). In *Cadkin*, the Ninth Circuit adopted the "material alteration" test established by the United States Supreme Court in *Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health & Human Res.,* 532 U.S. 598 (2001) ("*Buckhannon*")[2] to determine whether a litigant qualifies for "prevailing party" status under Section 505. *Id.* at 1149. In doing so, the Ninth Circuit held that a copyright infringement claim voluntarily dismissed without

---

[2] The Supreme Court has defined a "prevailing party" as one who has obtained an enforceable judgment on the merits or a court-ordered consent decree. *Buckhannon,* 532 U.S. at 603-05.

prejudice did not qualify the dismissed party for "prevailing party" status under Section 505. *Id.* at 1149-50. As a result, the Ninth Circuit reversed the district court's award of attorneys' fees and costs under Section 505. *Cadkin,* 569 F.3d at 1150. Here, despite Defendant's arguments to the contrary, he also does not qualify as a "prevailing party" under Section 505.

      To begin with, the dismissal of a copyright infringement claim for lack of subject matter jurisdiction does not confer "prevailing party" status under Section 505 in view of *Buckhannon*. *See Torres-Negron v. J & N Records, LLC,* 504 F.3d 151, 164 (1st Cir. 2007) (holding the material alteration test applies to copyright claims and concluding that a dismissal for lack of subject matter jurisdiction does not confer prevailing party status). As noted by one highly regarded copyright law scholar, in order to qualify as a "prevailing party" after *Buckhannon* one must obtain a judgment on the merits. *See* 4-14 M. Nimmer & D. Nimmer, *Nimmer on Copyright* § 14.10[B] ("[S]ince the Supreme Court's decision in [*Buckhannon*], it has been held that a prevailing party can only be one who `secure[d] a judgment on the merits or a court-ordered consent decree.'" (quoting *Chambers v. Time Warner, Inc.,* 279 F.Supp.2d 362, 365 (S.D.N.Y. 2003)).

      Courts of appeal from a vast array of circuits have determined that a dismissal for lack of jurisdiction is not an adjudication on the merits. *See Stalley v. Orlando Reg. Healthcare Sys., Inc.,* 524 F.3d 1229, 1232 (11th Cir. 2008) ("A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice."); *Miles,* 320 F.3d at 988 (dismissal for lack of subject matter jurisdiction does not qualify for prevailing party status); *Wages,* 915 F.2d at 1234 ("A jurisdictional dismissal is not a judgment on the merits."); *GHK Exploration Co. v. Tenneco Oil Co.,* 857 F.2d 1388, 1392 (10th Cir.1988) ("[A] court-ordered dismissal for lack of subject matter jurisdiction is also not a decision on the merits ...."); *cf. Davila v. Delta Air Lines, Inc.,* 326 F.3d 1183, 1188 (11th Cir.2003) (stating that a dismissal for lack of subject matter jurisdiction "plainly is not an adjudication on the merits that would give rise to a viable res judicata defense"); *see also* FED. R. CIV. P. 41(b) (providing that unless an involuntary dismissal states otherwise, a dismissal for lack of jurisdiction does not operate as an adjudication on the merits).

As the above cases demonstrate, the Court's dismissal of Righthaven's Complaint for lack of subject matter jurisdiction does not constitute an adjudication on the merits necessary to confer "prevailing party" status upon the Defendant so that he may seek as recovery of attorneys' fees and costs.  Because Defendant cannot qualify as a "prevailing party", he is barred from recovering attorneys' fees and costs under Section 505.

Righthaven's Complaint was dismissed because the Court determined that it lacked subject matter jurisdiction. (Doc. # 72 at 2-3.)  Given the Court's determination that it lacked subject matter jurisdiction over this case, and based on the foregoing cited authorities, Defendant cannot constitute a prevailing party under Section 505. *See Torres-Negron,* 504 F.3d at 164 & n. 9 (holding the material alteration test applies to copyright claims and concluding that a dismissal for lack of subject matter jurisdiction does not confer prevailing party status).  This conclusion is wholly consistent with decisions that have reached the same conclusion under other federal statutes and rules. *See Miles,* 320 F.3d at 988 (barring recovery of attorneys' fees and costs under Rule 54(d)); *Branson,* 62 F.3d at 293 (declining to confer prevailing party status under 42 U.S.C. § 1988 where subject matter jurisdiction was lacking); *Clark,* 959 F.2d at 810 ("Subject matter jurisdiction to decide the merits of the underlying action is a 'condition precedent' to an award of fees or costs under the EAJA."); *see also Hudson,* 260 F.3d at 1363 ("This court and other have established that there cannot be an award of attorneys' fees unless the court has jurisdiction of the action.").

In sum, the cited authorities conclusively demonstrate that Defendant cannot qualify as a prevailing party under Section 505 given the Court's dismissal of Righthaven's Complaint for lack of subject matter jurisdiction.  (Doc. # 72 at 2-3.) Accordingly, Defendant's failure to qualify as a "prevailing party" under Section 505 statutorily bars his ability to recover attorneys' fees and costs under the statute.

Further supporting the conclusion that Defendant does not qualify for prevailing party status under Section 505 is the effect of the Court's dismissal for lack of subject matter jurisdiction.   As noted in the Ninth Circuit's decision in *Cadkin*, which adopted the material alteration test to determine prevailing party status in order to qualify for an award of attorneys'

fees and costs, a voluntary dismissal of an action "'does not alter the legal relationship of the parties because the [dismissed parties] remain subject to the risk of refilling'" following a dismissal without prejudice. *Cadkin,* 569 F.3d at 1149 (quoting *Oscar v. Alaska Dep't of Educ. & Early Dev.,* 541 F.3d 978, 981) (9th Cir. 2008)). The panel's decision in *Oscar* declined to afford prevailing party status to defendant under the Individuals with Disabilities Act because "dismissal without prejudice does not alter the legal relationship between the parties because the defendant remains subject to the risk of re-filing." *Oscar,* 541 F.3d at 891. The Ninth Circuit panel in *Cadkin* astutely reasoned:

> [Defendants] who remain subject to the risk that the [plaintiffs] will refile their copyright claims, despite the district court's orders dismissing without prejudice the original complaint and the first amended complaint and voluntarily dismissing without prejudice the second amended complaint. The [plaintiffs] have not been deprived of the ability to seek relief in federal court against the [defendants] under the Copyright Act.

*Cadkin,* 569 F.3d t 1150.

Here, the identical threat of Righthaven re-filing suit against Defendant exists because a dismissal for lack of subject matter jurisdiction is deemed to be without prejudice. *See* FED. R. CIV. P. 41(b); *accord Frigard v. United States,* 862 F.2d 201, 204 (9th Cir. 1988); *see also Crotwell v. Hockman-Lewis Ltd.,* 734 F.2d 767, 769 (11th Cir. 1984). Thus, while Defendant may have obtained a technically procedural victory, he has not won the war should Righthaven elect to re-file its Complaint against him tomorrow. Nothing prohibits the company for doing so, just as with the plaintiffs in *Cadish*. Accordingly, there is simply no reasonable basis for the Court to determine that Defendant is a prevailing party under Section 505, even if it somehow finds that it has sufficient subject matter jurisdiction, despite its clear order otherwise. (Doc. # 72 at 2-3.)

## IV. CONCLUSION

For the foregoing reasons, Righthaven respectfully requests the Court deny Defendant's Motion along with granting such relief as the deemed proper and just.

Dated this 28th day of July, 2011.

          SHAWN A. MANGANO, LTD.

          By: /s/ Shawn A. Mangano
          SHAWN A. MANGANO, ESQ.
          shawn@manganolaw.com
          9960 West Cheyenne Avenue, Suite 170
          Las Vegas, Nevada 89129-7701

### CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify on this 28th day of July, 2011, I caused a copy of the foregoing document to be served by the Court's CM/ECF system.

          SHAWN A. MANGANO, LTD.

          By: /s/ Shawn A. Mangano
          SHAWN A. MANGANO, ESQ.