1   COLLEEN BAL (*pro hac vice*)
    cbal@wsgr.com
2   BART E. VOLKMER (*pro hac vice*)
    bvolkmer@wsgr.com
3   WILSON SONSINI GOODRICH & ROSATI
    650 Page Mill Road
4   Palo Alto, Ca 94304-1050
    Telephone: (650) 493-9300
5   Facsimile: (650) 493-6811

    KURT OPSAHL (*pro hac vice*)
    kurt@eff.org
    CORYNNE MCSHERRY (*pro hac vice*)
    corynne@eff.org
    ELECTRONIC FRONTIER FOUNDATION
    454 Shotwell Street
    San Francisco, Ca 94110
    Telephone: (415) 436-9333
    Facsimile: (415) 436-9993

6

7   CHAD BOWERS
    bowers@lawyer.com
8   CHAD A. BOWERS, LTD
    Nevada State Bar No. 7283
9   3202 West Charleston Boulevard
    Las Vegas, Nevada 89102
10  Telephone: (702) 457-1001

11  Attorneys For Defendant & Counterclaimant
    THOMAS A. DIBIASE

12
13                    **UNITED STATES DISTRICT COURT**

                          **DISTRICT OF NEVADA**
14

15  RIGHTHAVEN LLC, a Nevada limited-        )   CASE NO.:  2:10-cv-01343-RLH-PAL
    liability company,                       )
16                                           )   **DEFENDANT/COUNTERCLAIMANT**
                                             )   **THOMAS A. DIBIASE'S REPLY IN**
17               Plaintiff,                  )   **SUPPORT OF HIS MOTION FOR**
          v.                                 )   **ATTORNEY'S FEES AND NON-**
18                                           )   **TAXABLE COSTS**
    THOMAS A. DIBIASE, an individual,        )
19                                           )
                 Defendant.                  )
20                                           )
                                             )
21  _____ )
    THOMAS A. DIBIASE, an individual,        )
22                                           )
                 Counterclaimant,            )
23        v.                                 )
                                             )
24  RIGHTHAVEN LLC, a Nevada limited-        )
    liability company,                       )
25                                           )
                 Counter-defendant.          )
26                                           )
                                             )
27  _____ )

28

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION..................................................................................................1

II.   ARGUMENT .......................................................................................................1

    A.    The Court Has The Power To Enter A Fees Award. ..................................................2

    B.    Righthaven's Voluminous Case Citations Do Not Compel a Different
        Result.............................................................................................................4

    C.    DiBiase Appropriately Cites To Rule 54(d)(2) and L.R. 54-16. ...........................5

    D.    DiBiase Is Entitled to Fees Under Section 505 of the Copyright Act. ....................5

    E.    A Full-Freight Attorney's Fees Award Is Appropriate. ...........................................7

III.  CONCLUSION ....................................................................................................8

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

### CASES

4

*Amadasun v. Dreamworks*, 359 F. Supp. 2d 1367 (N.D. Ga. 2005) ................................. 6

5

*American Fire & Cas. Co. v. Finn*, 341 U.S. 6 (1951) ....................................................... 4

6

*Augustine v. United States*, 704 F.2d 1074 (9th Cir. 1983) ............................................. 6

7

*Branson v. Nott*, 62 F.3d 287 (9th Cir. 1995) ................................................................... 4

8

*Brereton v. Bountiful City Corp.*, 434 F.3d 1213 (10th Cir. 2006) ............................... 4, 6

9

*Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human
    Resources*, 532 U.S. 598 (2001) ................................................................................. 6

10

*Budget Cinema, Inc. v. Watertower Assocs.*, 81 F.3d 729 (7th Cir. 1996) ...................... 5

11

*Cadkin v. Bluestone*, 290 Fed. Appx. 58 (9th Cir. 2008) ................................................. 3

12

*Cadkin v. Loose*, 569 F.3d 1142 (9th Cir. 2009) ........................................................... 6, 7

13

*Clark v. Busey*, 959 F.2d 808 (9th Cir. 1992) .................................................................. 4

14

*Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994) .............................................................. 1, 2

15

*GHK Exploration Co. v. Tenneco Oil Co.*, 857 F.2d 1388 (10th Cir. 1988) ................... 4

16

*Hudson v. Principi*, 260 F.3d 1357 (Fed. Cir. 2001) ....................................................... 4

17

*Hyperquest, Inc. v. N'Site Solutions, Inc.*, 559 F. Supp. 2d 918 (N.D. Ill. 2008) ........... 5

18

*Johns-Manville Corp. v. United States*, 893 F.2d 324 (Fed. Cir. 1989) .......................... 4

19

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975) ...................................... 7

20

*Lane v. United States*, 727 F.2d 18 (1st Cir. 1984) ......................................................... 4

21

*Love v. Mail on Sunday*, Case No. CV05-7798 ABC (PJWX), 2007 WL 2709975
    (C.D. Cal. Sept. 7, 2007) ......................................................................................... 3, 6

22

*Maliack Productions v. GoodTimes Home Video Corp.*, 81 F.3d 881 (9th Cir. 1996) ... 1, 3, 4, 5, 7

23

*Merchant Transaction Systems, Inc. v. Nelcela, Inc.*, Case No. 02-cv-1954-PHX-
    MHM, 2010 WL 1336956 (D. Ariz. Mar. 31, 2010) .................................................. 7

24

*Miles v. California*, 320 F.3d 986 (9th Cir. 2003) ........................................................... 7

25

*Morongo Band of Indians v. Cal. St. Bd. of Equal.*, 858 F.2d 1376 (9th Cir. 1988) ....... 4

26

*Pannonia Farms, Inc. v. Re/Max Int'l, Inc.*, 407 F. Supp. 2d 41 (D.D.C. 2005) ......... 3, 6

27

28

1  *Panzarella Consulting LLC v. Single Touch Interactive, Inc.*, Case No. 3:10-cv-
      00424-RCJ-RAM, 2011 WL 1626574 (D. Nev. Apr. 28, 2011)............................8
2
   *Peralta Shipping Corp. v. Smith & Johnson (Shipping) Corp.*, 739 F.2d 798 (2d
3     Cir. 1984) ............................................................................................................5

4  *Pony Express Records, Inc. v. Springsteen*, 163 F. Supp. 2d 465 (D. N.J. 2001) ..........6

5  *Righthaven v. Democratic Underground*, Case No. 2:10–cv–01356–RLH–GWF,
      2011 WL 2378186 (D. Nev. June 14, 2011) .....................................................3
6
   *Safe Air for Everyone v. Meyer*, 373 F.3d 1035 (9th Cir. 2004)......................................6
7
   *Stalley v. Orlando Reg. Healthcare Svs., Inc.*, 524 F.3d 1229 (11th Cir. 2008) .............7
8
   *Torres-Negron v. J & N Records, LLC*, 504 F.3d 151 (1st Cir. 2007)..............................7
9
   *United States ex rel Grynberg v. Praxair, Inc.*, 389 F.3d 1038 (10th Cir. 2004)............6
10
   *United States v. 51 Pieces of Real Prop., Roswell, N.M.*, 17 F.3d 1306 (10th Cir.
11     1994) ..................................................................................................................5

12  *United States v. 87 Skyline Terrace*, 26 F.3d 923 (9th Cir. 1994)............................2, 3, 7

13  *W.G. v. Senatore*, 18 F.3d 60 (2d Cir. 1994) .................................................................4

14                                    **STATUTES**

15  17 U.S.C. § 505 ................................................................................... 1, 2, 5, 6

16  28 U.S.C. § 1338(a) ...................................................................................2, 3

17  28 U.S.C. § 1927 ..........................................................................................8

18                                     **RULES**

19  Fed. R. Civ. P. 54(d)(2)(A) ...........................................................................5

20  Fed. R. Civ. P. 11(b)....................................................................................8

21

22

23

24

25

26

27

28

# REPLY MEMORANDUM

## I.     INTRODUCTION

After months of litigation in which it was revealed that the entire basis for this lawsuit was a sham, Mr. DiBiase rightfully moved to recover attorney's fees. Righthaven's response, which primarily consists of irrelevant *ad hominem* attacks and misstatements of the law, offers no basis for denying attorney's fees in this case. The rule is clear: a dismissal based on lack of ownership of a copyright entitles the defendant to prevailing-party status under Section 505 of the Copyright Act. DiBiase's opening brief discusses a Ninth Circuit case—*Maljack Productions v. GoodTimes Home Video Corp.*, 81 F.3d 881, 889 (9th Cir. 1996)—holding that a defendant is entitled a fees award under the Copyright Act when it establishes that the plaintiff does not own the copyright that it is suing over. Righthaven does not mention—let alone try to distinguish—this binding authority. And it cannot do so.

Indeed, Righthaven's brief is notable for what it does not say. It not only fails to discuss *Maljack*, but offers no defense for Righthaven's conduct. Righthaven does not dispute that its ownership position was frivolous; that it harbored bad-faith motives when bringing this lawsuit; that its Complaint falsely claimed to own the copyright for the McMurdo Article; that it committed fraud on the copyright office; and that it improperly concealed its relationship with Stephens Media ("Stephens") during the discovery process. Nor does Righthaven dispute that the relevant *Fogerty* factors such as compensation, deterrence, the purposes of the Copyright Act, and degree of success obtained favor a fees award here. Finally, Righthaven does not dispute that DiBiase's attorneys billed a reasonable number of hours at reasonable rates. Given all of that, the Court should enter an award of attorney's fees and non-taxable costs in Mr. DiBiase's favor.

## II.    ARGUMENT

Under binding Ninth Circuit authority, the district court has the power to enter a fees award to a prevailing defendant who obtains a subject-matter jurisdiction dismissal by establishing that the plaintiff does not own the copyright being asserted. The Court, therefore, should grant Mr. DiBiase's motion.

**A.      The Court Has The Power To Enter A Fees Award.**

While stated in different ways, Righthaven's opposition to Mr. DiBiase's motion boils down to a single argument: that the Court's 12(b)(1) dismissal for lack of ownership precludes a fees award in this action.  Opp'n at 3-9.  Established law refutes that position.  And adopting Righthaven's proposed rule conflicts with the text and purpose of the Copyright Act, and Supreme Court law interpreting it.  If Righthaven were correct, a plaintiff could knowingly sue defendants over copyrights that it did not own without facing any threat that it would be ordered to pay defense costs if it were ever found out.  That is not—and should not be—the law.  Section 505 authorizes a fees award to "defendants who seek to advance a variety of meritorious copyright defenses" because they "should be encouraged to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement."  *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 527 (1994).  That rule squarely applies to a defendant who defeats a plaintiff's copyright claim by establishing lack of ownership.

Starting with the text of the statute, Section 505 states that "[i]n *any civil action under this title*, the court in its discretion may allow the recovery of full costs by or against any party" and "may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505 (emphasis added).  Righthaven brought this case under Title 17 of the United States Code, and the district court has exclusive jurisdiction to resolve Righthaven's infringement claim.  28 U.S.C. § 1338(a).  Under the plain language of the statute, the district court has jurisdiction to enter a fees award once a plaintiff's copyright case has been dismissed on ownership grounds.  *See Fogerty*, 510 U.S. at 519 (Section 505 authorizes a fees award "in any copyright infringement action").

Binding Ninth Circuit authority confirms what the unambiguous statute says.  Indeed, a Ninth Circuit case that Righthaven itself cites—*87 Skyline Terrace*—makes this point explicitly.  *See United States v. 87 Skyline Terrace*, 26 F.3d 923 (9th Cir. 1994).  There, the IRS sued property owners in a forfeiture proceeding.  *Id*. at 925.  The district court dismissed the action for lack of subject-matter jurisdiction because the IRS had not obtained statutorily required authorization from the Treasury Secretary to file the action.  *Id*.  The district court denied an

1    attorney's fees motion brought under a fee-shifting statute because the action had been dismissed

2    for lack of subject-matter jurisdiction.  *Id*.  The Ninth Circuit reversed and drew a distinction

3    between the district court lacking "potential jurisdiction" and "having potential, but lacking

4    actual jurisdiction." *Id*. at 928.  Specifically, the district court had "potential" jurisdiction

5    because the plaintiff filed the case "in the only court that could have exercised jurisdiction over

6    the action" if the plaintiff had obtained the necessary authorization to file the lawsuit.  *Id*. at 928.

7    *87 Skyline Terrace* is on all fours.  Righthaven brought this case in the only court that could have

8    exercised jurisdiction over this action.  28 U.S.C. § 1338(a).  Had Righthaven actually complied

9    with statutory requirements by receiving a valid assignment before filing suit, the court would

10   have addressed Righthaven's misguided infringement allegations.  Accordingly, the court was

11   vested with potential jurisdiction and may enter a fees award in Mr. DiBiase's favor.

12           Two years later, in *Maljack*, the Ninth Circuit impliedly recognized the same principle

13   when it affirmed an award of attorney's fees in favor of the defendant, finding that it had

14   "obtained total success" and that plaintiff's copyright claims were "completely contradicted by

15   the language" of the relevant agreement.   *Maljack*, 81 F.3d at 890.  The Ninth Circuit could not

16   have issued that affirmance if it did not have the authority to issue that award.  *See also Cadkin*

17   *v. Bluestone*, 290 Fed. Appx. 58 (9th Cir. 2008) (affirming grant of attorneys fees when plaintiff

18   dismissed for lack of ownership of the copyrighted work); *Love v. Mail on Sunday*, Case No.

19   CV05-7798 ABC (PJWX), 2007 WL 2709975 (C.D. Cal. Sept. 7, 2007) (granting motion for

20   attorneys fees when plaintiff did not own the copyrights); *Pannonia Farms, Inc. v. Re/Max Int'l,*

21   *Inc*., 407 F. Supp. 2d 41 (D.D.C. 2005) (awarding attorneys fees where plaintiff did not own the

22   copyright).

23           It is impossible meaningfully to distinguish *Maljack* from this case.  The Court dismissed

24   Righthaven's case and entered judgment in Mr. DiBiase's favor because Righthaven "did not

25   have standing to pursue its copyright claims."  Righthaven's ownership position was also

26   "completely contradicted by the language" of the SAA.  This Court has the authority to enter a

27   fees award after ruling that Righthaven lacked standing to pursue a copyright infringement action

28   because it does not own the copyright being asserted.  *See Righthaven v. Democratic*

1    *Underground*, Case No. 2:10–cv–01356–RLH–GWF, 2011 WL 2378186, at *7 (D. Nev.

2    June 14, 2011) (dismissal of Righthaven's case on identical facts "of course, does not affect

3    [defendant's] right to bring a motion for attorney fees under the Act.").

4         **B.    Righthaven's Voluminous Case Citations Do Not Compel a Different Result.**

5         Righthaven ignores *Maljack* and *87 Skyview* in favor of cases standing for the proposition

6    that district courts may not enter orders in cases where jurisdiction is lacking from the beginning.

7    *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) (no jurisdiction

8    because "pre-enforcement" challenge not ripe); *Hudson v. Principi*, 260 F.3d 1357, 1363 (Fed.

9    Cir. 2001) (citing cases holding that courts must have jurisdiction over substantive claim in order

10   to issue fees award); *W.G. v. Senatore*, 18 F.3d 60, 62-63 (2d Cir. 1994) (no jurisdiction because

11   plaintiff did not exhaust administrative remedies); *Branson v. Nott*, 62 F.3d 287, 291-92 (9th Cir.

12   1995) (no jurisdiction over "impermissible collateral attack on prior state court decisions");

13   *Clark v. Busey*, 959 F.2d 808, 811 (9th Cir. 1992) (no district court jurisdiction over disputed

14   agency decision subject to exclusive review by court of appeals); *Johns-Manville Corp. v. United*

15   *States*, 893 F.2d 324, 325 (Fed. Cir. 1989) (no Court of Claims jurisdiction over claim pending

16   against U.S. in another court); *Lane v. United States*, 727 F.2d 18, 20 (1st Cir. 1984) (no

17   jurisdiction over claim barred by the Tax Anti-Injunction Act); *GHK Exploration Co. v. Tenneco*

18   *Oil Co.*, 857 F.2d 1388, 1389 (10th Cir. 1988) (no jurisdiction over claim within exclusive

19   purview of Oklahoma Corporation Commission).

20        Those cases are inapposite.  They deal with the situation where—for various reasons—

21   federal subject-matter jurisdiction never existed.  That is not true here.  In this case, the Court

22   had jurisdiction to adjudicate Righthaven's infringement claim and to rule on the question of

23   whether the SAA and the relevant assignment agreement vested Righthaven with sufficient rights

24   under Section 106 of the Copyright Act to proceed with an infringement action against

25   Mr. DiBiase.  Accordingly, the Court also has the power to enter a fees award.

26        Righthaven also cites cases standing for the proposition that orders that issue from a

27   district court that lacks jurisdiction are void.  *See Morongo Band of Indians v. Cal. St. Bd. of*

28   *Equal.*, 858 F.2d 1376, 1381 (9th Cir. 1988) (complaint did not plead facts sufficient to raise a

1    federal question); *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 18 (1951) (wrongful removal

2    from state court without independent basis for original federal jurisdiction); *United States v. 51*

3    *Pieces of Real Prop., Roswell, N.M.*, 17 F.3d 1306, 1309 (10th Cir. 1994) (discussing validity of

4    orders entered by courts lacking jurisdiction over parties or asserted claims); *Peralta Shipping*

5    *Corp. v. Smith & Johnson (Shipping) Corp.*, 739 F.2d 798, 804 (2d Cir. 1984) (no federal

6    admiralty jurisdiction over contract dispute sounding in general agency, rather than maritime

7    law).  But those cases have no application because they contemplate pleadings that failed, *ab*

8    *initio*, to establish jurisdiction to adjudicate the underlying claims.  Righthaven, in contrast,

9    brought suit in the proper court and knowingly plead bogus facts that, if true, would have been

10   sufficient to allow the Court to proceed past the first element of its claim.

11         **C.      DiBiase Appropriately Cites To Rule 54(d)(2) and L.R. 54-16.**

12         Fed. R. Civ. P. 54(d)(2)(A) and Local Rule 54-16 supply the procedural rules for filing a

13   motion for attorney's fees pursuant to Section 505 of the Copyright Act.  Those rules dictate the

14   timing and format of fees motions.  It makes no sense—therefore—for Righthaven to claim that

15   DiBiase is not "entitled" to fees under these provisions.  DiBiase makes no claim that these rules

16   somehow provide an independent basis for attorney's fees beyond what Section 505 authorizes.

17         **D.      DiBiase Is Entitled to Fees Under Section 505 of the Copyright Act.**

18         Approaching its' basic position in a slightly different way, Righthaven argues that

19   Mr. DiBiase is not a prevailing party under Section 505 of the Copyright Act because the

20   dismissal in this case was for lack of subject-matter jurisdiction.  Righthaven is mistaken.  A

21   dismissal based on lack of ownership goes to the merits of plaintiff's claim and entitles the

22   defendant to prevailing-party status under the Copyright Act.  *See Maljack*, 81 F.3d at 890

23   (defendant who obtained subject-matter jurisdiction dismissal based on lack of ownership is a

24   prevailing party under Section 505 of the Copyright Act); *Hyperquest, Inc. v. N'Site Solutions,*

25   *Inc.*, 559 F. Supp. 2d 918 (N.D. Ill. 2008) (defendant is a prevailing party where "a copyright

26

27

28

1    existed," the court "had ample power" to resolve copyright issues, and the court rejected

2    plaintiff's claim "definitively and with prejudice because of its lack of standing.").[1]

3         The cases Righthaven cites are not to the contrary.  In *Cadkin v. Loose*, 569 F.3d 1142,

4    1147, 1149 (9th Cir. 2009), the Ninth Circuit ruled that a party will be considered a "prevailing

5    party" under Section 505 of the Copyright Act if it can demonstrate that there has been a

6    "material alteration of the legal relationship of the parties."  *Id*. at 1149; *see also Buckhannon*

7    *Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598,

8    604 (2001).  This is precisely what happened here: the Court's dismissal order materially altered

9    the legal relationship between Righthaven and DiBiase.  Prior to the order issuing, Righthaven

10   alleged in its complaint that an assignment agreement with Stephens transferred sufficient

11   Section 106 rights to allow Righthaven to sue DiBiase for alleged infringement of the McMurdo

12   Article.  The dismissal order rejected that position emphatically and the Court then entered

13   judgment in Mr. DiBiase's favor.  *See* Docket Nos. 72, 73.  It is difficult to imagine a more

14   material alteration in the parties' legal relationship.

15        Indeed, Righthaven's copyright infringement claim against Mr. DiBiase is precluded.

16   *Pannonia Farms*, 407 F. Supp. 2d at 43 (giving determination of lack of copyright ownership

17   preclusive effect as decision on the merits); *Pony Express Records, Inc. v. Springsteen*, 163 F.

18   Supp. 2d 465 (D. N.J. 2001) (giving collateral estoppel effect to British court's determination

19   that plaintiff did not own copyright).[2]  For that reason, Righthaven's assertion that it may "re-file

20

21        [1] *See also Budget Cinema, Inc. v. Watertower Assocs.*, 81 F.3d 729, 732-33 (7th Cir. 1996)

22   (reversing denial of fees award under Section 505 where plaintiff filed suit without first
     obtaining a valid assignment of rights); *Amadasun v. Dreamworks*, 359 F. Supp. 2d 1367, 1373

23   (N.D. Ga. 2005) (awarding fees under the Copyright Act where "Plaintiff brought a copyright
     infringement claim against the defendants despite the fact that he did not own, and knew, or

24   should have known that he did not own, valid copyrights for some of his works"); *Love v. Mail*

25   *on Sunday*, 2007 WL 2709975, at *5 (awarding fees where "Plaintiff did not own the
     copyrights"); *United States ex rel Grynberg v. Praxair, Inc.*, 389 F.3d 1038, 1056-58 (10th Cir.

26   2004) (holding that jurisdiction to award attorney's fees existed when the underlying claim had
     been dismissed for lack of subject matter jurisdiction).

27

28        [2] Righthaven is incorrect when it asserts that its dismissal for lack of standing has no
     preclusive effect.  *See Brereton,* 434 F.3d at 1218-19 ("It cannot be gainsaid that even a
     dismissal without prejudice will have a preclusive effect on the standing issue . . .."); *Safe Air for*

(continued...)

1    its Complaint against [DiBiase] tomorrow" is frivolous and the involuntary dismissal cases that it

2    cites are irrelevant.  Righthaven may not bring a new case against DiBiase based on the facts as

3    they existed when the original action was filed.  *Cf. Miles v. California*, 320 F.3d 986, 989 (9th

4    Cir. 2003) (finding material alteration in dismissal *without prejudice* that precluded further

5    litigation in federal court but allowed for litigation to proceed in state court).

6            Lacking any helpful binding authority, Righthaven asks this Court to look to out-of-

7    circuit cases where the material alteration test was not satisfied.  *See, e.g., Torres-Negron v. J &*

8    *N Records, LLC*, 504 F.3d 151, 164 (1st Cir. 2007); *Stalley v. Orlando Reg. Healthcare Sys.,*

9    *Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008).  But those cases are not only unpersuasive, they are

10   readily distinguishable.  In *Torres-Negron*, the court dismissed a case where the plaintiff had

11   failed to fulfill the requirement of depositing a copy of his work with the copyright office.

12   *Stalley* involved a failed *qui tam* action.  In neither case did the court reach the merits of the

13   claim.  Here, Righthaven's copyright case failed because Mr. DiBiase defeated an essential

14   element of an infringement claim, ownership of the work being asserted.  *See Merchant*

15   *Transaction Systems, Inc. v. Nelcela, Inc.*, Case No. 02-cv-1954-PHX-MHM, 2010 WL

16   1336956, at *4 (D. Ariz. Mar. 31, 2010) (following *Cadkin v. Loose* and holding that defendant

17   was prevailing party entitled to fees when plaintiff did not own copyright).

18           In sum, Righthaven offers no reason for this Court to ignore the clear rules set forth in

19   *Maljack* and *87 Skyline Terrace*.

20           **E.     A Full-Freight Attorney's Fees Award Is Appropriate.**

21           Righthaven does not contest that the rates charged by Mr. DiBiase's or that the hours

22   worked were reasonable.  Accordingly, the only remaining question before the Court is the

23   appropriate amount of the award.  Mr. DiBiase sought fees in the amount of **$116,718** in his

24   opening brief, but suggested that a full award of **$199,250** might be appropriate under *Kerr v.*

25   _____

26           (...continued from previous page)
     *Everyone v. Meyer*, 373 F.3d 1035, 1040 (9th Cir. 2004) (reviewing "dismissal for lack of
27   subject matter jurisdiction ... as a grant of summary judgment on the merits" when merits were
     intertwined with jurisdiction); *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983)
28   ("In ruling on a jurisdictional motion involving factual issues which also go to the merits . . . a
     resolution of the jurisdictional facts is akin to a decision on the merits.")

1    *Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975).  Opening Brief at 18.  The enhanced

2    award seems particularly warranted given Righthaven's response to the present motion.

3    Righthaven cited numerous inapposite cases from all over the country in its opposition brief, but

4    failed to even mention the controlling *Maljack* case.  That strategy is emblematic of

5    Righthaven's larger litigation campaign:  it takes wildly untenable legal positions and continues

6    to press them as if repetition somehow substitutes for merit.  Accordingly, Mr. DiBiase

7    respectfully requests that the Court enter a fees award in the full amount of **$199,250.**[3]

8    **III.    CONCLUSION**

9           For the foregoing reasons, DiBiase respectfully requests that the Court order Righthaven

10   to pay reasonable attorney's fees and non-taxable costs.

11

12   Dated: August 12, 2011                           Respectfully submitted,

13                                                    WILSON SONSINI GOODRICH & ROSATI
                                                      Professional Corporation
14
                                                      By: /s/ *Bart E. Volkmer*
15                                                    Colleen Bal (*pro hac vice*)
                                                      Bart E. Volkmer (*pro hac vice*)
16                                                    650 Page Mill Road
                                                      Palo Alto, California 94304
17
                                                      ELECTRONIC FRONTIER FOUNDATION
18
                                                      By: /s/ *Kurt Opsahl*
19                                                    Kurt Opsahl (*pro hac vice*)
                                                      Corynne McSherry (*pro hac vice*)
20                                                    454 Shotwell Street
                                                      San Francisco, CA 94110
21

22

23

24       [3] The Court has several additional avenues to award fees.  Fees may be awarded against
     Righthaven pursuant to the Court's inherent powers and Rule 11(b).  *See* Fed. R. Civ. P. 11;
25   *Panzarella Consulting LLC v. Single Touch Interactive, Inc.*, Case No. 3:10-cv-00424-RCJ-
     RAM, 2011 WL 1626574, at *2 (D. Nev. Apr. 28, 2011) ("Sanctions are appropriate under a
26   court's inherent authority where a plaintiff files a federal lawsuit in the face of a plain lack of
     jurisdiction.").  The Court could also enter an award of fees against Steven Gibson pursuant 28
27   U.S.C. § 1927.  That statute authorizes an award of fees against any attorney who "multiplies the
     proceedings in any case unreasonably and vexatiously."  That certainly describes Mr. Gibson's
28   role here.  Not only did he file the complaint (as attorney of record), but he also created
     Righthaven, and, by all accounts, is in charge of its operations.

1

2          CHAD A. BOWERS, LTD.

3          By: /s/  *Chad Bowers*
           Chad A. Bowers
           NV State Bar Number 7283
4          3202 W. Charleston Blvd.
           Las Vegas, Nevada 89102
5
           *Attorneys for Thomas A. DiBiase*
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28