# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>          Plaintiff,<br><br>vs.<br><br>THOMAS A. DIBIASE, an individual,<br><br>          Defendant.<br><br>THOMAS A. DIBIASE, an individual<br><br>          Counterclaimant,<br><br>vs.<br><br>RIGHTHAVEN LLC, a Nevada limited-liability company<br><br>          Counterdefendant. | Case No.: 2:10-cv-01343-RLH-PAL<br><br>**O R D E R**<br><br>(Motion for Attorney's Fees and Non-taxable Costs–#78) |

Before the Court is Defendant Thomas A. DiBiase's **Motion for Attorney's Fees and Non-taxable Costs** (#78, filed July 6, 2011). The Court has also considered Plaintiff Righthaven LLC's Opposition (#87, filed July 28, 2011), and DiBiase's Reply (#90, filed Aug. 12, 2011).

/

1  The Court grants DiBiase's motion and awards fees and costs in the requested
2  amounts of $116,718.00 in fees and $2,770.00 in non-taxable costs.[1] The Copyright Act states that
3  prevailing parties may recover "a reasonable attorney's fee" along with "full costs." 17 U.S.C. §
4  505. Mr. DiBiase is a prevailing party based on this Court's June 22, 2011 Order granting his
5  motion to dismiss for lack of subject matter jurisdiction based on Righthaven's lack of ownership
6  of the copyright and consequent lack of standing. (Dkt. #72.) In *Maljack Productions v.
7  GoodTimes Home Video Corp.*, 81 F.3d 881, 889 (9th Cir. 1996), the Ninth Circuit affirmed an
8  order granting attorney's fees to the defendant, the prevailing party, under § 505 after the district
9  court dismissed the action for lack of subject matter jurisdiction because the plaintiff did not own
10 the copyright it sued on. *See also, United States v. 87 Skyline Terrace*, 26 F.3d 923 (9th Cir.
11 1994). Thus, the Court has discretion to award attorney's fees to DiBiase.

12  In exercising its discretion, the Court looks to various non-exclusive factors
13 approved by the Supreme Court in *Fantasy, Inc. v. Fogerty*, 510 U.S. 517, 534 n.19 (1994),
14 specifically: "frivolousness, motivation, objective reasonableness (both in the factual and in the
15 legal components of the case) and the need in particular circumstances to advance considerations
16 of compensation and deterrence." After considering these and other factors, the Court finds that
17 each factor weighs strongly toward imposition of attorney's fees against Righthaven. Further, the
18 Court has considered the declarations of Bart E. Volkmer (Dkt. #79) and Kurt Opshall (Dkt. #80).
19 The Court finds the fees and rates described in these declarations reasonable and necessary.
20 Accordingly, the Court awards both the requested fees and costs.
21 / / /
22 / / /
23 / / /

---

[1] *See* Dkt. ## 79, 80, (Declarations of Bart E. Volkmer and Kurt Opshall) for the calculation of fees from the Electronic Frontier Foundation and the law firm of WilsonSonsini Goodrich & Rosati and the discounts from these two organizations normal billing rates.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that DiBiase's Motion for Attorney's Fees and Non-taxable Costs (#78) is GRANTED. Fees are awarded in the amount of $116,718.00 and costs are awarded in the amount of $2,770.00.

Dated: October 26, 2011.

_____
**ROGER L. HUNT**
**United States District Judge**