COLLEEN BAL (*pro hac vice*)
cbal@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 493-6811

CHAD BOWERS
bowers@lawyer.com
CHAD A. BOWERS, LTD
Nevada State Bar No. 7283
3202 West Charleston Boulevard
Las Vegas, Nevada 89102
Telephone: (702) 457-1001

KURT OPSAHL (*pro hac vice*)
kurt@eff.org
CORYNNE MCSHERRY (*pro hac vice*)
corynne@eff.org
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

Attorneys for Defendant & Counterclaimant
THOMAS A. DIBIASE

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>    Plaintiff,<br><br>    v.<br><br>THOMAS A. DIBIASE, an individual,<br><br>    Defendant.<br>_____<br>THOMAS A. DIBIASE, an individual,<br><br>    Counterclaimant,<br><br>    v.<br><br>RIGHTHAVEN LLC, a Nevada Limited-Liability Company,<br><br>    Counter-defendant. | CASE NO.: 2:10-cv-1343 RLH PAL<br><br>**MOTION FOR JUDGMENT DEBTOR EXAMINATION AND TO PRODUCE DOCUMENTS** |

PLEASE TAKE NOTICE that Judgment Creditor Mr. Thomas DiBiase, by and through his attorneys, brings this motion seeking this Court, in light of the civil judgments entered by this Court on July 27, 2011 (Dkt. 73) and November 2, 2011 (Dkt. 97) against Judgment Debtor Righthaven LLC ("Righthaven") and pursuant to Rule 69 of the Federal Rules of Civil Procedure and Nevada Revised Statutes 21.270, issue an order requiring:

1. That Steven Gibson, Chief Executive Officer of Righthaven, appear before a magistrate of the Court and answer upon oath or affirmation concerning Righthaven's property at a Judgment Debtor Examination under the authority of a Magistrate Judge, pursuant to Local Rule IB 1-9(k); and

2. That Righthaven produce to Mr. DiBiase's counsel, Kurt Opsahl, Electronic Frontier Foundation, 454 Shotwell Street, San Francisco, CA 94110, at least one week prior to the Judgment Debtor Examination, so that Mr. DiBiase's counsel may effectively review and question Mr. Gibson regarding the documents, all information and documents identifying, related to, and/or comprising the following:

   a. Any and all information and documentation identifying real property, computers, intellectual property, vehicles, brokerage accounts, bank deposits and all other assets that may be available for execution to satisfy the Judgment entered by the Court, including, but not limited to, information relating to financial accounts, monies owed to Righthaven by others, etc.

   b. Documents sufficient to show Righthaven's balance sheet for each month for the years 2010 through the present.

   c. Documents sufficient to show Righthaven's gross revenues for each month for the years 2010 through the present.

   d. Documents sufficient to show Righthaven's costs and expenses for each month for the years 2010 through the present.

   e. All tax returns filed by Righthaven with any governmental body for the years 2010 through the present, including all schedules, W-2s and 1099s.

   f. All of Righthaven's accounting records, computerized, electronic and/or in

1

        printed or paper format for the years 2010 through the present.

    g. All of Righthaven's statements, cancelled checks and related banking documents for any bank, brokerage or other financial account at least partially controlled by Righthaven, or recorded in the name of Righthaven or one of its directors or officers for Righthaven's benefit, for the years 2010 through the present.

    h. All of Righthaven's checkbooks, checkbook stubs and checkbook entries for the years 2010 to the present.

    i. Documents sufficient to identify the "significant intangible assets" referenced on page 11 of *Righthaven LLC v. Hoehn*, Case No. 2:11-cv-00050-PMP–RJJ, Dkt. 52.

    j. Documents sufficient to identify the "significant proprietary rights in its copyright infringement search engine software" referenced on page 13 of *Righthaven LLC v. Hoehn*, Case No. 2:11-cv-00050-PMP-RJJ, Dkt. 52.

    k. Documents sufficient to identify to the "Business Method IP" referenced in Exhibit 9.1(A) of the Righthaven Operating Agreement, as produced with Righthaven's Fifth Supplemental Initial Disclosures.

    l. Documents sufficient to show the means and source of payment of the appeal fee in the appeal of *Righthaven LLC v. Newman*, Case No. 2:10-cv-01762-JCM–PAL, on or around November 7, 2011, receipt number 0978-2175649.

    m. Documents sufficient to show the means and source of payment of any rent or other monies paid for the use of 4475 South Pecos Road, Las Vegas, Nevada.

    n. Documents sufficient to show the means and source of payment of Righthaven's outside counsel in this matter.

    o. Any settlement agreements by which another party has agreed to pay money to Righthaven, such as, but not limited to, the settlement agreement referenced in *Righthaven LLC v. Rawlings*, Case No. 2:10-cv-01527-JCM-GWF, Dkt. 25.

3. That Righthaven produce to Mr. DiBiase's counsel, Kurt Opsahl, Electronic Frontier Foundation, 454 Shotwell Street, San Francisco, CA 94110, at least one week prior to the

Judgment Debtor Examination, so that Mr. DiBiase's counsel may effectively review and question Mr. Gibson regarding the documents, all information and documents sufficient to show the whereabouts of the following:

    a. Each of the "dedicated cellular telephone[s] for use on Company business" referenced in Section 6 (Benefits) of the employment agreements with Steven Gibson, Raisha Gibson, and David Brownell.

    b. Each of the "dedicated laptop computer[s] for use on Company business" referenced in Section 6 (Benefits) of the employment agreements with Steven Gibson, Raisha Gibson, and David Brownell.

    c. The "Additional Furniture/Phone" listed in Exhibit 13 (Budget) to the Righthaven Operating Agreement, as produced in Righthaven's Fifth Supplemental Initial Disclosures.

    d. The computer equipment, cell phones, printers, furniture and other property listed on the following excerpt from page 107 of Righthaven's Fifth Supplemental Initial Disclosures:

|  | Start up |
|---|---|
| **Computer Equipment** | |
| Server | $ 5,000.00 |
| Desktops | $ 10,000.00 |
| Laptops | $ 5,000.00 |
| Cell Phones | $ 1,500.00 |
| Printers | $ 1,500.00 |
| Phone System | $ 7,500.00 |
| Network Switches | $ 1,000.00 |
| **Security** | |
| Email--Barracuda/Defender | $ 1,000.00 |
| Power--Battery Backup | $ 500.00 |
| Physical Intrusion--Cameras | $ 1,000.00 |
| Network Intrusion--Firewall | $ 2,000.00 |
| Software | $ 22,500.00 |
| Local Counsel Retainers | $ 15,000.00 |
| Tenant Improvements | $ 5,000.00 |
| Furniture | $ 20,000.00 |
| Section 5.10 Reimbursement | $ 21,000.00 |
| **Totals** | **$ 119,500.00** |

    e. Any other computers equipment, cell phones, or other similar assets that are now, or have been since January 2010, owned by Righthaven.

   f. To the extent that any of the above referenced property is not currently owned by Righthaven or is not currently in Righthaven's possession, custody or control, Righthaven shall provide all documents that refer or relate to any disposition, sale or other transfer of ownership, possession, custody or control of the referenced property.

This Application is made based upon the Points and Authorities, the Opsahl Declaration and any Exhibits attached hereto.

DATED: November 18, 2011     Respectfully submitted,

                /s/ Kurt Opsahl
              KURT OPSAHL
              ELECTRONIC FRONTIER FOUNDATION
              454 Shotwell Street
              San Francisco, CA 94110
              Telephone: (415) 436-9333 x108
              Facsimile: (415) 436-9993
              Attorneys for Judgment Creditor
              THOMAS A. DIBIASE

**POINTS AND AUTHORITIES**

Rule 69 of the Federal Rules of Civil Procedure provides that "[i]n aid of the judgment or execution … the judgment creditor … may obtain discovery from any person-including the judgment debtor." Fed.R.Civ.Proc. 69. As this court has noted, Rule 69 "permits discovery from the judgment debtor and/or third persons." *Montgomery v. Etreppid Technologies, LLC*, 2009 WL 465941, *1 (D.Nev. Feb. 25, 2009) (citing *Danning v. Lavine*, 572 F.2d 1386, 1389-90 (9th Cir.1978); *1st Technology, LLC v. Rational Enterprises LTDA*, 2007 WL 5596692, *4 (D.Nev. 2007)).

### A.   Mr. DiBiase is Entitled to a Judgment Debtor Examination

Pursuant to Rule 62, proceedings to enforce a money judgment may be initiated once 14 days have passed since the entry of judgment, unless the judgment debtor has obtained a stay by posting a supersedeas bond. Fed.R.Civ.Proc. 62. On July 27, 2011, costs were taxed in the amount of $939.50 and were included in the judgment. Dkt. 73. On November 2, 2011 the Court entered another judgment against Righthaven, awarding fees in the amount of $116,718.00 and costs in the amount of $2,770.00. Dkt. 97. More than 14 days have passed, and Righthaven has not paid any part of the total of $120,427.50 owed and has neither sought nor obtained a stay. Opsahl Declaration, ¶ 6.

Accordingly, Mr. DiBiase may proceed. *See e.g. Hulihan v. Circle K Stores*, Case No. 2:09-cv-00715-JCM-PAL (D. Nev. Oct. 26, 2010), Order denying Motion Opposing Judgment Debtor Exam (Dkt. 64) ("As Plaintiff has not established that she has posted a supersedeas bond, Defendant may proceed with execution of the judgment as authorized by FRCP 69.").

Rule 69(b) provides that Mr. DiBiase "may obtain discovery from any person — including the judgment debtor — as provided in these rules or by the procedure of the state where the court is located." Fed.R.Civ.Proc. 62(a); *see also El Salto S.A. v. PSG Co.*, 444 F.2d 477, 484 n. 3 (9th Cir.), *cert. denied*, 404 U.S. 940 (1971) ("a judgment creditor proceeding under Rule 69(a) may utilize either State practice or the federal rules for taking depositions").

Under Nevada procedure, Mr. DiBiase is entitled to a debtor examination. Nevada Revised Statutes 21.270 states that a judgment creditor, at any time after the judgment is entered, is

1

"entitled to an order from the judge of the court requiring the judgment debtor to appear and answer upon oath or affirmation concerning his or her property" at an examination either before: 1) the judge or master appointed by the judge; or 2) an attorney representing the judgment creditor. Nev. Rev. Stat. Ann. ("NRS") § 21.270 (West). The statute further states that no judgment debtor may be required to appear outside the county in which the judgment debtor resides. NRS § 21.270. This requirement is met since Righthaven's address is in Clark County, which is the same county where this Court is located:

> Righthaven LLC
> 4475 South Pecos Road
> Las Vegas, Nevada 89121

Opsahl Decl., ¶ 6. In addition, Righthaven's CEO Steven Gibson resides in Clark County, with homes located at 7278 Silver Charm Court and 10645 Sunblower Avenue, both in Las Vegas, Nevada. Opsahl Decl., ¶ 7.

### B. The Debtor Examination Should Proceed Before a Magistrate

A Judgment Debtor Examination is necessary to enable Mr. DiBiase to discover any and all real and personal property, vehicles, assets, accounts, etc. of Righthaven and facts relating thereto, which may assist in potential executions to satisfy the Judgment. NRS 21.270 entitles Mr. DiBiase to an examination before either the Court or an attorney. "Local Rule IB 1-9(k) authorizes this court to conduct judgment debtor examinations and to preside over proceedings to enforce civil judgments." *Montgomery v. Etreppid, supra* at *1. Additionally, Local Rule IB 1-9(n) gives a magistrate judge the authorization to preside over proceedings to enforce civil judgments.

Accordingly, Mr. DiBiase respectfully requests that the examination take place before a Magistrate Judge. The supervision of a Magistrate is necessary since Righthaven and its Chief Executive Officer, Mr. Gibson, have had a history of unreasonably and vexatiously refusing to respond to discovery in this litigation based on unreasonable objections. *See, e.g.*, Mr. DiBiase's Motion to Compel, Dkt. 53. Indeed, Righthaven's unreasonably litigious tactics were engaged from the very beginning of this case, when Righthaven refused to identify particular people in its Rule 26 initial disclosures. Opsahl Decl., ¶ 8. When Mr. DiBiase deposed Righthaven pursuant to Rule 30(b)(6), the company put forward Mr. Gibson. Righthaven's counsel repeatedly instructed

his client not to answer questions on the basis of improper objections. *Id*. at ¶ 9.

This is not isolated misconduct. Other defendants in positions similar to Mr. DiBiase's have experienced unreasonable difficulty obtaining discovery from both Righthaven and Mr. Gibson. *See Righthaven v. Democratic Underground*, Case No. 2:10-cv-01356 (Dkt. 96 ¶¶ 19-29) (D. Nev. Apr. 28, 2011); *Kabins Family LLC v. Chain Consortium, Inc.*, Case No. 2:09-cv-00125 (Dkt. 333 at 1-2) (D. Nev. Mar. 29, 2011) (rejecting numerous inappropriate objections proffered by Mr. Gibson as substantially unjustified and his explanation as "amazing"). The types of objections rejected in *Kabins* are exactly the types of improper objections Mr. Gibson attempted to interpose in the deposition in this case. Opsahl Decl., ¶ 10. The heightened risk that Righthaven's conduct in a private examination would parallel its past misconduct merits the need to conduct this examination before a magistrate judge.

**C.     Righthaven Should Be Ordered to Produce Documents Necessary to Identify Company Assets**

Mr. DiBiase additionally requests an order requiring production of relevant documents to enable him to pursue execution of his judgment. "The scope of post-judgment discovery is broad, 'the judgment creditor must be given the freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor.'" *British Intern. Ins. Co., Ltd. v. Seguros La Republica, S.A*. 200 F.R.D. 586, 588 (W.D.Tex. 2000) (quoting *Caisson Corp. v. County West Building Corp.*, 62 F.R.D. 331, 334 (E.D.Pa. 1974)).

In an effort to satisfy the judgment against Righthaven in *Righthaven LLC v. Hoehn,* Hoehn was only able to identify (and seize) one monetary asset, consisting of less than $1,000 in a Bank of Nevada account. Declaration of J. Malcolm DeVoy IV, Case No. 2:11-cv-00050-PMP (Dkt 62-1 ¶ 3) (D. Nev. Nov. 14, 2011). However, the *Las Vegas Sun* reports that, after the U.S. Marshals Service seized Righthaven's account with the Bank of Nevada, "Shawn Mangano, an outside attorney for Righthaven, said the account contained less than $1,000 and that, despite the seizure order, Righthaven was continuing to operate Thursday." Steve Green, *Marshals execute against Righthaven bank account*, Las Vegas Sun, Nov. 10, 2011 (available at http://www.vegasinc.com/news/2011/nov/10/marshals-execute-against-righthaven-bank-account/).

1    If Righthaven is continuing to operate (i.e. pay rent for its address at 4475 South Pecos
2    Road,[1] pay its outside counsel, etc.), it must have another source of funds. Indeed, as of October 9,
3    2011, Righthaven represented to the Ninth Circuit that "Righthaven's operating capital is being
4    utilized to service its monthly operating expenses." Declaration of Shawn Mangano, *Righthaven*
5    *LLC v. Hoehn,* 9th Cir. Case No. 11-16995 (Dkt. 6-2 ¶ 7) (9th Cir. Oct. 9, 2011).

6    Mr. Mangano went on to explain that Righthaven was "presently unable to *allocate* more
7    than $34,000 toward the bond required by the district court," suggesting that it had the money but
8    didn't want to spend it on a bond. *Id.* (emphasis added). Presuming that Mr. Mangano was not
9    attempting to mislead the Ninth Circuit, his declaration also shows that just a few weeks ago,
10   Righthaven had sufficient funds to "prosecute appeals before [the Ninth Circuit], an anticipated
11   appeal before the Tenth Circuit, and numerous district court actions pending in the District of
12   Nevada."[2] *Id.* at ¶ 8. Clearly, this is more than the $1,000 seized from the Bank of Nevada
13   account.

14   Mr. DiBiase is entitled to discover where Righthaven's funds are located, and whether any
15   transfers of those funds were fraudulent pursuant to N.R.S. 112.180. Post-judgment discovery can
16   be used to gain information relating to, among other things, the "existence or *transfer* of the
17   judgment debtor's assets." *British Intern., supra,* 200 F.R.D. at 588 (emphasis added). Mr.
18   DiBiase is also entitled to financial statements, bank statements, investment account statements,
19   and tax returns. *The Edward Andrews Group, Inc. v. Addressing Servs. Co., Inc.*, No. 04 Civ.
20   6731, 2006 WL 1214984, at *1, 2006 U.S. Dist. LEXIS 28967, at *2 (S.D.N.Y. May 4, 2006);
21   *Libaire v. Kaplan*, 760 F.Supp.2d 288 (E.D.N.Y. 2011); *see also e.g. Montgomery vs. Etreppid,*
22   *supra* at *1-2 (listing documents to be produced); Order granting Debtors Examination, *American*
23   *Int'l Recovery v. Costa*, Case No. 2:07-cv-00123-JCM-PAL (Dkt. 60) (D. Nev. Oct. 13, 2011),
24   (listing documents to be produced).

---

26   [1] Righthaven no longer regularly uses 4475 South Pecos Road for business. DeVoy Decl. at ¶ 13.
27   However, it presumably pays some rent or service charge for the use of the office building.
     [2] Since October 9, Righthaven filed one more Ninth Circuit appeal (for a total of seven) and an
28   appeal before the Tenth Circuit.

4

**D.     Conclusion**

For the reasons stated above, pursuant to Fed.R.Civ.Proc. 69, NRS 21.270, and Local Rules IB 1-9(k, n), Mr. DiBiase respectfully requests that this Court issue its Order Scheduling a Judgment Debtor Examination to take place before a magistrate judge of this Court and order Righthaven to produce the documents list above. A proposed order is attached hereto.

DATED:  November 18, 2011               Respectfully submitted,


                                         /s/ Kurt Opsahl
                                        KURT OPSAHL
                                        ELECTRONIC FRONTIER FOUNDATION
                                        454 Shotwell Street
                                        San Francisco, CA 94110
                                        Telephone:  (415) 436-9333 x108
                                        Facsimile:   (415) 436-9993
                                        Attorneys for Judgment Creditor
                                        THOMAS A. DIBIASE

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(b) and as provided for under the applicable Local Rules of Civil Practice, I certify that on this 18th day of November, 2011, I caused a true and correct copy of MOTION FOR JUDGMENT DEBTOR EXAMINATION AND TO PRODUCE DOCUMENTS to be served on all counsel properly registered and appearing in this action as listed in the Court's ECF system.

                                         */s/* Kurt Opsahl
                                         KURT OPSAHL