| | |
|---|---|
| COLLEEN BAL (*pro hac vice*) | KURT OPSAHL (*pro hac vice*) |
| cbal@wsgr.com | kurt@eff.org |
| WILSON SONSINI GOODRICH & ROSATI | CORYNNE MCSHERRY (*pro hac vice*) |
| 650 Page Mill Road | corynne@eff.org |
| Palo Alto, CA 94304-1050 | ELECTRONIC FRONTIER FOUNDATION |
| Telephone: (650) 493-9300 | 454 Shotwell Street |
| Facsimile: (650) 493-6811 | San Francisco, CA 94110 |
| | Telephone: (415) 436-9333 |
| CHAD BOWERS | Facsimile: (415) 436-9993 |
| bowers@lawyer.com | |
| CHAD A. BOWERS, LTD | |
| Nevada State Bar No. 7283 | |
| 3202 West Charleston Boulevard | |
| Las Vegas, Nevada 89102 | |
| Telephone: (702) 457-1001 | |

Attorneys for Defendant & Counterclaimant
THOMAS A. DIBIASE

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>    Plaintiff,<br><br>    v.<br><br>THOMAS A. DIBIASE, an individual,<br><br>    Defendant.<br>_____<br>THOMAS A. DIBIASE, an individual,<br><br>    Counterclaimant,<br><br>    v.<br><br>RIGHTHAVEN LLC, a Nevada Limited-Liability Company,<br><br>    Counter-defendant. | CASE NO.: 2:10-cv-1343 RLH PAL<br><br>**DECLARATION OF KURT OPSAHL IN SUPPORT OF MOTION FOR JUDGMENT DEBTOR EXAMINATION AND ORDERING PRODUCTION OF DOCUMENTS** |

**DECLARATION OF KURT OPSAHL**

1. I am an attorney of record for the Defendant and Judgment Creditor, Thomas A. DiBiase, in this matter and a member in good standing of the State Bar of California, and am admitted to practice before this Court *pro hac vice*. I have personal knowledge of the matters stated in this declaration. If called upon to do so, I am competent to testify to all matters set forth herein.

2. On July 27, 2011, costs in this matter were taxed in the amount of $939.50 and were included in the judgment in favor of Mr. DiBiase and against Judgment Debtor Righthaven LLC. On November 2, 2011 the Court entered another judgment in favor of Mr. DiBiase and against Righthaven, awarding fees in the amount of $116,718.00 and costs in the amount of $2,770.00.

3. The total judgment amounts to $120,427.50, plus interest as allowed by law (the "Judgment").

4. On November 3, 2011, I emailed Righthaven's counsel, Shawn Mangano, to ask if Righthaven willing to discuss ways to get to a resolution of this Judgment.  On November 4, Mr. Mangano informed me that he would relay the question to Righthaven and get back to me as soon as possible.  Mr. Mangano has not communicated further on this topic.

5. Righthaven has not paid any portion of the Judgment, nor obtained a supersedeas bond.

6. The last known address of Righthaven is:

    Righthaven LLC
    4475 South Pecos Road
    Las Vegas, Nevada 89121

7. I have reviewed public records of the Clark County Assessors Office, and determined that Righthaven's Chief Executive Officer Steven A. Gibson owns two houses in Clark County, located at located at 7278 Silver Charm Court and 10645 Sunblower Avenue, both with mailing addresses in Las Vegas, Nevada.

8. On January 7, 2011, Righthaven's Chief Administrative Officer Raisha "Drizzle" Gibson sent its initial disclosures pursuant to Rule 26(a)(1)(A).  The disclosures were woefully inadequate.  For example, Righthaven identified plaintiff's persons with knowledge simply as "Person most knowledgeable ("PMK") of the dispute affiliated with Stephens Media LLC

("Stephens")" and "PMK of the dispute affiliated with Righthaven."

9.  On May 13, 2011, Mr. DiBiase took the deposition of Righthaven pursuant to Federal Rule of Civil Procedure 30(b)(6). I participated in this deposition as counsel for Mr. DiBiase. Righthaven put forward Mr. Gibson as its witness.  Mr. Gibson and Righthaven's counsel Shawn Mangano raised numerous specious objections that unreasonably delayed the examination. For example, Mr. Gibson took the position that asking whether there was a copyright registration of the subject work was improperly asking for a legal opinion. Mr. Mangano instructed Mr. Gibson not to answer questions for a host of reasons beyond the instructions not to answer authorized by Rule 30, including "calls for speculation," "calls for a legal conclusion with regard to relevance," and "outside the scope."[1]  Moreover, objections were not stated concisely in a nonargumentative and nonsuggestive manner.

10.  The type of objections improperly asserted in the May 13, 2011 deposition of Righthaven were similar to the improper objections discussed in *Kabins Family LLC v. Chain Consortium, Inc.,* Case No. 2:09-cv-00125 (Dkt. 333 at 1-2) (D. Nev. Mar. 29, 2011). Mr. Gibson was counsel in the *Kabins* case.

DATED:  November 18, 2011                    Respectfully submitted,


                                                   */s/* Kurt Opsahl
KURT OPSAHL
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Telephone:  (415) 436-9333 x108
Facsimile:   (415) 436-9993
Attorneys for Plaintiff
THOMAS A. DIBIASE

---

[1] Mr. Gibson did not always follow his counsel's instructions.

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b) and as provided for under the applicable Local Rules of Civil Practice, I certify that on this 18th day of November, 2011, I caused a true and correct copy of DECLARATION OF KURT OPSAHL IN SUPPORT OF MOTION FOR JUDGMENT DEBTOR EXAMINATION AND ORDERING PRODUCTION OF DOCUMENTS to be served on all counsel properly registered and appearing in this action as listed in the Court's ECF system.

　　　　　　　　　　　　　　　　　　　　　　*/s/* Kurt Opsahl
　　　　　　　　　　　　　　　　　　　　　　KURT OPSAHL