COLLEEN BAL (*pro hac vice*)
cbal@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 493-6811

CHAD BOWERS
bowers@lawyer.com
CHAD A. BOWERS, LTD
Nevada State Bar No. 7283
3202 West Charleston Boulevard
Las Vegas, Nevada 89102
Telephone: (702) 457-1001

KURT OPSAHL (*pro hac vice*)
kurt@eff.org
CORYNNE MCSHERRY (*pro hac vice*)
corynne@eff.org
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

Attorneys for Defendant & Counterclaimant
THOMAS A. DIBIASE

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

RIGHTHAVEN LLC, a Nevada limited-liability company,

Plaintiff,

v.

THOMAS A. DIBIASE, an individual,

Defendant.

_____

THOMAS A. DIBIASE, an individual,

Counterclaimant,

v.

RIGHTHAVEN LLC, a Nevada Limited-Liability Company,

Counter-defendant.

CASE NO.: 2:10-cv-1343 RLH PAL

**[PROPOSED] ORDER SCHEDULING JUDGMENT DEBTOR EXAMINATION AND TO PRODUCE DOCUMENTS**

1    Pursuant to the Motion of the Judgment Creditor for issuance of this Court's Order

2 Scheduling Judgment Debtor Examination and Productions of Documents, and Good Cause

3 Appearing therefor,

4    Good cause appearing, IT IS HEREBY ORDERED that:

5    1.    Steven Gibson, Chief Executive Officer of Plaintiff, Counter-defendant and

6 Judgment Debtor Righthaven LLC ("Righthaven"), shall personally appear before this Court on

7 _____ at _____ __.m. in Courtroom _____ and shall be sworn to tell the

8 truth and give testimony at a Judgment Debtor Examination.  Mr. Gibson shall be examined with

9 regard to the extent and location of Righthaven's assets that may be available for satisfying the

10 Judgment entered by this Court.

11    2.    At least one week prior to the above-scheduled Judgment Debtor Examination,

12 Judgment Debtor shall produce the following documents to Kurt Opsahl, Electronic Frontier

13 Foundation, 454 Shotwell Street, San Francisco, CA 94110:

14    a.  Any and all information and documentation identifying real property,

15      computers, intellectual property, vehicles, brokerage accounts, bank deposits

16      and all other assets that may be available for execution to satisfy the Judgment

17      entered by the Court, including, but not limited to, information relating to

18      financial accounts, monies owed to Righthaven by others, etc.

19    b.  Documents sufficient to show Righthaven's balance sheet for each month for the

20      years 2010 through the present.

21    c.  Documents sufficient to show Righthaven's gross revenues for each month for

22      the years 2010 through the present.

23    d.  Documents sufficient to show Righthaven's costs and expenses for each month

24      for the years 2010 through the present.

25    e.  All tax returns filed by Righthaven with any governmental body for the years

26      2010 through the present, including all schedules, W-2s and 1099s.

27    f.  All of Righthaven's accounting records, computerized, electronic and/or in

28      printed or paper format for the years 2010 through the present.

1

g.  All of Righthaven's statements, cancelled checks and related banking documents for any bank, brokerage or other financial account at least partially controlled by Righthaven, or recorded in the name of Righthaven or one of its directors or officers for Righthaven's benefit, for the years 2010 through the present.

h.  All of Righthaven's checkbooks, checkbook stubs and checkbook entries for the years 2010 to the present.

i.  Documents sufficient to identify the "significant intangible assets" referenced on page 11 of *Righthaven LLC v. Hoehn*, Case No. 2:11-cv-00050-PMP–RJJ, Dkt. 52.

j.  Documents sufficient to identify the "significant proprietary rights in its copyright infringement search engine software" referenced on page 13 of *Righthaven LLC v. Hoehn*, Case No. 2:11-cv-00050-PMP-RJJ, Dkt. 52.

k.  Documents sufficient to identify to the "Business Method IP" referenced in Exhibit 9.1(A) of the Righthaven Operating Agreement, as produced with Righthaven's Fifth Supplemental Initial Disclosures.

l.  Documents sufficient to show the means and source of payment of the appeal fee in the appeal of *Righthaven LLC v. Newman*, Case No. 2:10-cv-01762-JCM–PAL, on or around November 7, 2011, receipt number 0978-2175649.

m.  Documents sufficient to show the means and source of payment of any rent or other monies paid for the use of 4475 South Pecos Road, Las Vegas, Nevada.

n.  Documents sufficient to show the means and source of payment of Righthaven's outside counsel in this matter.

o.  Any settlement agreements by which another party has agreed to pay money to Righthaven, such as, but not limited to, the settlement agreement referenced in *Righthaven LLC v. Rawlings*, Case No. 2:10-cv-01527-JCM-GWF, Dkt. 25.

3.  At least one week prior to the above-scheduled Judgment Debtor Examination, Judgment Debtor shall produce documents sufficient to show the whereabouts of the following to Electronic Frontier Foundation, 454 Shotwell Street, San Francisco, CA 94110:

a.  Each of the "dedicated cellular telephone[s] for use on Company business" referenced in Section 6 (Benefits) of the employment agreements with Steven Gibson, Raisha Gibson, and David Brownell.

b.  Each of the "dedicated laptop computer[s] for use on Company business" referenced in Section 6 (Benefits) of the employment agreements with Steven Gibson, Raisha Gibson, and David Brownell.

c.  The "Additional Furniture/Phone" listed in Exhibit 13 (Budget) to the Righthaven Operating Agreement as produced in the Fifth Supplemental Initial Disclosures.

d.  The computer equipment, cell phones, printers, furniture and other property listed on the following excerpt from the Fifth Supplemental Initial Disclosures:

|  | Start up |
| --- | --- |
| **Computer Equipment** | |
| Server | $ 5,000.00 |
| Desktops | $ 10,000.00 |
| Laptops | $ 5,000.00 |
| Cell Phones | $ 1,500.00 |
| Printers | $ 1,500.00 |
| Phone System | $ 7,500.00 |
| Network Switches | $ 1,000.00 |
| **Security** | |
| Email--Barracuda/Defender | $ 1,000.00 |
| Power--Battery Backup | $ 500.00 |
| Physical Intrusion--Cameras | $ 1,000.00 |
| Network Intrusion--Firewall | $ 2,000.00 |
| Software | $ 22,500.00 |
| Local Counsel Retainers | $ 15,000.00 |
| Tenant Improvements | $ 5,000.00 |
| Furniture | $ 20,000.00 |
| Section 5.10 Reimbursement | $ 21,000.00 |
| **Totals** | $ 119,500.00 |

e.  Any other computers equipment, cell phones, or other similar assets that are now, or have been since January 2010, owned by Righthaven.

f.  To the extent that any of the above referenced property is not current owned by Righthaven or is not currently in Righthaven's possession, custody or control, Righthaven shall provide all documents that refer or relate to any disposition, sale or other transfer of ownership, possession, custody or control.

3

1       4.  Judgment Creditor shall personally serve the Judgment Debtor with a copy of this

2    Order and shall provide proof of such service to the Court not less than five (5) days before the

3    Judgment Debtor Examination.

4       5.  Should Judgment Debtor fail or refuse to appear at the Judgment Debtor

5    Examination herein scheduled, or to produce the documents referred to above, this Court may

6    adjudicate the Judgment Debtor guilty of civil contempt for its orders and may issue a warrant or

7    seizure order to compel compliance with this Order.

8       DATED and DONE this _____ day of _____, 2011.

9

10

             _____

11                UNITED STATES DISTRICT/MAGISTRATE JUDGE

12

13

14   Submitted by:
     Kurt Opsahl

15
     By: __/s/ Kurt Opsahl___
16      Kurt Opsahl, Esq.

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(b) and as provided for under the applicable Local Rules of Civil Practice, I certify that on this 18th day of November, 2011, I caused a true and correct copy of [PROPOSED] ORDER SCHEDULING JUDGMENT DEBTOR EXAMINATION AND TO PRODUCE DOCUMENTS to be served on all counsel properly registered and appearing in this action as listed in the Court's ECF system.


_____/s/ Kurt Opsahl_____
KURT OPSAHL

1