| | |
|---|---|
| COLLEEN BAL (*pro hac vice*) | KURT OPSAHL (*pro hac vice*) |
| cbal@wsgr.com | kurt@eff.org |
| WILSON SONSINI GOODRICH & ROSATI | CORYNNE MCSHERRY (*pro hac vice*) |
| 650 Page Mill Road | corynne@eff.org |
| Palo Alto, CA 94304-1050 | ELECTRONIC FRONTIER FOUNDATION |
| Telephone: (650) 493-9300 | 454 Shotwell Street |
| Facsimile: (650) 493-6811 | San Francisco, CA 94110 |
| | Telephone: (415) 436-9333 |
| CHAD BOWERS | Facsimile: (415) 436-9993 |
| bowers@lawyer.com | |
| CHAD A. BOWERS, LTD | |
| Nevada State Bar No. 7283 | |
| 3202 West Charleston Boulevard | |
| Las Vegas, Nevada 89102 | |
| Telephone: (702) 457-1001 | |

Attorneys for Defendant & Counterclaimant
THOMAS A. DIBIASE

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company, | CASE NO.: 2:10-cv-1343-RLH-PAL |
| Plaintiff, | |
| v. | **NOTICE OF RIGHTHAVEN'S NON-OPPOSITION TO JUDGMENT CREDITOR THOMAS DIABASE'S MOTION FOR JUDGMENT DEBTOR EXAMINATION** |
| THOMAS A. DIBIASE, an individual, | |
| Defendant. | |
| THOMAS A. DIBIASE, an individual, | |
| Counterclaimant, | |
| v. | |
| RIGHTHAVEN LLC, a Nevada Limited-Liability Company, | |
| Counter-defendant. | |

PLEASE TAKE NOTICE that Judgment Debtor Righthaven LLC ("Righthaven") has failed to file a memorandum of points and authorities in opposition to Judgment Creditor Mr. DiBiase's motion for a judgment debtor examination, filed November 18, 2011. *See* Doc. 98. Pursuant to Local Rule 7-2(d), this failure to file an opposition constitutes Righthaven's consent to the requested order. Therefore, for the reasons stated both in Mr. DiBiase's previous filing, *see* Doc. 98, as well as the reasons set forth below, he respectfully asks this Court to grant the unopposed motion.

## STATEMENT OF FACTS

On October 26, 2011, this Court granted Mr. DiBiase's motion for attorney fees, ordering Righthaven to pay $116,718 in fees and $2,770 in costs. *See* Dkt. No. 96. Judgment was entered on November 2, 2011. Dkt. No. 97. In order to assist Mr. DiBiase in identifying Righthaven's assets and to aid in the execution of this Court's judgment, on November 18, 2011 Mr. DiBiase filed a motion asking this Court to issue an order requiring Righthaven to provide documents and for Righthaven's CEO Stephen Gibson to sit for a judgment debtor examination pursuant to Federal Rule of Civil Procedure 69. *See* Dkt. No. 98.

Under District of Nevada Local Rule 7-2(b), "points and authorities in response shall be filed and served by an opposing party fourteen (14) days after service of the motion." Righthaven was thus required to file a response to Mr. DiBiase's motion for a judgment debtor examination by December 2, 2011. As of the date of this filing, Righthaven has not filed or served any response in opposition to Mr. DiBiase's request. Nor has Righthaven moved for, let alone received, a stay of enforcement of the judgment, or filed a notice of appeal in the Ninth Circuit with regard to the attorneys' fees order.

## MEMORANDUM OF POINTS AND AUTHORITIES

**A.   Righthaven's Failure to File a Response Constitutes Consent Under District of Nevada Local Rule 7-2(d).**

Local Rule 7-2(d) states the "failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." The Ninth Circuit has repeatedly found implicit consent under Local Rule 7-2(d) when a party fails to file an

1

opposition. *See Trice v. Clark County School Dist.*, 376 Fed.Appx. 789, 790 (9th Cir. 2010) (unpublished) (affirming dismissal after party failed to file an opposition with time constraints of Local Rule 7-2(d)); *Powell v. DEF Express, Inc.*, 265 Fed.Appx. 672, 675 (9th Cir. 2008) (unpublished) (same); *Kearns v. Comba*, 252 Fed. Appx. 141 (9th Cir. 2007) (unpublished) (affirming grant of summary judgment in favor of defendants when plaintiffs failed to respond to motion under Local Rule 7-2(d)).

Thus, under Local Rule 7-2(d), Righthaven has consented to Mr. DiBiase's motion for a judgment debtor examination.

**B.     Righthaven's Notice of Appeal of the Dismissal Order Does Not Operate As A Notice of Appeal of the Attorney Fees Order.**

The Ninth Circuit has made it clear that it "lack[s] jurisdiction to review an order granting attorney fees unless a proper notice of appeal is filed." *Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999) (reversing summary judgment but lacking jurisdiction to reverse fee award because no notice of appeal filed). Because the "award of fees and costs is a collateral issue" the Ninth Circuit has explained its jurisdiction over the merits of an appeal from a district court's order on a substantive motion "does not imbue us with jurisdiction to review the fee award." *Id.* (quoting *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 200 (1988)).

This Court issued its judgment on the attorneys' fees on November 2, 2011. Federal Rule of Appellate Procedure 4 requires a notice of appeal to be filed within 30 days of that order, or by December 2, 2011. As of this filing, Righthaven has failed to file a notice of appeal regarding this Court's order awarding fees and costs to Mr. DiBiase. With the window to appeal the attorneys' fees order now closed, the order is uncontestable.

Therefore, Mr. DiBiase respectfully requests this Court grant its uncontested motion for judgment debtor examination. If convenient for the Court, Mr. DiBiase respectfully requests that the judgment debtor examination take place between January 11 and January 13, 2012.[1] One of Mr. DiBiase's counsel has plans to be in the city of Las Vegas that week anyway, and therefore

---

[1] Mr. DiBiase notes that Righthaven has also failed to oppose a motion for judgment debtor examination in *Righthaven v. Hoehn*, Case No. 2:11-cv-00050-PMP-RJJ. It may be convenient to schedule both examinations simultaneously.

would appreciate being able to take the debtor examination without the cost of an additional trip to Las Vegas.

## CONCLUSION

For the reasons stated in its previously filed motions, and above, Mr. DiBiase respectfully requests that this Court grant his uncontested motion to schedule a Judgment Debtor Examination, as well as order Righthaven to produce the documents previously detailed in Mr. DiBiase's originally filed motion for a judgment debtor examination. A proposed order was attached as Docket No. 98-2.

DATED:  December 7, 2011                                       Respectfully submitted,


       /s/ Kurt Opsahl
KURT OPSAHL
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Telephone:  (415) 436-9333 x106
Facsimile:   (415) 436-9993

Attorneys for Judgment Creditor
THOMAS A. DIBIASE

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(b) and as provided for under the applicable Local Rules of Civil Practice, I certify that on this 7th day of December, 2011, I caused a true and correct copy of NOTICE OF RIGHTHAVEN'S NON-OPPOSITION TO JUDGMENT CREDITOR THOMAS DIABASE'S MOTION FOR JUDGMENT DEBTOR EXAMINATION to be served on all counsel properly registered and appearing in this action as listed in the Court's ECF system.

                                        /s/ Kurt Opsahl
                                        KURT OPSAHL