ELECTRONIC FRONTIER FOUNDATION
Protecting Rights and Promoting Freedom on the Electronic Frontier

January 30, 2012

***Via Electronic Filing***

The Honorable Peggy A. Leen
Magistrate Judge
United States District Court, District of Nevada
333 S. Las Vegas Blvd.
Las Vegas, NV 89101

**Re: *Righthaven LLC v. Thomas A. DiBiase*, No. 2:10-cv-1343 RLH PAL (D. Nev.)**

Dear Magistrate Judge Leen:

I am counsel to Judgment Creditor Thomas A. DiBiase in the above referenced matter. I am writing to give the Court notice that Judgment Debtor Righthaven's refusal to communicate with us has left us unable to comply with the Court's order that the parties submit a joint stipulation by the end of last week.

On Tuesday, January 24, 2012, I appeared before Your Honor on Mr. DiBiase's Motion for a Judgment Debtor's Examination. At the hearing, Righthaven agreed, as a potential alternative to the examination, to produce a copy of the transcript of the judgment debtor's examination of Righthaven's Chief Executive Officer Steven Gibson and Chief Administrative Officer Raisha Gibson, conducted on or around January 9, 2012 in *Righthaven v. Hoehn*, Case No. 2:11-cv-00050-PMP-RJJ. Mr. DiBiase was willing to review that transcript to see if all reasonably necessary and appropriate questions had been already covered. Mr. DiBiase's motion also sought, and Righthaven agreed to, the production of documents.

Following the discussions of counsel, the Court ordered the parties to "jointly submit a Proposed Stipulation summarizing their agreement concerning the previous Judgment Debtor Examination Transcript and Protective Order, as discussed in open court, by the end of this week." Minutes of Proceeding (Dkt. 101). The Court then denied Mr. DiBiase's motion as moot, but without prejudice. Unfortunately, the parties have been unable to come to an agreement as to a Proposed Stipulation, which is why I now submit this letter to the Court.

After the hearing, counsel for the parties discussed the details of the proposed stipulation, agreeing that the transcript and documents previously produced in *Hoehn* would be provided by February 7, and the remaining documents would be produced by February 14. Counsel for Mr. DiBiase prepared a draft stipulation to reflect the parties' in-court agreement and sent it to Righthaven on Wednesday, January 25, 2012. Counsel for Righthaven responded that day, adding a new paragraph contending that it might be unable to produce some of the responsive documents by February 14 due to the computer issues it mentioned in the hearing. That night, I e-mailed Righthaven's counsel a revision

to the draft, allowing that Righthaven might be late with the documents, but requiring a declaration detailing its good faith efforts to meet the deadline.

Righthaven never responded to my e-mail sent on the night of Wednesday, January 25. I wrote to counsel for Righthaven again on Thursday, January 26, seeking Righthaven's agreement to the stipulation and/or comments. Again, there was no response. On Friday, January 27, I e-mailed Righthaven's counsel for a third time, reminding Righthaven of the Court's requirement that the stipulation be filed by the end of the week. Righthaven failed to respond. A true and correct copy of the series of emails I sent to Shawn Mangano, counsel for Righthaven, between January 25, 2012 and January 27, 2012, are attached as Exhibit 1 to this letter. I am also attaching as Exhibit 2 a true and correct copy of the most recent draft stipulation I sent to counsel for Righthaven on the night of January 25, 2012.

Mr. DiBiase's attempts to finalize a stipulation without court intervention have been unavailing. It does not serve the interests of justice to allow Righthaven to unilaterally delay the production of documents and the examination of Mr. Gibson by refusing to engage with opposing counsel.

Accordingly, for the reasons stated above and in his prior motion's points and authorities, pursuant to Fed.R.Civ.Proc. 69, NRS 21.270, and Local Rules IB 1-9(k, n), Mr. DiBiase respectfully requests that this Court issue the Proposed Order filed with this letter, which closely tracks the most recent stipulation exchanged with counsel for Righthaven.

Very truly yours,

*/s/* Kurt Opsahl

Kurt Opsahl
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333 x106
Facsimile: (415) 436-9993

Attorneys for Judgment Creditor
THOMAS A. DIBIASE

cc: Shawn Mangano, Counsel for Righthaven (via ECF)

# Exhibit 1

Exhibit 1



**From:** Kurt Opsahl <kurt@eff.org>
**Subject:** Re: Stipulation re Motion for Judgment Debtor's Exam
**Date:** January 27, 2012 3:40:55 PM PST
**To:** <shawn@manganolaw.com> <shawn@manganolaw.com>
**Cc:** "Corynne McSherry" <corynne@eff.org>, "Colleen Bal" <cbal@wsgr.com>, "Caroline Wilson" <cwilson@wsgr.com>, "Evan Stern" <estern@wsgr.com>, "Kristin Kemnitzer" <kkemnitzer@wsgr.com>

---

Shawn --

As you know, the parties were ordered to "jointly submit a Proposed Stipulation summarizing their agreement concerning the previous Judgement Debtor Examination Transcript and Protective Order, as discussed in open court, by the end of this week. " The end of this week is now upon us. I look forward to your response.

best regards,

Kurt

On Jan 26, 2012, at 6:59 PM, Kurt Opsahl wrote:

Shawn --

Hope you are well. Looking forward to your response, since we need to file a stipulation by the end of the week pursuant to the court's order.

best,

Kurt

On Jan 26, 2012, at 1:09 AM, Kurt Opsahl wrote:

Shawn --

Thanks for re-sending.

We have a revision in the attached (in redline).

As you will see, we have revised paragraph 6 to provide for a declaration describing your efforts on the server in the event that production is not possible. I have also included a space, indicated with yellow highlight, for you to describe the problem with the server. We feel this will be helpful to the Court in understanding the situation.

Please let me know if you have any questions or comments.

best,

Kurt

<Stip re Debtors Exam.Revised-2.doc>
On Jan 25, 2012, at 4:58 PM, <shawn@manganolaw.com> <shawn@manganolaw.com> wrote:

I likely attached a document that was listed right next to the one I intended to send in the file directory. I believe the correct one is attached this time. Sorry for the confusion.

S

Shawn A. Mangano, Esq.
Shawn A. Mangano, Ltd.
8367 West Flamingo Road, Suite 100
Las Vegas, Nevada 89147
(702) 304-0432 - telephone
(702) 922-3851 - facsimile
Licensed in California, Nevada and Illinois

-------- Original Message --------

Subject: Re: Stipulation re Motion for Judgment Debtor's Exam
From: Kurt Opsahl <kurt@eff.org>
Date: Wed, January 25, 2012 4:42 pm
To: <shawn@manganolaw.com>
Cc: "Corynne McSherry" <corynne@eff.org>, "Colleen Bal" <cbal@wsgr.com>, "Caroline Wilson" <cwilson@wsgr.com>, "Evan Stern" <estern@wsgr.com>, "Kristin Kemnitzer" <kkemnitzer@wsgr.com>

Shawn,

This appears to be an entirely different document, concerning redactions in the motion to dismiss. Perhaps you attached a different document than intended?

best,

Kurt

On Jan 25, 2012, at 4:35 PM, <shawn@manganolaw.com> wrote:

Kurt:

Attached in Word format is a revised version of the proposed stipulation and order. Let me know if you have any comments to the content added on my end.

Regards,

S

Shawn A. Mangano, Esq.
Shawn A. Mangano, Ltd.
8367 West Flamingo Road, Suite 100
Las Vegas, Nevada 89147
(702) 304-0432 - telephone
(702) 922-3851 - facsimile
Licensed in California, Nevada and Illinois

-------- Original Message --------
Subject: Stipulation re Motion for Judgment Debtor's Exam
From: Kurt Opsahl <kurt@eff.org>
Date: Wed, January 25, 2012 3:39 pm
To: Shawn Mangano <shawn@manganolaw.com>
Cc: Corynne McSherry <corynne@eff.org>, Colleen Bal <cbal@wsgr.com>, Caroline Wilson <cwilson@wsgr.com>, Evan Stern <estern@wsgr.com>, Kristin Kemnitzer <kkemnitzer@wsgr.com>

Shawn --

As we discussed yesterday, attached is our draft stipulation on the motion for the judgment debtor's examination. Please let me know if you have any questions or comments, or whether we can get this on file.

best regards,

Kurt

-------------------------------
Kurt Opsahl, kurt@eff.org
Senior Staff Attorney, Electronic Frontier Foundation http://www.eff.org/
ph: 415.436.9333 x 106 \\ fx: 415.436.9993

<Righthaven - DiBiase Stip Re MTD.docx>

<Stip re Debtors Exam.Revised.doc>

# Exhibit 2

# Exhibit 2

COLLEEN BAL (*pro hac vice*)
cbal@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 493-6811

CHAD BOWERS
bowers@lawyer.com
CHAD A. BOWERS, LTD
Nevada State Bar No. 7283
3202 West Charleston Boulevard
Las Vegas, Nevada 89102
Telephone: (702) 457-1001

KURT OPSAHL (*pro hac vice*)
kurt@eff.org
CORYNNE MCSHERRY (*pro hac vice*)
corynne@eff.org
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

Attorneys for Defendant & Counterclaimant
THOMAS A. DIBIASE

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

RIGHTHAVEN LLC, a Nevada limited-liability company,

Plaintiff,

v.

THOMAS A. DIBIASE, an individual,

Defendant.

---

THOMAS A. DIBIASE, an individual,

Counterclaimant,

v.

RIGHTHAVEN LLC, a Nevada Limited-Liability Company,

Counter-defendant.

CASE NO.: 2:10-cv-1343 RLH PAL

**STIPULATION AND ORDER REGARDING THOMAS A. DIBIASE'S MOTION FOR JUDGMENT DEBTORS EXAMINATION**

IT IS HEREBY STIPULATED BETWEEN Plaintiff/Judgment Debtor Righthaven LLC ("Righthaven"), through its attorneys of record, and Defendant/Judgment Creditor, Thomas A. DiBiase, through his attorneys of record, that:

1. Righthaven shall produce to Mr. DiBiase's counsel, Kurt Opsahl, Electronic Frontier Foundation, 454 Shotwell Street, San Francisco, CA 94110, **by February 7, 2012** the transcript of the judgment debtor's examination of Steven Gibson and Raisha Gibson conducted on or around January 9, 2012 in *Righthaven v. Hoehn*, Case No. 2:11-cv-00050-PMP-RJJ. If appropriate, Righthaven may designate portions of the transcript as Confidential pursuant to the Stipulated Protective Order in this matter (Dkt. 41) as modified (Dkt. 42). Consistent with the Court's Minute Order dated January 24, 2012, Mr. DiBiase reserves his right to re-notice his motion for a judgment debtor's exam (Dkt. 98) or to seek other additional relief if he believes he has not received everything to which he is entitled.

2. Pursuant to paragraph 7(g) of the Stipulated Protective Order, Righthaven and DiBiase agree that all documents, information, or things designated as Confidential in this matter may be made available to Ms. Lara Pearson, the Receiver for Righthaven, so that she may use the information to the extent reasonably necessary for conducting the receivership or assisting in the enforcement of judgment. Counsel for Mr. DiBiase will provide Ms. Pearson with a copy of the Stipulated Protective Order and the Order and request that Ms. Pearson execute any documentation required so that she is bound by the terms of the Stipulated Protective Order.

Kurt Opsahl 1/26/12 12:48 AM
**Deleted:** will

3. Righthaven shall produce to Mr. Opsahl, **by February 7, 2012**, all documents previously produced to Mr. Hoehn or his counsel in advance of the January 9, 2012 judgment debtor's examination held in that action, which may be provided via electronic mail in PDF format.

4. Righthaven shall produce to Mr. Opsahl, by **February 14, 2012**, all information and documents identifying, related to, and/or comprising the following:

a. Any and all information and documentation identifying real property, computers, intellectual property, vehicles, brokerage accounts, bank deposits and all other assets that may be available for execution to satisfy the Judgment entered by the Court, including, but not limited to, information relating to

financial accounts, monies owed to Righthaven by others, etc.

b. Documents sufficient to show Righthaven's balance sheet for each month for the years 2010 through the present.

c. Documents sufficient to show Righthaven's gross revenues for each month for the years 2010 through the present.

d. Documents sufficient to show Righthaven's costs and expenses for each month for the years 2010 through the present.

e. All tax returns filed by Righthaven with any governmental body for the years 2010 through the present, including all schedules, W-2s and 1099s.

f. All of Righthaven's accounting records, computerized, electronic and/or in printed or paper format for the years 2010 through the present.

g. All of Righthaven's statements, cancelled checks and related banking documents for any bank, brokerage or other financial account at least partially controlled by Righthaven, or recorded in the name of Righthaven or one of its directors or officers for Righthaven's benefit, for the years 2010 through the present.

h. All of Righthaven's checkbooks, checkbook stubs and checkbook entries for the years 2010 to the present.

i. Documents sufficient to identify the "significant intangible assets" referenced on page 11 of *Righthaven LLC v. Hoehn*, Case No. 2:11-cv-00050-PMP–RJJ, Dkt. 52.

j. Documents sufficient to identify the "significant proprietary rights in its copyright infringement search engine software" referenced on page 13 of *Righthaven LLC v. Hoehn*, Case No. 2:11-cv-00050-PMP-RJJ, Dkt. 52.

k. Documents sufficient to identify to the "Business Method IP" referenced in Exhibit 9.1(A) of the Righthaven Operating Agreement, as produced with Righthaven's Fifth Supplemental Initial Disclosures.

l. Documents sufficient to show the means and source of payment of the appeal fee in the appeal of *Righthaven LLC v. Newman*, Case No. 2:10-cv-01762-JCM–

PAL, on or around November 7, 2011, receipt number 0978-2175649.

m. Documents sufficient to show the means and source of payment of any rent or other monies paid for the use of 4475 South Pecos Road, Las Vegas, Nevada.

n. Documents sufficient to show the means and source of payment of Righthaven's outside counsel in this matter.

o. Any settlement agreements by which another party has agreed to pay money to Righthaven, such as, but not limited to, the settlement agreement referenced in *Righthaven LLC v. Rawlings*, Case No. 2:10-cv-01527-JCM-GWF, Dkt. 25.

5. Righthaven shall produce to Mr. Opsahl, **by February 14, 2012**, all information and documents sufficient to show the whereabouts of the following:

a. Each of the "dedicated cellular telephone[s] for use on Company business" referenced in Section 6 (Benefits) of the employment agreements with Steven Gibson, Raisha Gibson, and David Brownell.

b. Each of the "dedicated laptop computer[s] for use on Company business" referenced in Section 6 (Benefits) of the employment agreements with Steven Gibson, Raisha Gibson, and David Brownell.

c. The "Additional Furniture/Phone" listed in Exhibit 13 (Budget) to the Righthaven Operating Agreement, as produced in Righthaven's Fifth Supplemental Initial Disclosures.

d. The computer equipment, cell phones, printers, furniture and other property listed on the following excerpt from page 107 of Righthaven's Fifth Supplemental Initial Disclosures:

| Start up | | |
|---|---|---|
| Computer Equipment | | |
| Server | $ | 5,000.00 |
| Desktops | $ | 10,000.00 |
| Laptops | $ | 5,000.00 |
| Cell Phones | $ | 1,500.00 |
| Printers | $ | 1,500.00 |
| Phone System | $ | 7,500.00 |
| Network Switches | $ | 1,000.00 |
| Security | | |
| Email--Barracuda/Defender | $ | 1,000.00 |
| Power--Battery Backup | $ | 500.00 |
| Physical Intrusion--Cameras | $ | 1,000.00 |
| Network Intrusion--Firewall | $ | 2,000.00 |
| Software | $ | 22,500.00 |
| Local Counsel Retainers | $ | 15,000.00 |
| Tenant Improvements | $ | 5,000.00 |
| Furniture | $ | 20,000.00 |
| Section 5.10 Reimbursement | $ | 21,000.00 |
| Totals | $ | 119,500.00 |

e. Any other computers equipment, cell phones, or other similar assets that are now, or have been since January 2010, owned by Righthaven.

f. To the extent that any of the above referenced property is not currently owned by Righthaven or is not currently in Righthaven's possession, custody or control, Righthaven shall provide all documents that refer or relate to any disposition, sale or other transfer of ownership, possession, custody or control of the referenced property.

6. Righthaven states that certain potentially responsive information may be stored on its computer server and in other storage facilities. Righthaven states that it has access to those storage facilities, but that its computer server is currently inaccessible because [ ]. Righthaven agrees to engage in a good faith effort to access its computer server in order to complete the document production by February 14, 2012.

In the event that Righthaven is not able to complete the document production by February 14, 2012, Righthaven will provide to counsel to Mr. DiBiase a sworn declaration describing its good faith efforts to access its computer server and stating that it has produced all responsive documents from its storage facilities. Righthaven and Mr. DiBiase, through their counsel, will then meet and confer to determine the soonest date that Righthaven can complete the production

Kurt Opsahl 1/26/12 12:51 AM
**Formatted:** Highlight

stipulated herein. Should the parties fail to reach agreement through that meet and confer process, Mr. DiBiase may seek appropriate relief from the Court.

IT IS SO STIPULATED AND AGREED

DATED: January 30, 2012

/s/ Shawn Mangano

SHAWN A. MANGANO, LTD.
Shawn A. Mangano, Esq.
8367 West Flamingo Road, Suite 100
Las Vegas, Nevada 89147
Telephone: (702) 304-0432
Facsimile: (702) 922-3851

*Attorney for Judgment Debtor Righthaven LLC*

/s/ Kurt Opsahl

ELECTRONIC FRONTIER FOUNDATION
Kurt Opsahl, Esq.
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333 x108
Facsimile: (415) 436-9993

WILSON SONSINI GOODRICH & ROSATI
Colleen Bal, Esq.
650 Page Mill Road
Palo Alto, California 94304-1050

CHAD A. BOWERS, LTD.
Chad A. Bowers, Esq.
3202 West Charleston Boulevard
Las Vegas, Nevada 89102

*Attorneys for Judgment Creditor Thomas DiBiase*

IT IS SO ORDERED:

_______________________________
UNITED STATES DISTRICT JUDGE

DATED: ______________________

Kurt Opsahl 1/26/12 12:49 AM

**Deleted:** Righthaven has disclosed to Mr. DiBiase, through his counsel, that certain potentially responsive information and other materials are likely stored exclusively in electronic format on the company's computer server, which is not operational. Righthaven, through its counsel, is attempting to ascertain the costs associated for making the computer server operational so that potentially responsive information and materials may be made accessible to the company. Additionally, other potentially responsive information and materials may be located in storage facilities made available to Righthaven. Given these circumstances, Mr. DiBiase, through his counsel, has acknowledged that certain potentially responsive information and other materials may not be available to Righthaven for production prior to the February 14, 2012 production date set forth above. Righthaven and Mr. DiBiase, through their counsel, agree to meet and confer for the purpose of selecting a suitable production date for any potentially responsive information and other materials stored in electronic format on the company's server should such information not be made accessible sufficiently in advance of the production date designated herein or should the company be unable to remit payment for the costs associated with making the electronically stored information contained on the server available. Should the parties fail to reach agreement on the production of any such potentially responsive information and other materials stored in electronic format following reasonable meet and confer efforts, Mr. DiBiase may seek appropriate relief from the Court.