COLLEEN BAL (*pro hac vice*)
cbal@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 493-6811

CHAD BOWERS
bowers@lawyer.com
CHAD A. BOWERS, LTD
Nevada State Bar No. 7283
3202 West Charleston Boulevard
Las Vegas, Nevada 89102
Telephone: (702) 457-1001

KURT OPSAHL (*pro hac vice*)
kurt@eff.org
CORYNNE MCSHERRY (*pro hac vice*)
corynne@eff.org
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

Attorneys for Defendant & Counterclaimant
THOMAS A. DIBIASE

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>    Plaintiff,<br><br>    v.<br><br>THOMAS A. DIBIASE, an individual,<br><br>    Defendant.<br><br>————————————————<br>THOMAS A. DIBIASE, an individual,<br><br>    Counterclaimant,<br><br>    v.<br><br>RIGHTHAVEN LLC, a Nevada Limited-Liability Company,<br><br>    Counter-defendant. | CASE NO.: 2:10-cv-1343 RLH PAL<br><br>**STIPULATION AND ORDER REGARDING THOMAS A. DIBIASE'S MOTION FOR JUDGMENT DEBTORS EXAMINATION**<br><br>Magistrate Judge Peggy A. Leen |

IT IS HEREBY STIPULATED BETWEEN Plaintiff/Judgment Debtor Righthaven LLC ("Righthaven"), through its attorneys of record, and Defendant/Judgment Creditor, Thomas A. DiBiase, through his attorneys of record, that:

1. Righthaven shall produce to Mr. DiBiase's counsel, Kurt Opsahl, Electronic Frontier Foundation, 454 Shotwell Street, San Francisco, CA 94110, **by February 7, 2012** the transcript of the judgment debtor's examination of Steven Gibson and Raisha Gibson conducted on or around January 9, 2012 in *Righthaven v. Hoehn*, Case No. 2:11-cv-00050-PMP-RJJ. If appropriate, Righthaven may designate portions of the transcript as Confidential pursuant to the Stipulated Protective Order in this matter (Dkt. 41) as modified (Dkt. 42). Consistent with the Court's Minute Order dated January 24, 2012, Mr. DiBiase reserves his right to re-notice his motion for a judgment debtor's exam (Dkt. 98) or to seek other additional relief if he believes he has not received everything to which he is entitled.

2. Pursuant to paragraph 7(g) of the Stipulated Protective Order, Righthaven and DiBiase agree that all documents, information, or things designated as Confidential in this matter may be made available to Ms. Lara Pearson, the Receiver for Righthaven, so that she may use the information to the extent reasonably necessary for conducting the receivership or assisting in the enforcement of judgment. Counsel for Mr. DiBiase will provide Ms. Pearson with a copy of the Stipulated Protective Order and the Order and request that Ms. Pearson execute any documentation required so that she is bound by the terms of the Stipulated Protective Order.

3. Righthaven shall produce to Mr. Opsahl, **by February 7, 2012**, all documents previously produced to Mr. Hoehn or his counsel in advance of the January 9, 2012 judgment debtor's examination held in that action, which may be provided via electronic mail in PDF format.

4. Righthaven shall produce to Mr. Opsahl, by **February 14, 2012**, all information and documents identifying, related to, and/or comprising the following:

    a. Any and all information and documentation identifying real property, computers, intellectual property, vehicles, brokerage accounts, bank deposits and all other assets that may be available for execution to satisfy the Judgment entered by the Court, including, but not limited to, information

relating to financial accounts, monies owed to Righthaven by others, etc.

    b. Documents sufficient to show Righthaven's balance sheet for each month for the years 2010 through the present.

    c. Documents sufficient to show Righthaven's gross revenues for each month for the years 2010 through the present.

    d. Documents sufficient to show Righthaven's costs and expenses for each month for the years 2010 through the present.

    e. All tax returns filed by Righthaven with any governmental body for the years 2010 through the present, including all schedules, W-2s and 1099s.

    f. All of Righthaven's accounting records, computerized, electronic and/or in printed or paper format for the years 2010 through the present.

    g. All of Righthaven's statements, cancelled checks and related banking documents for any bank, brokerage or other financial account at least partially controlled by Righthaven, or recorded in the name of Righthaven or one of its directors or officers for Righthaven's benefit, for the years 2010 through the present.

    h. All of Righthaven's checkbooks, checkbook stubs and checkbook entries for the years 2010 to the present.

    i. Documents sufficient to identify the "significant intangible assets" referenced on page 11 of *Righthaven LLC v. Hoehn*, Case No. 2:11-cv-00050-PMP–RJJ, Dkt. 52.

    j. Documents sufficient to identify the "significant proprietary rights in its copyright infringement search engine software" referenced on page 13 of *Righthaven LLC v. Hoehn*, Case No. 2:11-cv-00050-PMP-RJJ, Dkt. 52.

    k. Documents sufficient to identify to the "Business Method IP" referenced in Exhibit 9.1(A) of the Righthaven Operating Agreement, as produced with Righthaven's Fifth Supplemental Initial Disclosures.

    l. Documents sufficient to show the means and source of payment of the

appeal fee in the appeal of *Righthaven LLC v. Newman*, Case No. 2:10-cv-01762-JCM–PAL, on or around November 7, 2011, receipt number 0978-2175649.

    m.  Documents sufficient to show the means and source of payment of any rent or other monies paid for the use of 4475 South Pecos Road, Las Vegas, Nevada.

    n.  Documents sufficient to show the means and source of payment of Righthaven's outside counsel in this matter.

    o.  Any settlement agreements by which another party has agreed to pay money to Righthaven, such as, but not limited to, the settlement agreement referenced in *Righthaven LLC v. Rawlings*, Case No. 2:10-cv-01527-JCM-GWF, Dkt. 25.

5.  Righthaven shall produce to Mr. Opsahl, **by February 14, 2012**, all information and documents sufficient to show the whereabouts of the following:

    a.  Each of the "dedicated cellular telephone[s] for use on Company business" referenced in Section 6 (Benefits) of the employment agreements with Steven Gibson, Raisha Gibson, and David Brownell.

    b.  Each of the "dedicated laptop computer[s] for use on Company business" referenced in Section 6 (Benefits) of the employment agreements with Steven Gibson, Raisha Gibson, and David Brownell.

    c.  The "Additional Furniture/Phone" listed in Exhibit 13 (Budget) to the Righthaven Operating Agreement, as produced in Righthaven's Fifth Supplemental Initial Disclosures.

    d.  The computer equipment, cell phones, printers, furniture and other property listed on the following excerpt from page 107 of Righthaven's Fifth Supplemental Initial Disclosures:

|  | Start up |
|---|---|
| **Computer Equipment** | |
| Server | $ 5,000.00 |
| Desktops | $ 10,000.00 |
| Laptops | $ 5,000.00 |
| Cell Phones | $ 1,500.00 |
| Printers | $ 1,500.00 |
| Phone System | $ 7,500.00 |
| Network Switches | $ 1,000.00 |
| **Security** | |
| Email--Barracuda/Defender | $ 1,000.00 |
| Power--Battery Backup | $ 500.00 |
| Physical Intrusion--Cameras | $ 1,000.00 |
| Network Intrusion--Firewall | $ 2,000.00 |
| Software | $ 22,500.00 |
| Local Counsel Retainers | $ 15,000.00 |
| Tenant Improvements | $ 5,000.00 |
| Furniture | $ 20,000.00 |
| Section 5.10 Reimbursement | $ 21,000.00 |
| **Totals** | **$ 119,500.00** |

  e. Any other computers equipment, cell phones, or other similar assets that are now, or have been since January 2010, owned by Righthaven.

  f. To the extent that any of the above referenced property is not currently owned by Righthaven or is not currently in Righthaven's possession, custody or control, Righthaven shall provide all documents that refer or relate to any disposition, sale or other transfer of ownership, possession, custody or control of the referenced property.

 6. Righthaven states that certain potentially responsive information may be stored on its computer server and in other storage facilities. Righthaven states that it has access to those storage facilities, but that its computer server is currently inaccessible because it is disconnected from a power source, the Internet and any other associated computer network.. Righthaven agrees to engage in a good faith effort to access its computer server in order to complete the document production by February 14, 2012.

 In the event that Righthaven is not able to complete the document production by February 14, 2012, Righthaven will provide to counsel to Mr. DiBiase a sworn declaration describing its good faith efforts to access its computer server and stating that it has produced all responsive documents from its storage facilities. Righthaven and Mr. DiBiase, through their

counsel, will then meet and confer to determine the soonest date that Righthaven can complete the production stipulated herein. Should the parties fail to reach agreement through that meet and confer process, Mr. DiBiase may seek appropriate relief from the Court.

IT IS SO STIPULATED AND AGREED          DATED:  February 6, 2012


_/s/ Shawn Mangano_                     _/s/ Kurt Opsahl_

SHAWN A. MANGANO, LTD.                  ELECTRONIC FRONTIER FOUNDATION
Shawn A. Mangano, Esq.                  Kurt Opsahl, Esq.
8367 West Flamingo Road, Suite 100      454 Shotwell Street
Las Vegas, Nevada 89147                 San Francisco, CA 94110
Telephone:  (702) 304-0432              Telephone:  (415) 436-9333 x108
Facsimile:  (702) 922-3851              Facsimile:   (415) 436-9993

*Attorney for Judgment Debtor Righthaven LLC*

WILSON SONSINI GOODRICH & ROSATI
Colleen Bal, Esq.
650 Page Mill Road
Palo Alto, California 94304-1050

CHAD A. BOWERS, LTD.
Chad A. Bowers, Esq.
3202 West Charleston Boulevard
Las Vegas, Nevada 89102

*Attorneys for Judgment Creditor Thomas DiBiase*


**IT IS SO ORDERED:**

_____
UNITED STATES MAGISTRATE JUDGE


DATED:  February 7, 2012

**DECLARATION PURSUANT TO SPECIAL ORDER 109**

I, Kurt Opsahl, hereby declare pursuant to Special Order 109 that I have obtained Judgment Debtor's concurrence in the filing of this document from Shawn Mangano, Counsel for Judgment Debtor Righthaven LLC.

Executed on January 18, 2012, in San Francisco, California.

*/s/ Kurt Opsahl*
Kurt Opsahl

\* \* \* \* \*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 6, 2012, I electronically filed the foregoing document with the Clerk of the Court, using the CM/ECF system, which will send notification of such filing to the counsel of record in this matter who are registered on the CM/ECF system.

Executed on February 6, 2012, in San Francisco, California.

*/s/ Kurt Opsahl*
Kurt Opsahl