# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN, LLC, | Case No. 2:10-cv-1343-RLH-PAL |
| Plaintiff, | **ORDER TO SHOW CAUSE** |
| vs. | (Mtn for OTSC - Dkt. #106) |
| THOMAS A. DIBIASE, | |
| Defendant. | |

This matter is before the court on Defendant Thomas A. Dibiase's Motion for Order to Show Cause Regarding Righthaven's Contempt of Court (Dkt. #106) filed February 27, 2012. The court has considered the Motion, which is supported by an affidavit of defense counsel, Kurt Opsahl.

On January 24, 2012, the court held a hearing on Defendant's Motion for Judgment Debtor Examination ("JDE") (Dkt. #98). At the hearing, Plaintiff's counsel agreed to produce a copy of the transcript of the January 9, 2012, JDE of Plaintiff's Chief Executive Officer, Steve Gibson, and Raisha Gibson, Plaintiff's Chief Administrative Officer taken in *Righthaven v. Hoehn,* Case No. 2:11-cv-00050-PMP-RJJ in lieu of taking another JDE in this case.

The court denied the motion as moot and without prejudice, directing the parties to submit a proposed stipulation summarizing their agreement about document production by January 27, 2012. *See* Minute Order (Dkt. #101). Counsel for Plaintiff agreed to produce the documents produced in *Hoehn*, and the *Hoehn* JDE transcript by February 7, 2012, and the remaining documents by February 14, 2012. Defense counsel prepared a stipulation memorializing this agreement and sent it to Plaintiff's counsel to review. Plaintiff's counsel added a paragraph that Plaintiff might be unable to produce some of the requested documents by February 14, 2012. Defense counsel agreed to the revision, added language requiring Plaintiff to submit a declaration detailing its good faith efforts to comply, and returned the stipulation to Plaintiff's counsel. Plaintiff's counsel did not respond after this proposed

revision, despite defense counsel's attempts to contact him on January 26 and 27, 2012. *See generally* Opsahl Declaration at ¶¶3-5.

Defendant filed a Notice (Dkt. #102), informing the court why no stipulation had been filed. The court set a status hearing on February 9, 2012. *See* Dkt #103. On February 6, 2012, counsel filed the Stipulation (Dkt. #104), and the court approved it in an Order (Dkt. #105) entered February 7, 2012. The Order outlines Plaintiff's document production obligations. Additionally, it recognizes that Plaintiff's computer server is inaccessible because it is disconnected from power, the Internet, and any other computer network, but it memorializes Plaintiff's agreement to: (a) make a good faith effort to access the server to complete the document production; and (b) provide a sworn declaration describing such efforts if it cannot comply with its production deadlines. *See* Dkt. #105 at ¶6. Defendant represents that Plaintiff did not comply with the Stipulation in a timely manner, and on February 8, 2012, Plaintiff produced only redacted copies of some of its bank statements. Defendant did not receive the *Hoehn* deposition transcript or other documents outlined in the Order. *See* Opsahl Declaration at ¶6. The parties" stipulation (Dkt. # 104) did not request that the status hearing be vacated. Counsel for Defendant appeared, but counsel for Plaintiff did not. As the parties had submitted the stipulation the court addressed at the prior hearing, the court inferred counsel for Plaintiff believed the matter had been resolved and that no hearing was required, and so advised counsel for the Defendant. As a result, the scheduled February 9, 2012, status conference did not go forward.

On February 15, 2012, counsel for Defendant wrote to Plaintiff's counsel requesting compliance with the Stipulation. Plaintiff's counsel responded that he would respond "as soon as possible. If I can do so today, I will." Defense counsel attempted to contact Plaintiff's counsel three additional times, without response. Defendant has still not received Plaintiff's court-ordered document production. *Id.* at ¶¶8-11.

Accordingly,

**IT IS ORDERED**:

1. Defendant's Motion for Order to Show Cause (Dkt. #106) is **GRANTED**

2. Plaintiff shall show cause, in writing, on or before **4:30 p.m., March 16, 2012,** why it

      should not be held in contempt of court and sanctioned for failing to comply with the Court's Order (Dkt. #105).

2.    A hearing on Defendant's request for sanctions is scheduled for **March 20, 2012, at 9:00 a.m** before the undersigned.

Dated this 2nd day of March, 2012.

                                            _____
                                            PEGGY A. LEEN
                                            UNITED STATES MAGISTRATE JUDGE