1  COLLEEN BAL (*pro hac vice*)
   cbal@wsgr.com
2  WILSON SONSINI GOODRICH & ROSATI
   650 Page Mill Road
3  Palo Alto, CA 94304-1050
   Telephone: (650) 493-9300
4  Facsimile: (650) 493-6811

5
   CHAD BOWERS
6  bowers@lawyer.com
   CHAD A. BOWERS, LTD
7  Nevada State Bar No. 7283
   3202 West Charleston Boulevard
8  Las Vegas, Nevada 89102
   Telephone: (702) 457-1001
9

10
   Attorneys for Defendant & Counterclaimant
11 THOMAS A. DIBIASE

KURT OPSAHL (*pro hac vice*)
kurt@eff.org
CORYNNE MCSHERRY (*pro hac vice*)
corynne@eff.org
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

12            **UNITED STATES DISTRICT COURT**

13            **FOR THE DISTRICT OF NEVADA**

14 RIGHTHAVEN LLC, a Nevada limited-liability )   CASE NO.: 2:10-cv-1343 RLH PAL
   company,                                   )
15                                            )
                                              )
16       Plaintiff,                           )
                                              )
17       v.                                   )
                                              )   **[PROPOSED] ORDER FINDING**
18 THOMAS A. DIBIASE, an individual,          )   **RIGHTHAVEN IN CONTEMPT OF**
                                              )   **COURT AND IMPOSING SANCTIONS**
19       Defendant.                           )
                                              )
20 ───────────────────────────────           )
                                              )
21 THOMAS A. DIBIASE, an individual,          )
                                              )
22    Counterclaimant,                        )
                                              )
23    v.                                      )
                                              )
24                                            )
   RIGHTHAVEN LLC, a Nevada Limited-          )
25 Liability Company,                         )
                                              )
26    Counter-defendant.                      )

27

28

1    This matter is before the Court on an Order to Show Cause why Plaintiff Righthaven LLC

2    should not be held in contempt of court and sanctioned for failing to comply with the Court's Order

3    (Dkt. # 107). A written response to the Order to Show Cause was due on March 16, 2012, and the

4    matter was set for hearing on March 20, 2012. Plaintiff's Counsel did not respond to Defendant's

5    Motion for Order to Show Cause (Dkt. # 106), did not comply with the Order to Show Cause

6    (Dkt. # 107), and did not appear at the hearing (Dkt. # 108), despite having received notice from

7    the Court of the date and time of the hearing.

8    **Background**

9    On January 24, 2012, the court held a hearing on Defendant Thomas DiBiase's Motion for

10   Judgment Debtor Examination ("JDE") (Dkt. # 98). At the hearing, Plaintiff's counsel agreed to

11   produce a copy of the transcript of the January 9, 2012 JDE of Plaintiff's Chief Executive Officer,

12   Steve Gibson, and Plaintiff's Chief Administrative Officer, Raisha Gibson, taken in *Righthaven v.*

13   *Hoehn*, Case No. 2:11-cv-00050-PMP-RJJ, in lieu of having the witnesses sit for another JDE in

14   this case. Plaintiff's counsel also agreed to produce certain documents related to the requested JDE.

15   Based on the parties' representations, the court denied Defendant's motion as moot and

16   without prejudice, directing the parties to submit a proposed stipulation summarizing their

17   agreement about the JDE and document production by January 27, 2012. *See* Minute Order

18   (Dkt. # 101). Counsel for Plaintiff agreed to produce the documents produced in *Hoehn*, and the

19   *Hoehn* JDE transcript, by February 7, 2012. Additional documents requested by Defendant would

20   be produced by February 14, 2012. Defense counsel prepared a stipulation memorializing this

21   agreement and sent it to Plaintiff's counsel to review. Plaintiff's counsel added a paragraph stating

22   that Plaintiff might be unable to produce some of the requested documents by February 14, 2012.

23   Defense counsel agreed to the revision, added language requiring Plaintiff to submit a declaration

24   detailing its good faith efforts to comply, and returned the stipulation to Plaintiff's counsel.

25   Plaintiff's counsel did not respond after this proposed revision, despite defense counsel's attempts

26   to contact him on January 26 and 27, 2012. *See generally* Opsahl Declaration (Dkt. # 106-1) at

27   ¶¶ 3-5.

28

1

1   On January 30, 2012, Defendant filed a Notice (Dkt. # 102) informing the court why no

2   stipulation had been filed. The court set a status hearing for February 9, 2012. *See* Dkt. # 103. On

3   February 6, 2012, counsel filed the Stipulation (Dkt. # 104), and the court approved it in an Order

4   (Dkt. # 105) entered February 7, 2012. The Order outlines Plaintiff's document production

5   obligations. *See* Dkt. # 105. Defendant represents that Plaintiff did not comply with the Stipulation

6   in a timely manner, and on February 8, 2012, Plaintiff produced only redacted copies of some of its

7   bank statements. Defendant did not receive the *Hoehn* deposition transcript or other documents

8   outlined in the Order. *See* Opsahl Declaration at ¶6. The parties' stipulation (Dkt. # 104) did not

9   request that the status hearing be vacated. Counsel for Defendant appeared, but counsel for Plaintiff

10  did not. As the parties had submitted the stipulation, the court inferred counsel for Plaintiff

11  believed the matter had been resolved and that no hearing was required, and so advised counsel for

12  the Defendant. As a result, the scheduled February 9, 2012 status conference did not go forward.

13  On February 15, 2012, counsel for Defendant wrote to Plaintiff's counsel requesting

14  compliance with the Stipulation. Plaintiff's counsel responded that he would respond "as soon as

15  possible. If I can do so today, I will." Defense counsel attempted to contact Plaintiff's counsel three

16  additional times, without response. Defendant has still not received Plaintiff's court-ordered

17  document production. Opsahl Declaration at ¶¶ 8-11.

18  On March 2, 2012, the Court granted Defendant's Motion for Order to Show Cause, and

19  ordered Plaintiff to show cause, in writing, why it should not be held in contempt of court and

20  sanctioned for failing to comply with the Court's Order (Dkt. # 105) by March 16, 2012. Plaintiff

21  did not respond or seek an extension of time to respond. A hearing was set for March 20, 2012

22  before Magistrate Judge Leen. Righthaven did not appear (Dkt. # 108).

23  **Discussion**

24  A court may issue civil contempt sanctions for the purpose of coercing a party to comply

25  with a court order, to compensate the party seeking sanctions for losses incurred, or both. *Whittaker*

26  *Corp. v. Execuair Corp.*, 953 F.2d 510, 517 (9th Cir. 1992). Both are proper here. "[A] district

27  court is justified in adjudging a person to be in civil contempt for failure to be reasonably diligent

28  and energetic in attempting to accomplish what was ordered." *Bad Ass Coffee Co. of Hawaii, Inc.*

2

*v. Bad Ass Coffee Ltd. Partnership*, 95 F. Supp. 2d 1252, 1256 (D. Utah 2000) (citation omitted) (footnote omitted). Where a court "order unequivocally directs an organization to produce records, the persons who have knowledge of the court's action and who 'fail to take appropriate action within their power' to comply with the subpoena or order may be held in contempt." *United States v. Voss*, 82 F.3d 1521, 1536 (10th Cir. 1996).

"'A command to a corporation is in effect a command to those who are officially responsible for the conduct of its affairs.'" *N.L.R.B. v. Sequoia Dist. Council of Carpenters, AFL-CIO*, 568 F.2d 628, 634 (9th Cir. 1977) (quoting *United States v. Greyhound Corp.*, 363 F. Supp. 525, 571 (N.D.Ill.1973), *aff'd*, 508 F.2d 529 (7th Cir. 1974)). Accordingly, the order to Righthaven was in effect, a command to Mr. Gibson, as Chief Executive Officer and Manager of Righthaven. As the person solely responsible for the conduct of Righthaven's affairs, "[i]t is imperative that we hold these officers in contempt if [courts] are to have respect for and obedience to [court] orders in such cases." *Id.*

Moreover, as the principal officer, Mr. Gibson is legally identified with Righthaven, and is therefore charged with notice. *See N.L.R.B.*, 568 F.2d at 633; *see also Colonial Williamsburg Found. v. Kittinger Co.*, 792 F. Supp. 1397, 1406 (E.D.Va.1992) ("[T]he case law establishes that an individual who is responsible for ensuring that a corporation complies with a court order cannot escape liability merely by removing himself from the day-to-day operations of the corporation and washing his hands of responsibility."), *aff'd*, 38 F.3d 133 (4th Cir. 1994); *see also United States v. Laurins*, 857 F.2d 529, 535 (9th Cir. 1988) ("An order to a corporation binds those who are legally responsible for the conduct of its affairs. … De facto as well as de jure officers are responsible for enabling a corporation to comply with orders directed to it." (citations omitted)).

Accordingly,

**IT IS ORDERED:**

1.      The Court finds that Righthaven and its Chief Executive Officer, Mr. Gibson have committed civil contempt of court by failing and refusing to comply with the Stipulated Order dated February 7, 2012 (Dkt. # 105), which required Righthaven to produce certain documents and the transcript of the January 9, 2012 JDE, and in addition by (1) failing to comply with the Court's

Order to Show Cause (Dkt. # 106) and (2) failing to appear at the show-cause hearing held on March 20, 2012.

2.     Righthaven shall pay a coercive sanction of $500 each day from the entry of this contempt order until Righthaven purges itself of contempt by complying fully with the February 7 Order.

3.     Righthaven is sanctioned $3,412.50 as compensation for Mr. DiBiase's reasonable attorneys' fees in researching, drafting and filing Defendant's motion for an order to show cause and accompanying documents. The Court finds the fees and rates described in the Opsahl Declaration reasonable and necessary.

4.     Righthaven shall file a declaration with the Court attesting to full payment of the attorneys' fees sanction to Mr. DiBiase's counsel within seven days of this order.

5.     Mr. Gibson is the Chief Executive Officer of Righthaven, the Manager of Righthaven and is legally responsible for the conduct of its affairs. Righthaven and Mr. Gibson shall be jointly and severally liable for the sanctions imposed as a result of this order.

5.     Righthaven and Mr. Gibson may purge their contempt at any time by fully complying with the February 7 Order and paying the then accrued sanctions imposed by this order.

6.     If Righthaven and Mr. Gibson fail to purge themselves of contempt within twenty-one days after entry of this contempt order, the Defendant may seek further sanctions upon motion.

DATED and DONE this _____ day of _____, 2012.

_____
UNITED STATES DISTRICT/MAGISTRATE JUDGE

Submitted by:
Kurt Opsahl

By:  ___/s/  Kurt Opsahl____
      Kurt Opsahl, Esq.

4

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(b) and as provided for under the applicable Local Rules of Civil Practice, I certify that on this 21st day of March, 2012, I caused a true and correct copy of the [PROPOSED] ORDER FINDING RIGHTHAVEN IN CONTEMPT OF COURT AND IMPOSING SANCTIONS to be served on all counsel properly registered and appearing in this action as listed in the Court's ECF system.

Dated: March 21, 2012                 _/s/_ Kurt Opsahl_____
                                                        KURT OPSAHL

1