STEVEN A. GIBSON
steven.gibson@cox.net

*NON-PARTY, IN PRO PER*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>        Plaintiff,<br><br>vs.<br><br>THOMAS A. DIBIASE, an individual,<br><br>        Defendant.<br><hr><br>THOMAS A. DIBIASE, an individual,<br><br>        Counterclaimant,<br><br>vs.<br><br>RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>        Counter-defendant. | Case No.: 2:10-CV-01343-RLH-PAL<br><br>**NON-PARTY STEVEN A. GIBSON'S RESPONSE TO DEFENDANT THOMAS A. DIBIASE'S [PROPOSED] ORDER FINDING RIGHTHAVEN IN CONTEMPT OF COURT AND IMPOSING SANCTIONS** |

Non-party Steven A. Gibson ("Gibson"), appearing *in pro per*[1], hereby opposes Defendant Thomas A. Dibiase's ("Dibiase's") [PROPOSED] Order Finding Righthaven in Contempt of Court and Imposing Sanctions (the "Proposed Order") insofar as the Order applies to Gibson.

---

[1] While Gibson is a licensed attorney and a partner with Dickinson Wright PLLC, he is here in an individual capacity and Dickinson Wright PLLC is not appearing as legal counsel, although, for purposes of convenience associated with this proceeding only, Gibson accepts electronic notice by the means associated with Gibson with this Court through his CM/ECF login.

This Opposition is based upon the Declaration of Steven A. Gibson and the Memorandum of Points and Authorities incorporated herein and on any other matter this Court wishes to take into consideration.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

The Proposed Order should not apply to Gibson as: (a) Gibson is not a party to this case; (b) Gibson did not participate in any proceedings personally in the case; (c) Gibson has not been receiving notice of the happenings of this case[2]; (d) Gibson only by happenstance received notice of the Proposed Order on March 26, 2012; (e) Righthaven LLC ("Righthaven") cannot appear without legal counsel, Gibson is not in a position to interface with the Court or Dibiase's legal counsel on the subject matter of the Proposed Order and is, thus, at a complete legal inability to address Dibiase's demands; (f) Gibson is not directly liable for the failure of Righthaven's counsel to appear; (g) Righthaven's counsel should be ordered to appear as Righthaven's counsel has not withdrawn or been granted permission to withdraw; and (h) Righthaven's counsel should not be granted permission to withdraw.

It has been my memory that Shawn A. Mangano, Esq., Righthaven's counsel of record, ("Mangano") possesses the sought-after transcript (the "Transcript").  One thing that Gibson and Dibiase agree on is that Mangano should provide Dibiase with the Transcript and all other documents[3] to comply with the Minute Order (Docket #101).  I do not possess the Transcript and I am not aware of the nature of the other agreements reached by Mangano.

I have attempted by way of letter, telephone and electronic mail to contact Mangano in order to receive updates on the statuses of all cases to no avail.  Mangano has been entirely uncommunicative.  Mangano cannot complain of non-payment, as Righthaven made all required payments, until such time as Mangano became entirely uncommunicative.

---

[2] Opposing counsel know very well how to contact me and could have, in theory, attempted to effect notice to me of this Court's relevant orders (if by no other means than by leave of court).  Opposing counsels' attempted ambush tactics of having me become personally liable without any direct notice is unconscionable.

[3] I am not privy to what other documents are sought, however.

As Chief Executive Officer ("CEO") of Righthaven, I do not have any means to effect compliance with the Minute Order but stand prepared to assist within the province of the law and not in a manner that causes me to engage in personal efforts above and beyond that which the CEO of Righthaven is capable of doing with the limited resources currently available to Righthaven, assuming I receive notice of same.

Therefore, Gibson hereby respectfully requests this Court to order Mangano to appear before the Court and effect compliance with the Minute Order. Gibson further requests this Court order Mangano to reinvigorate Mangano's representation of Righthaven until such time as this Court would find appropriate the withdrawal by Mangano.

II. **STATEMENT OF FACTS**

I received indirect notice of the Proposed Order on March 26, 2012 as I am not personally on any notification system or list. No one sent me personally any notice to either my work address or home. While random electronic notices residually may appear through my or my legal assistant's CM/ECF notice on certain Righthaven cases, they are not complete, and I do not exercise lawyerly review of any or all of them as I am not legally capable of addressing same and have relied on legal counsel to address same. I never received actual notice of the Order to Show Cause but I was aware of an upcoming order that may have addressed Mangano's failure to act but understood that, as is now clear, I was powerless as non-legal counsel to address. I am not a party to this case. I have not been informed by Righthaven's legal counsel of the recent occurrences of this case. I have not heard from Righthaven's legal counsel since February, 2012. I did understand that some form of agreement occurred on this case in January, 2012 that Righthaven's legal counsel was going to effect compliance with same. I have attempted to contact Mangano to no avail. I do not personally possess or have access to the Transcript.

As CEO of Righthaven, I do not have any means to effect compliance with the Minute Order to the extent I even have full cognizance of same.

I have received no notice that Mangano has attempted to withdraw. Any attempt to withdraw would be unfounded and not permitted. As such, Mangano should be ordered to comply with this Court's orders and be ordered to professionally represent Righthaven.

III. **ARGUMENT**

    I.    *THE PROPOSED ORDER SHOULD NOT PERSONALLY APPLY TO GIBSON*

        a.    Gibson Is Not A Party.

Needless to emphasize, I am not personally a party to this case and the only basis of applicability of the Minute Order or Proposed Order to me personally would be in my capacity of CEO of Righthaven.

        b.    Gibson Has Not Been Noticed.

The last notice I received from Mangano regarding this case was the agreement reached to provide the Transcript to opposing counsel. No one has attempted to reach me personally at any level. Mangano has not communicated with Righthaven since at least the middle of February of 2012 and the last indication of Mangano was that he was going to comply with the submission of the Transcript. While random electronic notices residually may appear through my or my legal assistant's CM/ECF notice on certain Righthaven cases, they are not complete, and I do not exercise lawyerly review of any or all of them as I am not legally capable of addressing same and have relied on legal counsel to address same. I never received actual notice of the Order to Show Cause but I was aware of an upcoming order that may have addressed Mangano's failure to act but understood that, as is now clear, I was powerless as non-legal counsel to address.

What Dibiase has failed to set forth in the Proposed Order is the discussion in its own case law of the required notice: "Almost all of those circuits have agreed that one may be held in contempt only if the court's order is sufficiently specific as so as to put the alleged contemnor on notice. *U.S. v. Voss,* 2 F.3d 1521 (10th 1996) ("*Voss*"). Indeed, in *Voss*, the court found that the

-4-

1  contemnor's had "actual knowledge of the court orders."[4]  As such, as I have not had actual
2  notice of noncompliance with the Minute Order, it would be entirely inappropriate to hold me
3  personally in contempt.  Independently, as Mangano has failed to communicate with Righthaven,
4  despite Righthaven's fervent attempts to communicate with Mangano, Righthaven, as an entity,
5  has not received notice of noncompliance.  Indeed, as far as Righthaven knew, Mangano effected
6  all performance required of Righthaven as Mangano was the only one to possess the Transcript
7  and have knowledge of the other documents required.

        c.      <u>Gibson, in Gibson's capacity as CEO of Righthaven, Has Not Obstructed Any Order Or Failed to Cooperate</u>.

There has been no request made of me by Mangano that I did not fully cooperate with and I have, as CEO of Righthaven, at all times instructed Mangano to fully comply with all court orders to the best of Righthaven's ability.  I do not possess the Transcripts and I do not know what other documents the Defendants seek.  Other than by contacting opposing counsel in *Hoehn*, who presumably possesses the Transcript, I do not know of any means through which the Transcript can be obtained.

        d.      <u>Gibson is Not Properly Personally Liable</u>.

There are two persons responsible to this Court presently, one legal and one natural: Righthaven and Mangano.  Frankly, while I cannot represent Righthaven before the Court, given the professional irresponsibility of Mangano, it appears rather dubious that Righthaven should be sanctioned.  Mangano's failure is not Righthaven's failure and certainly not mine.

As I have had neither notice of unfulfilled requirements nor capability to personally appear before the Court without legal counsel, I was in no position to effect compliance with any Court order.

Granted, if Mangano requested of Righthaven's CEO production of the Transcript and other documents that Righthaven possessed and I somehow refused to comply, then certainly I should be held liable, but that is simply not the case before this Court.

---

[4] Please note that, in my *pro per* status, I do not have access to page citing references and I apologize to the Court for same. I have read these cases through free legal libraries that do not have comparable page references.

The case law cited by Dibiase does not support contempt.

Indeed, in *Voss* the court held: "an agent's inability to comply with a subpoena . . . due to circumstances beyond his or her control may constitute a defense to a contempt charge." I do not have the Transcript nor do I have access to it.

Moreover, the *N.L.R.B. v. Sequoia District Council of Carpenters* case (568 F. 2d 628 (9th Cir. 1997) ("*Sequoia*") is, at worst, supportive of no contempt against me and more aptly inapposite to this case. In *Sequoia*, agents of an entity that were the subject of an injunction that had actual knowledge of the injunction where held to be in contempt by disregarding the injunction. First, I have not disregarded anything. I do not have the Transcript nor do I know the other documents agreed to be provided. I reasonably believed that Mangano effectuated the simple task of providing same to opposing counsel. Second, I diligently tried to contact Mangano, to no avail. Third, it is in my personal benefit to have the Transcript and other documents provided to opposing counsel. I would love for them to have it. I simply have no means of effectuating same. Opposing counsel in *Hoehn* is prohibited from interfacing with me. I cannot interface with either Mangano or them. It would serve a gross injustice if additional Righthaven debtor's examinations were to occur and arguably prove an undue burden on myself under the present circumstances as already apparently ruled upon the Court as set forth in the Proposed Order.

*Colonial Williamsburg Foundation v. Kittinger Company*, 792 F. Suppl. 1397 (E.D. Va. 1992) ("*Kittinger*") is also totally unpersuasive of Diabiase's position. In *Kittinger*, there was actual knowledge of a consent judgment and/or discovery order that *Kittinger* repudiated. Unlike in *Kittinger*, which involved trademark infringement and the breach of the consent judgment provisions addressing same, in this case, there was no affirmative act on my part to breach any agreement. I simply do not have nor have I had access to the Transcript[5]. I am unaware of what other documents opposing counsel seeks.

Lastly, the *Laurins* case is supportive of my position. *United States v. Laurins*, 857 F.2d 529 (9th Cir. 1988) ("*Laurins*"). In *Laurins*, the person in arguable control of an entity actively

---

[5] Assuming that the Transcript was orderable, Righthaven has no funds to order same.

concealed documents in his home in contravention of a court order. I do not have the Transcript. Moreover, the Court made clear that difference between criminal and civil contempt indicating that punitive measures are in criminal contempt while civil contempt should merely prompt action. I am fully desiring of complying with a Court order, but unfortunately Mangano appears to be the only one presently capable of doing so.

### II.   *MANGANO SHOULD BE ORDERED TO APPEAR AND COMPLY*

#### a.   Mangano Has Not Filed A Motion To Withdraw.

To my knowledge, Mangano has not filed a motion to withdraw as legal counsel before this Court with respect to this case. As such, it would appear that Mangano remains professionally responsible as legal counsel and, frankly, as Righthaven is a limited liability company, the only person capable of being before the Court with respect to this subject matter.

#### b.   Mangano's Failures Are Unconscionable.

Mangano's failures to appear before this Court, to communicate with Righthaven and to communicate with opposing counsel are unconscionable. Up until Mangano became totally *incommunicado*, Righthaven fulfilled all payment obligations to Mangano. Mangano had no reason to believe that one or more of Righthaven's parents would not continue to make capital contributions to continue to fund Righthaven's prosecution of the its legal cases on the basis agreed to by Mangano.

It is Mangano's professional responsibility to conduct the interface with this Court and with opposing counsel on behalf of Righthaven. Righthaven's CEO is simply not in a position to conduct such activities nor is permitted to do so.

It should have been a matter of relative convenience for Mangano to comply with this Court's orders in providing the Transcript after acquiring same from opposing counsel. Indeed, opposing counsel should have provided such transcript in the spirit of compliance with this Court's orders. The prejudice and inconvenience to the Court and all parties based upon Mangano's inactivity are substantial. I simply cannot do what Mangano was supposed to do.

   c. <u>Any Withdrawal Attempt Would Be Unfounded and Unduly Prejudicial</u>.

Needless to emphasize, Righthaven needs its legal counsel and cannot interface with the Court without legal counsel. Righthaven does not independently communicate with the Court or with opposing counsel. Righthaven does not receive reliable notice of the happenings of the Court without legal counsel nor should it be expected to receive same. Righthaven has upheld its obligations and there is no basis for Mangano to not uphold his.

## IV. **CONCLUSION**

For the reasons set forth herein, Steven A. Gibson respectfully requests that this Court deny the Proposed Order in its entirety as to Steven A. Gibson and Order Righthaven's legal counsel to comply with all pending orders forthwith. Steven A. Gibson further respectfully requests that if any additional efforts on the part of him are required, that he be afforded a hearing before the Court with respect to the parameters of same.

Respectfully submitted this 26th day of March, 2012.

      By: /s/ Steven A. Gibson
         STEVEN A. GIBSON
         *NON-PARTY, IN PRO PER*

**CERTIFICATE OF SERVICE**

Pursuant to Local Rule 5 of this Court, I certify that on this 26th day of March, 2012, I caused a correct copy of the foregoing **NON-PARTY STEVEN A. GIBSON'S RESPONSE TO DEFENDANT THOMAS A. DIBIASE'S [PROPOSED] ORDER FINDING RIGHTHAVEN IN CONTEMPT OF COURT AND IMPOSING SANCTIONS** to be served via CM/ECF to:

Colleen Bal, Esq.  
cbal@wsgr.com

Shawn A. Mangano, Esq.  
shawn@manganolaw.com

Chad A. Bowers, Esq.  
bowers@lawyer.com

Kurt Opsahl, Esq.  
kurt@eff.org  
Corynne McSherry, Esq.  
corynne@eff.org

/s/ Steven A. Gibson  
Steven A. Gibson