SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
SHAWN A. MANGANO, LTD.
8367 West Flamingo Road, Suite 100
Las Vegas, Nevada 89147
(702) 683-4788 – telephone
(702) 922-3851 – facsimile

*Attorney for Righthaven LLC*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS A. DIBIASE, an individual,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIM | Case No.: 2:10-cv-01343-RLH-PAL<br><br>**MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR RIGHTHAVEN LLC** |

　　　　Shawn A. Mangano, Esq., of the law firm Shawn A. Mangano, Ltd. ("Counsel"), hereby respectfully moves the Court to withdraw as counsel of record for Plaintiff and Counter-defendant Righthaven LLC ("Righthaven") pursuant to LR IA 10-6 and Nevada Rule of Professional Conduct 1.16 ("Rule 1.16"). This motion to withdraw is based on the below Memorandum of Points and Authorities, the declaration of Shawn A. Mangano, Esq., the pleadings and papers on file in this action, any permitted oral argument and on any other matter of which this Court takes notice.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Counsel seeks approval from this Court to withdraw as counsel of record for Righthaven on several grounds. Each of these grounds justifies withdrawal from representation under LR IA 10-6 and Rule 1.16.

To begin with, Counsel has found himself in the unenviable position of being attorney of record in this matter for a client that has been, and continues to be, under the control of a court appointed receiver. The receiver has taken numerous actions, all of which appear to be within the scope of the powers enumerated by the appointing court's order, that literally place Counsel in limbo as to whom he is obligated to take direction from in this case and in other pending cases. The receiver has fired Counsel's former client representative, Steven A. Gibson, from Righthaven. The receiver has also engaged new appellate counsel and has authorized the dismissal of Righthaven's pending appeals before the Ninth Circuit. In sum, while Counsel is listed as being attorney of record for Righthaven, the receiver has, and is, dictating how to proceed with the company's litigation with the goal of marshaling assets that in no way reflects the original scope of Counsel's representation.

Withdrawal is also warranted because there is a fundamental disagreement between the course of actions insisted be taken by Counsel's client representative and those of the receiver. Counsel has diligently challenged the receiver's appointment and has sought stay relief of the judgment being enforced several times before the district court and the Ninth Circuit. These efforts failed. Nevertheless, Counsel's client representative repeatedly requested that the receiver's appointment continue to be challenged. Concurrently, the receiver requested action be taken that was at odds with the client representative's desires. As a result, Counsel has been faced with conflicting courses of action between his client representative and the receiver. This has resulted in Counsel being threatened with contempt proceedings if he did not comply with the receiver's demands as authorized by court order. Since the receiver has fired Counsel's client representative from Righthaven, he has been forced to relinquish control of this case to the

receiver. These circumstances justify Counsel's withdrawal as attorney of record for Righthaven under Rule 1.16(b)(4).

Withdrawal is further warranted because Righthaven has long since breached its payment obligations under its engagement agreement with Counsel. In or about August 2011, Righthaven and Counsel agreed to defer a significant portion of the company's monthly flat fee payment for legal services until the end of the year. At the end of the year, Righthaven did not honor its obligation to satisfy the amount owed for these deferred legal services. In or about February 2012, Righthaven ceased making any payments owed under its engagement agreement with Counsel. Righthaven's breaches of the foregoing obligations justifies authorizing Counsel's withdrawal as attorney of record in this case under Rule 1.16(b)(5) and (6).

## II.  ARGUMENT

### A.  LR IA 10-6 Authorizes Counsel's Withdrawal.

Counsel's request to withdraw as attorney of record is fully justified under LR IA 10-6.

LR IA 10-6(b) authorizes the withdrawal of counsel after notice is provided to the client and to opposing counsel. LR IA 10-6(e) cautions that withdrawal should not be approved if doing so would result in the proceedings or discovery being delayed.

Here, Counsel has served a copy of this motion upon opposing counsel, the receiver and his former client representative. Thus, Counsel has complied with the requirements of LR IA 10-6(b). Counsel's proposed withdrawal also complies with LR IA 10-6(e) because this action is closed and Righthaven can continue to be represented by the receiver or counsel of her selection. Accordingly, Counsel's request to withdraw fully complies with LR IA 10-6.

### B.  Rule 1.16 Justifies Counsel's Withdrawal From Representation.

The circumstances presented to the Court clearly justify granting Counsel's request to withdraw from representing Righthaven in this action under the provisions of Rule 1.16.

First, Rule 1.16(7) justifies authorizing Counsel's withdrawal from this action because good cause exists to do so. In essence, the nature of counsel's engagement has materially changed from a copyright enforcement action to occasionally interacting with the receiver on matters related to the marshaling of company assets. These circumstances have caused Counsel

considerable confusion over the role of his representation of Righthaven. The receiver is more than competent to continue acting pursuant to the powers authorized under the court order that appointed her. The receiver can, and has, engaged new counsel to represent Righthaven in legal affairs. This can also be done with regard to this action without the need for Counsel to continue on as attorney of record. Accordingly, good cause exists for granting Counsel's request to withdraw from representing Righthaven in this case under Rule 1.16(7).

Counsel's request to withdraw is also authorized under Rule 1.16(4), which permits such action when a desired course of action is in fundamental disagreement with that of the attorney of record. Here, Counsel's client representative continues to challenge the receiver's authority. This was also the case after Righthaven's numerous stay relief requests were denied by the district court and by the Ninth Circuit. In contrast, the receiver has requested action be taken pursuant to the court order under which she was appointed. As a result, Counsel has been stuck in the middle between abiding by the receiver's judicially authorized requests and facing the scorn and ridicule of his client representative. On several occasions, Counsel has been advised that contempt would be sought against him if he did not comply with the receiver's requests. These circumstances fully justify Counsel's withdrawal under Rule 1.16(4).

Finally, Counsel's request to withdraw is justified under Rule 1.16(5) and (6). Rule 1.16(5) authorizes withdrawal when the client has substantially failed to fulfill an obligation owed to its counsel. Rule 1.16(6) authorizes withdrawal when continuing representation would pose an unreasonable financial burden on counsel. With regard to Rule 1.16(5), Righthaven has substantially failed to honor the terms of its engagement agreement with Counsel in several aspects. First, Righthaven agreed to bring current certain deferred monthly legal fees by the end of 2011. It failed to do so despite promises that it would make payment. Second, Righthaven has failed to make any payments under its engagement agreement with Counsel since approximately February 2012. The company has made absolutely no payments for numerous months. Accordingly, Counsel's request to withdraw as attorney of record for Righthaven in this case is fully warranted under Rule 1.16(5).

With regard Rule 1.16(6), continuing to represent a non-paying client would pose an unreasonable financial burden on Counsel. Over the last several months, Counsel has been required to help his elderly mother recover from several hospitalizations and heart-related surgical procedures. Counsel simply cannot bear the burden of continuing to represent Righthaven without compensation while he cares for his mother and does his best to maintain his legal practice.  Accordingly, Rule 1.16(6) also justifies Counsel's request to withdraw as counsel of record for Righthaven in this matter.

### III. CONCLUSION

For the foregoing reasons, Shawn A. Mangano, of the law firm Shawn A. Mangano, Ltd., respectfully requests the Court grant this motion to withdraw as counsel of record for Righthaven.

Dated this 9th day of October 2012.

SHAWN A. MANGANO, LTD.

By: /s/ Shawn A. Mangano
SHAWN A. MANGANO, ESQ.
shawn@manganolaw.com
8367 West Flamingo Road, Suite 100
Las Vegas, Nevada 89147

### CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that on this 9th day of October 2012, I caused a copy of the foregoing document to be served by the Court's CM/ECF system.

SHAWN A. MANGANO, LTD.

By: /s/ Shawn A. Mangano
SHAWN A. MANGANO, ESQ.