SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
SHAWN A. MANGANO, LTD.
8367 West Flamingo Road, Suite 100
Las Vegas, Nevada 89147
(702) 683-4788 – telephone
(702) 922-3851 – facsimile

*Attorney for Righthaven LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company, | Case No.: 2:10-cv-01343-RLH-PAL |
| Plaintiff, | **DECLARATION OF SHAWN A. MANGANO, ESQ. IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR RIGHTHAVEN LLC** |
| v. | |
| THOMAS A. DIBIASE, an individual, | |
| Defendant. | |
| AND RELATED COUNTERCLAIM | |

I, SHAWN A. MANGANO, declare, under penalty of perjury, that the following is true and correct:

1.      I am counsel of record for Righthaven LLC ("Righthaven") in this matter. I have personal knowledge of the facts set forth herein, except for those statements made upon information and belief, and as to those facts, I believe them to be true.  I am over eighteen years old and I am competent to testify to the matters set forth herein.

2.      This declaration is submitted in support of my Motion to Withdraw as Counsel of Record for Righthaven LLC.

3.      I seek approval from this Court to withdraw as counsel of record for Righthaven on several grounds. Each of these grounds justifies withdrawal from representation under LR IA 10-6 and Nevada Rule of Professional Conduct 1.16 ("Rule 1.16").

4.      To begin with, I have found myself in the unenviable position of being attorney of record in this matter for a client that has been, and continues to be, under the control of a court appointed receiver.  The receiver has taken numerous actions, all of which appear to be within the scope of the powers enumerated by the appointing court's order, that have literally placed me in limbo as to whom I am obligated to take direction from in this case and in other pending cases. The receiver has fired my former client representative, Steven A. Gibson, from Righthaven. The receiver has also engaged new appellate counsel and has authorized the dismissal of Righthaven's pending appeals before the Ninth Circuit. In sum, while I am listed as being attorney of record for Righthaven, the receiver has, and is, dictating how to proceed with the company's litigation with the goal of marshaling assets that in no way reflects the original scope of my representation. I believe these circumstances justify my withdrawal as counsel of record for Righthaven under Rule 1.16(7).

5.      I believe that withdrawal is also warranted under Rule 1.16(4) because there is a fundamental disagreement between the course of actions insisted be taken by my client representative and those of the receiver. I have diligently challenged the receiver's appointment and I have sought stay relief of the judgment being enforced several times before the district court and the Ninth Circuit. These efforts have failed. Nevertheless, my client representative has repeatedly requested that the receiver's appointment continue to be challenged. Concurrently, the receiver has requested that I take action that has been at odds with my client representative's desires.  As a result, I have been faced with conflicting courses of action between my client representative and the receiver. This has resulted in me being threatened with contempt proceedings if I did not comply with the receiver's demands as authorized by court order. Since the receiver has fired my client representative from Righthaven, I have been forced to relinquish control of this case to the receiver. These circumstances justify authorizing me to withdraw as attorney of record for Righthaven under Rule 1.16(b)(4).

6.      My withdrawal as counsel of record in this action is further warranted because Righthaven has long since breached its payment obligations under its engagement agreement with my firm. In or about August 2011, Righthaven and I agreed to defer a significant portion of the company's monthly flat fee payment for legal services until the end of the year. At the end of the year, Righthaven did not honor its obligation to satisfy the amount owed for these deferred legal services. In or about February 2012, Righthaven ceased making any payments owed under its engagement agreement with my firm. These circumstances justify authorizing my withdrawal as attorney of record in this case under Rule 1.16(b)(5).

7.      With regard Rule 1.16(6), continuing to represent a non-paying client would pose an unreasonable financial burden on me. Over the last several months, I have been required to help my elderly mother recover from several hospitalizations and heart-related surgical procedures. I simply cannot bear the burden of continuing to represent Righthaven without compensation while caring for my mother. I have done the best I can under these circumstances to maintain my legal practice. I doubt I could do so if I were required to continue to represent Righthaven in this case. Accordingly, Rule 1.16(6) also justifies my request to withdraw as counsel of record for Righthaven in this matter.

Signed and affirmed this 9th day of October under the penalty of perjury.


/s/ Shawn A. Mangano_____
Shawn A. Mangano

3

1

## **CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that on this 9th day of October 2012, I caused a copy of the foregoing document to be served by the Court's CM/ECF system.

SHAWN A. MANGANO, LTD.

By: /s/ Shawn A. Mangano
SHAWN A. MANGANO, ESQ.