STEVEN A. GIBSON
steven.gibson@cox.net

*NON-PARTY, IN PRO PER*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

RIGHTHAVEN LLC, a Nevada limited-liability company,

         Plaintiff,

    vs.

THOMAS A. DIBIASE, an individual,

         Defendant.

_____

THOMAS A. DIBIASE, an individual,

         Counterclaimant,

    vs.

RIGHTHAVEN LLC, a Nevada limited-liability company,

         Counter-defendant.

Case No.: 2:10-CV-01343-RLH-PAL

**DECLARATION OF NON-PARTY STEVEN A. GIBSON**

    I, Steven A. Gibson, hereby declare on this 15th day of October, 2012, under pains and penalties of perjury as follows:

    1.    I am currently CEO of Righthaven LLC ("Righthaven").  I have personal knowledge of the facts set forth herein.  I am over eighteen years old and I am competent to testify to the matters set forth herein.

    2.    This declaration is submitted in relation to Righthaven's legal counsel's filing of his declaration in support of Righthaven's Response to Order to Show Cause [Docket #115].

3.     Shawn A. Mangano, Esq. ("Mangano") is Righthaven's legal counsel and has been so at all times relevant to the Order to Show Cause.

4.     Mangano currently has, and at all times relevant had, possession, in a location undisclosed to myself, Righthaven's computers and related equipment.

5.     Mangano was fully paid prior to the time that Mangano ceased having communications with me.

6.     Mangano has refused to respond to emails, phone calls and mail since at least February of this year.

7.     Mangano has failed to perform numerous responsibilities as legal counsel for Righthaven, including, without limitation, failing to file necessary documents, failing to appear in court, failing to communicate with Righthaven, and failing to disclose to me the status of his handling of this case.

8.     Mangano specifically did not reveal or disclose the terms of the "February Stipulation" to which he refers and the circumstances surrounding same, including, without limitation, the issues associated with acquisition of the transcript of the debtor's examination, although I did have a general understanding from him that I was not required to do anything further.

9.      I never instructed Mangano to do anything but abide by the receiver's requests to the extent that they were capable of being complied with, but did indicate that Righthaven should preserve every argument regarding whether this Court's jurisdiction to appoint the receiver was proper as this Court appeared to rule that it did not have subject matter jurisdiction over this case.

10.    Mangano, in fact, prepared legal briefs arguing repeatedly, with apparent substantial legal support, that this Court did not have jurisdiction to appoint a receiver or issue attorneys' fees awards to the extent that this Court declined subject matter jurisdiction.

11.    Mangano never even impliedly indicated that he felt that he could not continue as counsel due to any disagreement with anyone at Righthaven.

12.    Mangano only claimed that (prior to the time he became totally uncommunicative), due to his sick relative, he needed patience regarding his, at times, inability to communicate.

1

2          Signed under the pains and penalties of perjury in the United States of America and the

3     State of Nevada, October 15, 2012.

4

5                                              By:    /s/ Steven A. Gibson

6                                                     STEVEN A. GIBSON
                                                      *NON-PARTY, IN PRO PER*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

Pursuant to Local Rule 5 of this Court, I certify that on this 15th day of October, 2012, I caused a correct copy of the foregoing **DECLARATION OF NON-PARTY STEVEN A. GIBSON** to be served via CM/ECF to all parties.

/s/ Steven A. Gibson
Steven A. Gibson