**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RIGHTHAVEN, LLC, | Case No. 2:10-cv-1343-RLH-PAL |
| Plaintiff, | **ORDER** |
| vs. | (Mtn to Withdraw - Dkt. #116) |
| THOMAS A. DIBIASE, | (Mtn to Substitute - Dkt. #122) |
| Defendant. | |

This matter is before the court on the Motion to Withdraw as Attorney of Record for Righthaven LLC (Dkt. ##116) and Motion to Substitute (Dkt. #122) filed by Plaintiff. The court has considered the Motions.

**BACKGROUND**

On January 24, 2012, the court held a hearing on Defendant's Motion for Judgment Debtor Examination ("JDE") (Dkt. #98). At the hearing, Mr. Mangano agreed to produce a copy of the transcript of the January 9, 2012, JDE of Plaintiff's Chief Executive Officer, Steve Gibson, and Raisha Gibson, Plaintiff's Chief Administrative Officer taken in *Righthaven v. Hoehn,* Case No. 2:11-cv-00050-PMP-RJJ in lieu of taking a second JDE in this matter. Based upon Mr. Mangano's agreement, the court denied Defendant's Motion for JDE as moot and without prejudice. *See* Minutes of Proceeding (Dkt. #101). The court directed the parties to submit a proposed stipulation summarizing their agreement about document production by January 27, 2012. *Id.* The parties conferred, and counsel for Plaintiff stipulated to produce: (a) documents produced in *Hoehn* and the *Hoehn* JDE transcript by February 7, 2012; and (b) all remaining documents by February 14, 2012. *See* Notice (Dkt. #102); Affidavit of Kurt Opsahl, attached as Exhibit 1 to Defendant's Motion for Order to Show Cause (Dkt. #106). Defense counsel prepared a stipulation memorializing this agreement and sent it to

Plaintiff's counsel to review. *Id.* Plaintiff's counsel added a paragraph that Plaintiff might be unable to produce some of the requested documents by February 14, 2012. *Id.* Defense counsel agreed to adding language requiring Plaintiff to submit a declaration detailing its good faith efforts to comply, and returned the proposed stipulation to Plaintiff's counsel. *Id.* Plaintiff's counsel did not respond after this proposed revision, despite defense counsel's attempts to contact him on January 26 and 27, 2012. *Id.*

Based on Defendant's Notice (Dkt. #102), the court set a status hearing on February 9, 2012. *See* Dkt #103. On February 6, 2012, counsel filed the Stipulation (Dkt. #104), and the court approved it in an Order (Dkt. #105) entered February 7, 2012. That Order outlines Plaintiff's document production obligations. Additionally, it recognizes that Plaintiff's computer server is inaccessible because it is disconnected from power, the internet, and any other computer network; however, it memorializes Plaintiff's agreement to: (a) make a good faith effort to access the server to complete the document production; and (b) provide a sworn declaration describing such efforts if it cannot comply with its production deadlines. *See* Order (Dkt. #105) at ¶ 6.

On February 27, 2012, Defendant filed a Motion for Order to Show Cause (Dkt. #106), asserting that Plaintiff had not complied with the Stipulation, and on February 8, 2012, Plaintiff produced only redacted copies of some of its bank statements. Defendant did not receive the *Hoehn* deposition transcript or other documents outlined in the Order (Dkt. #105). *See* Opsahl Declaration at ¶6. On February 15, 2012, counsel for Defendant wrote to Mr. Mangano, requesting Plaintiff comply with the Order (Dkt. #105). Mr. Mangano responded that he would respond "as soon as possible. If I can do so today, I will." Opsahl Declaration at ¶9. Defense counsel attempted to contact Plaintiff's counsel three additional times, without response. *Id.* at ¶10. In an Order (Dkt. #107) entered March 2, 2012, the court ordered Plaintiff to show cause in writing and set a hearing regarding Defendant's request for sanctions. *See* Order (Dkt. #107). Neither Plaintiff nor Mr. Mangano appeared. *See* Minutes of Proceeding (Dkt. #108). Defense counsel submitted a Proposed Order (Dkt. #109) regarding the requested sanctions.

On September 18, 2012, the court scheduled a hearing on Defendant's Proposed Order. *See* Order (Dkt. #113). Plaintiff filed a Response (Dkt. #113), supported by Mr. Mangano's Affidavit, on

1  October 3, 2012.  Mr. Mangano filed the first Motion to Withdraw (Dkt. #116) on October 9, 2012.
2  The court held a status conference on October 16, 2012, regarding production of Plaintiff's computers
3  in a storage facility and ordered Plaintiff to make the computers available for inspection by Defendant's
4  forensic expert.  *See* Minutes of Proceeding (Dkt. #121).  The court denied Defendant's request for
5  sanctions against Mr. Mangano.  *Id.*  The court informed Mr. Mangano that his Motion to Withdraw
6  would not be granted until arrangements were made for Defendant's forensic inspection of Plaintiff's
7  computers.  *Id.*

8  On October 30, 2012, Plaintiff filed a Motion to Substitute Counsel (Dkt. #122) seeking to
9  substitute Michael Muskin in the place and stead of Mr. Mangano.  On November 4, 2012, Mr.
10 Mangano filed a Notice of Compliance (Dkt. #125), indicating that defense counsel did not ask to
11 inspect Plaintiff's computers during the fourteen-day period set forth in the court's Minute Order (Dkt.
12 #121).  *See* Notice of Compliance (Dkt. #125).  Mr. Mangano represents that he has surrendered all
13 computers in storage to Mr. Mushkin's office.  *Id.*  Additionally, he advised defense counsel of the
14 computers' new location and directed defense counsel to coordinate an inspection with Mr. Mushkin.
15 *Id.*  Defendant did not respond to Mr. Mangano's Notice of Compliance.

16 Most recently, on November 5, 2012, the court entered an Order (Dkt. #126) approving the
17 parties' Stipulation (Dkt. #124) that Defendant could review information contained on Plaintiff's
18 computers in its entirety, and Defendant would not assert Plaintiff had waived any privilege by
19 complying with the court's Order (Dkt. #116) directing Plaintiff to permit Defendant to conduct a
20 forensic inspection of the computers.  *See* Order (Dkt. #126).  As discussed at the hearing the purpose
21 of this stipulation was to save Plaintiff the expense of reviewing the content of the computers and
22 producing a privilege log for any documents deemed privileged.

**DISCUSSION**

24 As an initial matter, Mr. Mangano's understanding of the court's Order (Dkt. #121) as set forth
25 in the Notice of Compliance is incorrect to the extent it asserts Defendant was required to conduct its
26 forensic inspection of Plaintiff's computers within fourteen days of the Order.  The Minutes of
27 Proceeding provide that "[w]ithin fourteen days of [October 30, 2012], Plaintiff will disclose the
28 location of the computers in question and make them available for Defendant's forensic computer

expert to examine them." The fourteen day period set forth in the Order was the deadline by which Mr. Mangano had to disclose the computers' location and make the computers available for inspection by Defendant's expert. It was not a deadline for Defendant's expert to complete a forensic inspection of the computers.

With respect to Plaintiff's Motion to Substitute Counsel (Dkt. #122), Local Rule IA 10-6(c) requires that any stipulation to substitute attorneys shall be by leave of court and shall bear the signature of the attorneys and the client represented. It provides that the signature of an attorney to substitute into a case "constitutes an express acceptance of all dates then set for pretrial proceedings, for trial or hearing, by the discovery plan, or in any court order." LR IA 10-6(d) also provides that the substitution of an attorney "shall not alone be reason for delay of pretrial proceedings, discovery, the trial, or any hearing in this case."

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion to Substitute Counsel (Dkt. #122) is GRANTED, subject to the provisions of LR IA 10-6. Mr. Michael Mushkin is substituted as counsel for Plaintiff in the place and stead of Mr. Mangano.

2. Mr. Mangano's Motion to Withdraw as Attorney (Dkt. #116) is GRANTED, and Mr. Mangano is relieved as counsel of record in this case.

Dated this 14th day of November, 2012.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE